UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------- x
CHRISTOPHER HART, JEFFREY BEYER, MARIA   :
SARGENT, TAYLOR RAMSEY, ANDREA           :
RANDLETT AND SHELLY CARRERA, *on behalf of*  :
*themselves and all other employees similarly situated,*  :
                                         :  Civ. Action No.13 CV 6458 (CJS)
                Plaintiffs,              :
                                         :
        – against –                      :
                                         :
CRAB ADDISON, INC. d/b/a JOE'S CRAB SHACK,  :
IGNITE RESTAURANT GROUP, INC., RAYMOND   :
A. BLANCHETTE III, KEVIN COTTINGIM and   :
RODNEY MORRIS,                           :
                                         :
                Defendants.              :
                                         :
------------------------------------------------------- x

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
RAYMOND BLANCHETTE III'S MOTION TO DISMISS OR,
ALTERNATIVELY, TO TRANSFER VENUE**

EPSTEIN BECKER & GREEN, P.C.
250 Park Avenue
New York, NY 10177
(212) 351-4500
*Attorneys for Defendant*
*Raymond A. Blanchette III*

FIRM:24118451v1

## TABLE OF CONTENTS

PAGE(S)

Preliminary Statement ................................................................................................... 1

Facts ............................................................................................................................. 2

Argument ..................................................................................................................... 2

    PLAINTIFFS' CONCLUSORY ALLEGATIONS ARE INSUFFICIENT
    TO ESTABLISH THAT BLANCHETTE IS AN "EMPLOYER" ......................... 2

Conclusion ................................................................................................................... 4

## TABLE OF AUTHORITIES

**PAGE(S)**

**CASES**

*Herman v. RSR Sec. Servs.*,
172 F.3d 132 (2d Cir. 1999)......................................................................................................2

*Irizarry v. Catsimatidis*,
722 F.3d 99 (2d Cir. 2013).....................................................................................................2, 3

*Tracy v. NVR, Inc.*,
No. 04-cv-6541L, 2009 U.S. Dist. LEXIS 90778 (W.D.N.Y. Sept. 30, 2009),
*adopted in part*, 667 F. Supp. 2d 244 (W.D.N.Y. 2009) .......................................................2, 3

FIRM:24118451v1

Defendant Raymond A. Blanchette III ("Blanchette") respectfully submits this memorandum in support of his motion to dismiss the complaint with prejudice or, alternatively, to transfer this action to the United States District Court for the Southern District of Texas in Houston, where the corporate defendants' headquarters are located, and where Blanchette works and lives.

## PRELIMINARY STATEMENT

In this tip-credit action, six former employees of Joe's Crab Shack are pursuing a putative collective action under the Fair Labor Standards Act ("FLSA") and a Rule 23 class action under the state wage laws of Arizona, Illinois, Maryland, Missouri and New York.

On October 8, 2013, defendants Crab Addison, Inc. d/b/a Joe's Crab Shack ("Crab Addison") and Ignite Restaurant Group, Inc. ("Ignite") (collectively, the "corporate defendants"), filed a motion to dismiss or, in the alternative, to transfer venue[1]. (*See* Docket Entry Nos. 23-26.) On October 22, 2013, Defendant Rodney Morris ("Morris") filed a motion to dismiss, which incorporated the arguments in the corporate defendants' motion[2]. (*See* Docket Entry Nos.

---

[1] The corporate defendants argued that the FLSA and state law wage claims should be dismissed because plaintiffs failed to satisfy the specific pleading requirements recently enunciated by the Second Circuit. The corporate defendants further argued that plaintiffs' state law claims should be dismissed, as they fail to satisfy the commonality and predominance requirements of Rule 23. Finally, the corporate defendants argued that if their motion to dismiss was denied or plaintiffs were permitted to replead, this action should be transferred to the Southern District of Texas, in Houston, where their headquarters are located, where three of the individual defendants work and two reside, and where key witnesses and records are located.

[2] Defendant Morris incorporated by reference all arguments made by the corporate defendants in its motion, and additionally argued that plaintiffs failed to plead any plausible facts by which Morris, an Ignite senior executive, could be found liable as an "employer" of tens of thousands of tipped employees who worked at one of Joe's Crab Shack 136 restaurants located in 33 states.

30, 31.) By this motion, Blanchette incorporates the arguments in both the corporate defendants' and Morris' motions seeking dismissal of the complaint for the same reasons[3].

## FACTS[4]

Ignite and Crab Addison own and operate 136 restaurants under the brand name "Joe's Crab Shack" in 33 states, which employ, on average, about 10,000 employees each year. The corporate defendants' headquarters are located in Houston, Texas, where their executive offices, human resources, payroll, financial, marketing, and IT functions are located. (Simpson Dec. ¶¶ 3, 4, 5; Cmpl. ¶¶ 83-85, 100-121). Blanchette is Chief Executive Officer of Ignite, and works in its Houston headquarters. He has ultimate management authority over Joe's Crab Shack, and Ignite's two other restaurant brands, Romano's Macaroni Grill and Brick House Tavern + Tap, which combined operate 329 restaurants located in 36 states and 10 countries[5].

