UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
CHRISTOPHER HART, JEFFREY BEYER, MARIA
SARGENT, TAYLOR RAMSEY, ANDREA
RANDLETT AND SHELLY CARRERA, *on behalf of
themselves and all other employees similarly situated*,

                    Plaintiffs,

            – against –

CRAB ADDISON, INC. d/b/a JOE'S CRAB SHACK,
IGNITE RESTAURANT GROUP, INC., RAYMOND
A. BLANCHETTE III, KEVIN COTTINGIM and
RODNEY MORRIS,

                    Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Civ. Action No.: 13 CV 6458 (CJS)

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT KEVIN COTTINGIM'S MOTION TO DISMISS OR, ALTERNATIVELY, TO TRANSFER VENUE

                                EPSTEIN BECKER & GREEN, P.C.
                                250 Park Avenue
                                New York, NY 10177
                                (212) 351-4500
                                *Attorneys for Defendant*
                                *Kevin Cottingim*

FIRM:24234813v1

## TABLE OF CONTENTS

**PAGE(S)**

i

ii

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Herman v. RSR Sec. Servs.*,
　172 F.3d 132 (2d Cir. 1999) ................................................................................................. 3, 4

*Irizarry v. Catsimatidis*,
　722 F.3d 99 (2d Cir. 2013) ................................................................................................ 3, 4, 6

*Manning v. Boston Reg'l Med. Ctr., Inc.*,
　725 F.3d 34 (1st Cir. 2013) ..................................................................................................... 4-5

*Tracy v. NVR, Inc.*,
　667 F. Supp. 2d 244 (W.D.N.Y. 2009) ...................................................................................... 5

Defendant Kevin Cottingim ("Cottingim") respectfully submits this memorandum in support of his motion to dismiss the complaint with prejudice or, alternatively, to transfer this action to the United States District Court for the Southern District of Texas in Houston, where the corporate defendants' headquarters are located, and where Cottingim works.

**PRELIMINARY STATEMENT**

In this tip-credit action, six former employees of Joe's Crab Shack are pursuing a putative collective action under the Fair Labor Standards Act ("FLSA") and a Rule 23 class action under the state wage laws of Arizona, Illinois, Maryland, Missouri and New York.

On October 8, 2013, defendants Crab Addison, Inc. d/b/a Joe's Crab Shack ("Crab Addison") and Ignite Restaurant Group, Inc. ("Ignite") (collectively, the "corporate defendants"), filed a motion to dismiss or, in the alternative, to transfer venue.[1] (*See* Docket Entry Nos. 23-26.)

On October 22, 2013, Defendant Rodney Morris ("Morris") filed a motion to dismiss, which incorporated the arguments in the corporate defendants' motion.[2] (*See* Docket Entry Nos. 30-31.)

---

[1] The corporate defendants argued that the FLSA and state law wage claims should be dismissed because plaintiffs failed to satisfy the specific pleading requirements recently enunciated by the Second Circuit. The corporate defendants further argued that plaintiffs' state law claims should be dismissed, as they fail to satisfy the commonality and predominance requirements of Rule 23. Finally, the corporate defendants argued that if their motion to dismiss was denied or plaintiffs were permitted to replead, this action should be transferred to the Southern District of Texas, in Houston, where their headquarters are located, where three of the individual defendants work and two reside, and where key witnesses and records are located.

[2] Defendant Morris incorporated by reference all arguments made by the corporate defendants in its motion, and additionally argued that plaintiffs failed to plead any plausible facts by which Morris, an Ignite senior executive, could be found liable as an "employer" of tens of thousands of tipped employees who worked at one of Joe's Crab Shack 136 restaurants located in 33 states.

1FIRM:24234813v1

On November 21, 2013, Defendant Raymond A. Blanchette III ("Blanchette") filed a motion to dismiss, which incorporated the arguments in the corporate defendants' motion.[3] (*See* Docket Entry Nos. 43-44.)

By this motion, Cottingim incorporates the arguments in the corporate defendants', Morris', and Blanchette's motions seeking dismissal of the complaint for the same reasons.[4]

### FACTS[5]

Ignite and Crab Addison own and operate 136 restaurants under the brand name "Joe's Crab Shack" in 33 states, which employ, on average, about 10,000 employees each year. The corporate defendants' headquarters are located in Houston, Texas, where their executive offices, human resources, payroll, financial, marketing, and IT functions are located. (Simpson Dec. ¶¶ 3, 4, 5; Cmpl. ¶¶ 83-85, 100-121.) Until March 2013, when he left the company, Cottingim was Ignite's Senior Vice President and Chief Administrative Officer. He was responsible for executive management of human resources for all of Ignite's lines of business including Joe's Crab Shack, and Ignite's two other restaurant brands, Romano's Macaroni Grill and Brick House Tavern + Tap, which combined operate 329 restaurants located in 36 states and 10 countries.[6] Cottingim continues to work as a consultant for Ignite at its headquarters in Houston.

