UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

CHRISTOPHER HART, et al.,                              DECISION AND ORDER

                              Plaintiffs,              13-CV-6458 CJS

          -v-

CRAB ADDISON, INC. d/b/a JOE'S CRAB
SHACK, IGNITE RESTAURANT GROUP, INC.,
RAYMOND A. BLANCHETTE, III, KEVIN
COTTINGIM, and RODNEY MORRIS,

                              Defendants.

_____


APPEARANCES

For Plaintiffs:              J. Nelson Thomas, Esq.
                             Jared Kimball Cook, Esq.
                             Michael J. Lingle, Esq.
                             Thomas & Solomon LLP
                             693 East Avenue
                             Rochester, NY 14607

For Defendants:              Jeffrey Howard Ruzal, Esq.
                             Kenneth John Kelly, Esq.
                             Epstein, Becker & Green, P.C.
                             250 Park Avenue
                             New York, NY 10177


INTRODUCTION

     This is an action asserting claims under the Fair Labor Standards Act ("FLSA") and

the minimum-wage statutes of the states of New York, Maryland, Missouri, Illinois and

Arizona.  Now before the Court is Defendants' motion (Docket No. [#65]) to dismiss the

Amended Complaint's FLSA and state-law "tip credit" claims.  The application is denied.

BACKGROUND

The Court recently issued a Decision and Order [#63] containing a rather exhaustive discussion of the claims in this action, with which the reader is presumed to be familiar. Essentially, Plaintiffs, who were employed as tipped servers/hostesses/bartenders in Defendants' chain of restaurants, maintain that Defendants violated the FLSA and the pertinent state minimum-wage laws by, *inter alia*, paying them less than the full required minimum wage pursuant to the "tip credit," while requiring them to spend an excessive amount of their work shifts performing non-tipped duties.   In that regard, the original Complaint [#1] indicated that Defendants were violating the "tip credit" provision in at least two ways: First, by requiring Plaintiff's to perform non-tip-producing duties, that were related to their tip-producing duties, more than twenty-percent of the time; and second, by requiring them to perform non-tip-producing duties that were not related to their tip producing duties ("dual job duties").[1]

In its prior Decision and Order [#63], the Court granted Defendant's motion to dismiss, in part, and dismissed the FLSA minimum-wage claim because, although the original Complaint alleged that Plaintiffs were paid less than the minimum wage for certain shifts, it failed to plausibly allege that they were paid less than the minimum wage for any particular week.   However, the Court granted Plaintiffs leave to replead, which they did. Specifically, on July 14, 2014, Plaintiffs filed the Amended Complaint [#64].

---

[1]*See*, Complaint [#1] at ¶ ¶ 126-127.  In its prior Decision and Order [#63] the Court referenced the fact that Plaintiffs claimed to be  asserting these two types of claims in the original Complaint. *See*, [#63] at p. 13, n. 20.  Consequently, although the original Complaint could have been clearer on this point, the Court disagrees with Defendants' contention, asserted in their motion papers, that the original complaint did not plead a "dual job" claim and that the Amended Complaint raises a "new" "dual job" claim. *See, e.g.*, Def. Memo of Law [#66] at p. 6 (referring to "the addition of a 'dual jobs' theory.").

The Amended Complaint [#64] now asserts that Plaintiffs were required to perform either unrelated non-tipped duties ("dual job" duties), or an excessive amount of related non-tipped duties (*i.e.*, more than twenty percent of the shift), during *each and every shift*, and that they were therefore necessarily paid less than the minimum wage for each and every week that they worked for Defendants.  Plaintiffs maintain, in that regard, that they are entitled to receive the full minimum wage for all hours spent performing either type of work.  That is, they maintain that they are entitled to receive the full minimum wage for all unrelated non-tip-producing ("dual job") work, and they are entitled to receive the full minimum wage for all related non-tip producing work that was performed during more than twenty-percent of a shift.  The Court understands Plaintiffs to mean that they are entitled to such payment, for such work, even if their total weekly pay, including all tips, when divided by the number of hours worked, exceeds the minimum wage, since an employer cannot rely upon the tips that an employee earns on tip-producing work to compensate for paying that employee sub-minimum wages for work that falls outside of the tip credit.