## ARGUMENT

### PLAINTIFFS' CONCLUSORY ALLEGATIONS ARE INSUFFICIENT TO ESTABLISH THAT BLANCHETTE IS AN "EMPLOYER"

Blanchette should be dismissed from this lawsuit, as he is not an "employer" within the meaning of the FLSA, or the laws of Arizona, Illinois, Maryland, Missouri, or New York[6].

---

[3] In addition, Blanchette incorporates the arguments in the corporate defendants' opposition to plaintiffs' Motion for Expedited Notice Pursuant to the Fair Labor Standards Act, filed October 24, 2013 (Document #35).

[4] The facts are set forth in the declaration of Patricia Simpson, dated October 7, 2013 ("Simpson Dec.") (*See* Docket Entry No. 24), and in the Complaint ("Cmpl.").

[5] *See* http://joescrabshack.com/locations; http://www.macaronigrill.com/locations; http://brickhousetavernandtap.com/locations/.

[6] As discussed in the memoranda in support of the corporate defendants' and Morris' motions to dismiss, the wage-hour laws of Arizona, Illinois, Maryland, Missouri, and New York apply versions of the test used to determine whether a defendant has actual control over the employment of an individual that are nearly identical to that of the FLSA.

For a corporate executive to be an "employer," he must "possess control over a company's actual 'operations' that relates to a plaintiff's employment." *Irizarry v. Catsimatidis*, 722 F.3d 99, 109 (2d Cir. 2013); *Herman v. RSR Sec. Servs.*, 172 F.3d 132, 140 (2d Cir. 1999). "Evidence that an individual is an owner or officer of a company, or otherwise makes corporate decisions that have nothing to do with an employee's function, is insufficient to demonstrate 'employer' status." *Irrizary*, 722 F.3d at 109; *see also Tracy v. NVR, Inc.*, No. 04-cv-6541L, 2009 U.S. Dist. LEXIS 90778, at *13 (W.D.N.Y. Sept. 30, 2009) (Payson, J.), *adopted in part*, 667 F. Supp. 2d 244, 247 (W.D.N.Y. 2009) (Larimer, J.).

In *Irizarry*, the Second Circuit found that defendant chairman, president, and CEO of 35 supermarkets was an "employer", where he regularly visited stores, interacted with store employees, and addressed problems specific to individual stores. Accordingly, the Court found that the individual defendant's "active exercise of overall control . . . his supervision of managerial employees, . . . and his actions in individual stores -- demonstrate that he was an 'employer.'" 722 F.3d at 117.

Here, plaintiffs' conclusory allegations against Blanchette fail to demonstrate that he exercised any active control over tipped employees, or reference any purported "policy," which is the relevant issue in the complaint. In sharp contrast to the facts in *Irizarry*, the complaint cites examples of Blanchette's high-level corporate-wide decision-making, such as branding campaigns, outsourcing accounting and payroll, implementation of the Affordable Care Act, and across-the-board reductions in force after a major acquisition. (Cmpl. ¶¶ 102-105). While these decisions are certainly important to the corporation and its shareholders, they are wholly irrelevant to plaintiffs' claims. Indeed, the complaint fails to allege anything about Blanchette's involvement in the assignments of tipped employees to non-tip tasks, or any allegations linking

Blanchette to the formulation or implementation of any alleged "policy" to underpay servers – which is the essence of the complaint. Moreover, that Blanchette is the CEO of a company owning three immense restaurant brands – which together operate 329 restaurants in 36 states and 10 countries – makes it even more implausible that he is involved in the day-to-day minutia of the work schedules and assignments of individual servers.

## CONCLUSION

For the foregoing reasons, and those set forth in the memoranda of law submitted by the corporate defendants and Morris, the complaint should be dismissed against Blanchette in its entirety. Alternatively, venue of this action should be transferred to the Southern District of Texas in Houston for all further proceedings.

New York, New York
November 21, 2013

                                           Respectfully submitted,
                                           EPSTEIN BECKER & GREEN, P.C.

                                           By:  /s/ Kenneth J. Kelly
                                                 Kenneth J. Kelly
                                                 Jeffrey H. Ruzal
                                           250 Park Avenue
                                           New York, New York  10177-1211
                                           (212) 351-4500
                                           Attorneys for Defendant
                                           Raymond A. Blanchette III

Of Counsel:

Michael S. Kun, Esq.
Epstein Becker & Green, P.C.
1925 Century Park East
Suite 500
Los Angeles, CA 90067-2506
(310) 556-8861

4

FIRM:24118451v1