---

[3] Defendant Blanchette incorporated by reference all arguments made by the corporate defendants in its motion, and additionally argued (similar to Morris' argument) that plaintiffs failed to plead any plausible facts by which Blanchette, who is the Chief Executive Officer of Ignite, could be found liable as an "employer."

[4] In addition, Cottingim incorporates the arguments in the corporate defendants' opposition to plaintiffs' Motion for Expedited Notice Pursuant to the Fair Labor Standards Act, filed October 24, 2013 (Docket Entry No. # 35.)

[5] The facts are set forth in the declaration of Patricia Simpson, dated October 7, 2013 ("Simpson Dec.") (*See* Docket Entry No. 24), and in the Complaint ("Cmpl.").

[6] *See* http://joescrabshack.com/locations; http://www.macaronigrill.com/locations; http://brickhousetavernandtap.com/locations/.

**ARGUMENT**

**PLAINTIFFS' CONCLUSORY ALLEGATIONS ARE INSUFFICIENT TO ESTABLISH THAT COTTINGIM IS AN "EMPLOYER"**

Cottingim should be dismissed from this lawsuit, as he is not an "employer" within the meaning of the FLSA, or the laws of Arizona, Illinois, Maryland, Missouri, or New York.[7]

For a corporate executive to be an "employer," he must "possess control over a company's actual 'operations' in a manner that relates to a plaintiff's employment," which "must be *closer in degree than simple but-for causation*." *Irizarry v. Catsimatidis*, 722 F.3d 99, 109-110 (2d Cir. 2013) (emphasis added); *Herman v. RSR Sec. Servs.*, 172 F.3d 132, 140 (2d Cir. 1999).

"Closer in degree than simple but-for causation" means that an employer exercises "boots-on-the-ground" control – on a store-by-store level – over the business operations that directly affects employees' working conditions. In *Irizarry*, the Second Circuit found that defendant John Catsimatidis, chairman, president, and CEO of Gristede's supermarkets, was an "employer" because "there is no area of Gristede's which is not subject to [Catsimatidis'] control," and that he was "active in running Gristede's, including contact with individual stores, employees, vendors, and customers." *Irrizary*, 722 F.3d at 103, 116. Among other things, the Second Circuit considered that Catsimatidis regularly visited stores, made suggestions to managers in individual stores regarding product displays, received individual customer complaints and then consulted with store employees to address those complaints. The Court also considered the absolute financial control Catsimatidis had over the business. *Id.* at 115 ("he

---

[7] As discussed in the memoranda in support of the corporate defendants', Morris', and Blanchette's motions to dismiss, the wage-hour laws of Arizona, Illinois, Maryland, Missouri, and New York apply versions of the test used to determine whether a defendant has actual control over the employment of an individual that are nearly identical to that of the FLSA.

could shut down the business, declare bankruptcy, as well as provide the personal signature necessary for a bank letter of credit to be issued in favor of Gristede's") (citation omitted).

In *Herman*, an earlier decision the *Irizarry* Court expressly followed, the Second Circuit found an individual corporate executive to be an "employer," where he directly controlled plaintiff-employees' working conditions. Among other things, RSR Chairman Murray Portnoy supervised and controlled security guard employees' work schedules; personally assigned guards to clients; instructed managers about guard operations; hired managers who were in charge of the guards; and, forwarded complaints about guards to managers.[8] *Irizarry*, 722 F.3d at 106; *RSR Sec. Servs.*, 172 F.3d at 140.

Here, plaintiffs do not come close to alleging that Cottingim exercised proximate control in a manner similar to Catsimatidis or Portnoy. Plaintiffs fail to allege that Cottingim hired or fired employees, configured workday shift schedules, assigned shiftwork, handled complaints from restaurant patrons, interacted with individual restaurant managers or employees, visited restaurants, or made overarching financial decisions for the company. Instead, plaintiffs merely offer generic allegations that would apply to any top human resources executive.