However, Defendants maintain that Plaintiff's failed to correct the pleading deficiencies identified in the Court's prior Decision and Order.  More specifically, Defendants object to the fact that the Amended Complaint describes the various non-tip producing "opener," "closer" and "running sidework" tasks that each Plaintiff performed each shift, along with a total of how long it would take, during each shift, to complete those combined tasks, but does not state exactly how long it took for each Plaintiff to complete each of the discrete "opener," "closer" or "running sidework" tasks:

> Plaintiff Hart's allegations illustrate the amended complaint's deficiencies. Hart generally alleges that, depending on the shift, he performed either 'opener duties' or 'closer duties,' [and he listed those duties.]  . . .  [However,]

[t]here is not a single allegation as to how long *any specific task* within th[ese] group[s] took.

Def. Memo of Law [#66] at p. 7 (emphasis added).  Defendants describe this as "block pleading," and contend that it is impermissible and contrary to the Court's direction in its prior Decision and Order.  On this point, Defendants admit that the Amended Complaint alleges that Plaintiffs performed either "dual job" work, or related untipped work more than 20% of the time, but they nevertheless maintain that such "block pleading" is inappropriate because it "does not differentiate between (1) tipped duties, (2) non-tipped duties related to the tipped occupation, and (3) non-tipped duties unrelated to the tipped occupation." Def. Memo of Law [#66] at p. 8.  In support of their position, Defendants rely largely on *Roberts v. Apple Sauce, Inc.*, 945 F.Supp.2d 995 (N.D.Ind. 2013) ("*Roberts*") which, they maintain, requires a tip-credit claim complaint to "identify the non-tip producing duties [plaintiff] performed, state how many minutes or hours they took to perform, and place that time in the context of hours worked during the entire shift." Def. Memo of Law [#66] at p. 11.

Defendants further maintain that "[c]ertain of the duties Plaintiffs characterize . . . as opening and closing duties actually constitute tipped duties." Def. Memo of Law [#66] at p. 12.  In that regard, Defendants contend, again relying on *Roberts*, as well as *Pellon v. Bus. Representation Int'l, Inc.*, 528 F.Supp.2d 1306, 1313-14 (S.D.Fl 2007), *aff'd* 291 Fed.Appx. 310 (11th Cir. 2008) ("*Pellon*"), that some non-tip producing activities that are related to tip-producing activities "constitute tipped employment," *Id.*, which can, presumably, therefore be performed as often as required, while still falling under the tip credit exception. *Id*. at pp. 12-13.  Defendants state that such duties are different than the "related non-tipped

4

functions" that cannot be performed more than twenty percent of the time to qualify for the tip credit, but they do not explain how one differentiates between the two.

Defendants also maintain that the Amended Complaint is deficient because it is "devoid of any allegations, *i.e.*, total compensation divided by total hours worked, to conclude that Plaintiffs' average wage for the week, including tips, fell below the minimum wage." Def. Memo of Law [#66] at p. 17.  As to this argument, Defendants seem to maintaint that if the sum of the wages paid by Defendants and the tips received by a Plaintiff, divided by the number of hours worked that week, is equal to or greater than the actual minimum wage, then the Plaintiff has no minimum wage claim, even if he performed a "dual job" or performed related non-tip producing tasks more than twenty percent of the time. *See, id.*

Lastly, Defendants maintain that Plaintiffs' state-law tip credit claims are deficient for the same reasons already discussed above concerning the FLSA claims.  In particular, Defendants indicate that the tip-credit laws of New York, Maryland and Arizona require the same specificity of pleading, concerning non-tip producing activities, that is required by the FLSA. *See*, Def. Memo of Law [#66] at pp. 18-19.