In addition, the complaint fails to provide any details as to Cottingim's involvement in the "creation" of the so-called "policies" complained of in this action. All it concludes is that he was "responsible" for the "creation and application" of the alleged policies. The complaint attempts to camouflage this gap in the pleading by referring to Cottingim's involvement in the high-level employment-related activities one would expect of senior-level human resources executive: employee relations issues and oversight of the payroll process. (Cmpl. ¶¶ 110-112.) But it is not plausible for Cottingim to be involved in the slightest in assigning each of the

---

[8] The Court also considered Portnoy's testimony that he could have dissolved the company if his directions were not followed. *Irizarry*, 722 F. 3d at 107; *RSR Sec. Servs.*, 172 F.3d at 140-41.

individual plaintiffs, or any putative class members, specific day-to-day tasks.  The types of non-tipped tasks that plaintiffs purport they were assigned are determined at the local management level based on the day-to-day and hour-to-hour needs, "depending on the shift" that one or another plaintiff worked (*see* Cmpl. ¶¶ 48, 49, 54, 55, 64, 65, 69, 70, 75, 76), and are not determined in corporate headquarters in Houston, Texas.  *See Manning v. Boston Reg'l Med. Ctr., Inc.,* 725 F.3d 34, 50 (1st Cir. 2013) (affirming the dismissal of FLSA claims against the defendant's former senior human resources officer on the ground that the "allegations against him . . . are nothing more than unadorned assertions that are not supplemented by specific allegations supporting the inference that [he] controlled [the hospital's] purse-strings or made decisions about the allocation of financial resources.") (citation omitted).

*Tracy v. NVR, Inc.*, 667 F. Supp. 2d 244 (W.D.N.Y. 2009), is also instructive because it is analogous to this action.  In *Tracy*, Judge Larimer refused to allow plaintiffs to amend their complaint to name defendants' chief human resources officer as a defendant in a FLSA collective action because plaintiffs failed to adequately plead that he was an employer.  *Id*. at 247.  Among other things, the Court considered the fact that the defendant company was a substantial corporate entity.  *Id.*  ("[The Court] finds that the plaintiffs have failed to sufficiently allege that Madigan – the chief human resources officer in an enormous, multi-billion dollar corporation scattered across hundreds of miles – had and exercised sufficient control over them to satisfy the economic reality test, or that he was otherwise their 'employer' for FLSA purposes").

Similarly here, Cottingim was the chief human resources officer for an enormous company.  Ignite owns three restaurant brands, which together operate 329 restaurants in 36

states and 10 countries.[9]  It is inconceivable (that is, not "plausible") that Cottingim would (or even could) have exercised operational control that directly affected the working conditions of the tens of thousands of employees of 136 Joe's Crab Shack restaurants nationwide.[10]  Accordingly, Cottingim should be dismissed from this action.

## CONCLUSION

For the foregoing reasons, and those set forth in the memoranda of law submitted by the corporate defendants, Blanchette and Morris, the complaint should be dismissed against Cottingim in its entirety.  Alternatively, venue of this action should be transferred to the Southern District of Texas in Houston for all further proceedings.

New York, New York
December 5, 2013

> Respectfully submitted,
> EPSTEIN BECKER & GREEN, P.C.
>
> By:  /s/ Kenneth J. Kelly
>         Kenneth J. Kelly
>         Jeffrey H. Ruzal
>    250 Park Avenue
>    New York, New York  10177-1211
>    (212) 351-4500
>    Attorneys for Defendant
>    Kevin Cottingim

---

[9] Defendant Ignite Restaurant Group, Inc. ("Ignite") owns Joe's Crab Shack, Romano's Macaroni Grill, and Brick House Tavern + Tap.  *See* http://joescrabshack.com/locations; http://www.macaronigrill.com/locations; http://brickhousetavernandtap.com/locations/.

[10] It is, in part, the very size of the Ignite Corporation and its operations that distinguishes Morris from the defendant CEO in *Irizarry*.  In *Irizarry*, the defendant owned approximately 35 grocery stores which are all located in New York City.  While 35 grocery stores is certainly not a small enterprise, it pales in comparison to Ignite, which is a corporate behemoth.  Morris' executive responsibilities are not limited to restaurants operating in one city, or state, or country for that matter.

Of Counsel:

Michael S. Kun, Esq.
Epstein Becker & Green, P.C.
1925 Century Park East
Suite 500
Los Angeles, CA 90067-2506
(310) 556-8861

FIRM:24234813v1