Plaintiffs oppose every aspect of Defendants' motion.  More specifically, they deny that they are required to plead the amount of time that it took to perform each non-tip producing task, since Rule 8(a) does not require "detailed factual allegations." *See*, Pl. Memo of Law [#68] at p. 1.  Plaintiffs further contend that, contrary to what Defendants argue, even *Roberts* did not require such specificity.  Rather, Plaintiffs maintain that the Amended Complaint pleads plausible tip-credit claims, since, as Defendants concede, it alleges facts indicating that during every shift of every week that Plaintiffs worked for Defendants, they spent far more than twenty percent of their time performing tasks that

constitute either unrelated untipped work ("dual job" work) or related untipped work.[2] For the same reasons, Plaintiffs maintain that Defendants' arguments concerning the state-law claims also lack merit.[3]

On October 16, 2014, counsel for the parties appeared before the undersigned for oral argument.

DISCUSSION

*Motion to Dismiss*

Defendants have moved to dismiss the Amended Complaint for failure to state a claim, and the standard for such motions is well settled:

> Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964–65, 167 L.Ed.2d 929 (2007); *see also, ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir.2007) ("To survive dismissal, the plaintiff must provide the grounds upon which his claim

---

[2]*See, e.g.*, Pl. Memo of Law [#68] at p. 13 ("[A]ccording to these allegations, each plaintiff spent nearly 50%, or more, of each shift, performing non-tipped work.").

[3]Plaintiffs also contend that Defendant's request to dismiss the state-law claims was waived, since Defendants did not raise it in the previous motion to dismiss. (citing FRCP 12(g)(2)).  However, the Court need not address that issue.

rests through factual allegations sufficient 'to raise a right to relief above the speculative level.' ") (*quoting Bell Atl. Corp. v. Twombly* ) (footnote omitted).

When applying this "plausibility standard," the Court is guided by "two working principles":

> First, although a court must accept as true all of the allegations contained in a complaint,[4] that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss, and determining whether a complaint states a plausible claim for relief will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

*Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (citations and internal quotation marks omitted).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S.Ct. 1937, 1950 (2009) (citation omitted).

The instant case involves, *inter alia*,[5] 29 U.S.C. § 206, which provides, in pertinent part, that "[e]very employer shall pay to each of his employees," the federal minimum wage. There is an exception, however, for a "tipped employee," *see*, 29 U.S.C.A. § 203(m) (Westlaw 2014),  who is defined as "any employee engaged in an occupation in which he

---

[4]The Court must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party. *Burnette v. Carothers*, 192 F.3d 52, 56 (2d Cir.1999), cert. den. 531 U.S. 1052, 121 S.Ct. 657 (2000).

[5]Plaintiffs are also asserting an FLSA tip-credit notice claim, *see*, 29 U.S.C. § 203(m), which is not addressed by the instant motion to dismiss.

customarily and regularly receives more than $30 a month in tips." 29 U.S.C.A. § 203

(Westlaw 2014).  Recently, one court explained this concept, and its limitations, as follows:

> The FLSA generally requires employers to pay employees a federal minimum wage of $7.25 per hour. *See* 29 U.S.C. § 206(a)(1). However, under the statute's tip credit," employers may pay tipped employees at an hourly wage rate below the minimum wage, provided that the hourly wage and the employees' tips, taken together, are at least equivalent to the minimum wage. *See* 29 U .S.C. § 203(m).FN4
>
> > FN4. Under section 203(m), the minimum required cash wage that an employer can pay a tipped employee is $2.13 per hour, so the maximum tip credit that the employer can claim per employee is $5.12 per hour.
>
> When an employee is employed by a single employer in both a tipped and a non-tipped position, DOL [Department of Labor] regulations permit the employer to utilize the tip credit only for hours spent by the employee in the tipped occupation. See 29 C.F.R. §§ 531.51. Thus, if a tipped employee works two jobs, one in which his work customarily and regularly produces tips and one in which it does not, the employee is considered employed in dual occupations, and the tip credit may not be taken for any hours worked in the non-tip-producing occupation. *See id.* § 531.56(e). However, the regulation distinguishes that situation from "a waitress who spends part of her time cleaning and setting tables, toasting bread, making coffee and occasionally washing dishes or glasses," concluding that "[s]uch related duties in an occupation that is a tipped occupation need not by themselves be directed toward producing tips." *Id*.
>
> In the case of servers and bartenders, the threshold between tip-producing and non-tip-producing work is particularly important. Waitstaff commonly perform "side work," such as setting and clearing tables, that is related to their tipped occupation but does not itself generate tips. In such circumstances, the DOL has stated that an employer can "take the tip credit for time spent in duties related to the tipped occupation, even though such duties are not by themselves directed toward producing tips (i.e. maintenance and preparatory or closing activities)," but that such duties must be "incidental to the regular

duties of the server." DOL Field Operations Handbook § 30d00(e) (rev. June 30, 2000), available at http://www.dol.gov/whd/FOH/FOH_ Ch30.pdf (last visited Sept. 13, 2013). The DOL further clarified this issue in a March 2011 opinion in which it concluded that tipped employees who spend a substantial amount of time, or <u>more than twenty percent of their workweeks</u>, engaged in related but non-tip-producing work must be paid the full minimum wage for the time spent performing the non-tipped work. *See* U.S. Department of Labor, Wage and Hour Division Fact Sheet # 15: Tipped Employees Under the Fair Labor Standards Act (FLSA) (rev. Mar. 2011) ("DOL Fact Sheet # 15"), available at http://www.dol.gov/whd/regs/compliance/whdfsl5.pdf (last visited September 3, 2013). While not expressly mandated in the DOL regulations, certain courts have concluded that the twenty percent limit on side work under the federal tip credit is entitled to deference. *See, e.g., Fast v. Applebee's International, Inc.*, 638 F.3d 872, 879–81 (8th Cir.2011); *Driver v. AppleIllinois, LLC*, 890 F.Supp.2d 1008, 1032–33 (N.D.Ill.2012).

*Chhab v. Darden Restaurants, Inc.*, No. 11 Civ. 8345(NRB), 2013 WL 5308004 at *2 -3 (S.D.N.Y. Sep. 20, 2013) (emphasis added); *see also, Driver v. Appleillinois, LLC*, 739 F.3d 1073, 1076 (7th Cir. 2014) ("A tipped employee is entitled just to the sub-minimum, tip credit wage rate unless he is doing either unrelated non-tipped work or related non-tipped work in excess of 20 percent of his work-day.").

As discussed above, Defendants maintain that the Amended Complaint fails to plausibly plead minimum-wage tip-credit claims, for various reasons. However, the Court disagrees. First, the Court does not agree that the pleading is deficient because it fails to allege that during any given week the Plaintiff's average wages, including tips, was less than the minimum wage, although Defendants are correct that it does not do so expressly. On this point, the Court begins by observing that in its prior Decision and Order it may not have fully appreciated the nature of Plaintiff's tip-credit claims. Consequently, that Decision and Order suggests that in order to state a plausible tip-credit claim based on a dual job theory,

or on the theory that the plaintiff performed related untipped work more than 20% of the time, the pleading must indicate that the plaintiff's average weekly wage, including tips, was less than the minimum wage.  Such a statement implies that an employer could get away with paying a tipped employee less than the proper wage for work that was not covered by the tip credit exception, as long as the employee's tip receipts were high enough to offset the underpayment.  However, the Court now is of the opinion that where a pleading plausibly alleges that an employee in a tipped occupation also worked at an untipped dual job, or performed related untipped duties more than 20% of a workweek, and the employer claimed the tip credit for all hours worked, the pleading states a minimum wage tip-credit claim without more, since the employer cannot take the tip credit *at all* for hours spent performing a dual job or spent performing related untipped work that comprised more than 20% of a workweek. *See*, Department of Labor Field Operations Handbook § 30d00(e) (June 30, 2000) (Clarifying that the related untipped duties described in 29 C.F.R. § 531.56(e) are subject to a 20% limit: "[W]here the facts indicate that specific employees are routinely assigned to maintenance, or that tipped employees spend a substantial amount of time (in excess of 20 percent) performing general preparation work or maintenance, *no tip credit may be taken for the time spent in such duties*.") (emphasis added); *but see, Schaefer v. P.F. Chang Bistro, Inc.*, 2014 WL 3809069 at * (D.Ariz. Aug. 1, 2014) ("[R]egardless of the frequency with which non-tipped work was assigned, no minimum wage claim is stated against P.F. Chang uless Schaefer's average wage for the week, including tips, fell below the minimum wage.").

Similarly, the Court disagrees with Defendants' assertion that the pleading must specify the amount of time spent performing each discrete task that allegedly falls outside

of the tip exception.  At least in the instant case, it is clear from the Amended Complaint that Plaintiffs are alleging that they performed a regular series of untipped tasks, primarily related to janitorial work and food preparation, *i.e.*, "general preparation work or maintenance,"[6] that together comprised more than 20% of each and every shift that they worked for Defendants. Such allegations are plausible, based on their factual detail, even though they do not purport to specify the exact amount of time that it took to perform each discrete task within the categories of "opener duties," "closer duties" and "running side work."  To the extent that Defendants maintain that the *Roberts* decision, which is of course not binding on this Court in any event, requires more specificity, the Court disagrees. *See, Roberts*, 945 F.Supp.2d at 1004 (Indicating that the employee should indicate the total amount of time spent at non-tip producing activities: "[S]he must identify the non-tip producing duties she performed, state how many minutes or hours *they* took to perform, and place that time in the context of the hours worked during the entire shift.") (emphasis added).

Defendants also complain that the pleading fails to clearly categorize all of Plaintiffs' various tasks as either tipped work, related untipped work or unrelated untipped work. Defendants maintain that this leads to confusion, and that part of their confusion is because some of the alleged related untipped work may actually be considered "tipped work," which is not subject to the aforementioned 20% limitation.[7]   In that regard, Defendants are apparently referring to work that might arguably fall outside of the description of "general

---

[6]*See*, Department of Labor Field Operations Handbook § 30d00(e) (June 30, 2000).

[7]On this point, Defendants seem to be raising an argument that was also mentioned, but not ruled upon, in *Fast v. Applebee's Int'l, Inc.*, 638 F.3d 872, 881 (8th Cir. 2011) ("We note that the parties dispute which specific duties are subject to the 20 percent limit for related duties in a tipped occupation and which duties are the tip-producing part of the server's or bartender's tipped occupation itself."), *cert. den.*, 132 S.Ct. 1094 (2012).

preparation and maintenance duties," since "general preparation and maintenance duties" are clearly subject to the 20 percent limit.   However, Defendants have not identified any specific tasks that they maintain are not covered the 20 percent limit.  Consequently, their reliance on *Pellon*, which is factually inapposite anyway, is misplaced.

In any event, the pleading is not confusing, and Defendants obviously understand Plaintiffs' claims, as shown by the discussion of them in Defendants' memo of law. *See, e.g.*, Def. Memo of Law [#66] at p. 3 ("[T]hey allege they spent a total of 3.5 or 4.5 hours 'on every shift, or almost every shift,' peforming non-tip producing work, and accordingly, they were not paid the minimum wage[.]").

CONCLUSION

For all of the foregoing reasons the Court finds that the Amended Complaint plausibly pleads FLSA and state-law tip-credit minimum wage claims.  Consequently, Defendants' motion to dismiss [#65] is denied.

SO ORDERED.

Dated:     October 27, 2014
           Rochester, New York

                                             /s/ Charles J. Siragusa
                                             CHARLES J. SIRAGUSA
                                             United States District Judge