UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTOPHER HART, MARIA SARGENT, TAYLOR RAMSEY, ANDREA RANDLETT, and SHELLY CARRERA, <br><br>*on behalf of themselves and all other employees similarly situated,* <br><br>*Plaintiffs,* <br><br>v. <br><br>CRAB ADDISON, INC., d/b/a JOE'S CRAB SHACK, IGNITE RESTAURANT GROUP, INC., RAYMOND A BLANCHETTE III, KEVIN COTTINGIM, and RODNEY MORRIS, <br><br>*Defendants.* | Civil Action No. 13-cv-6458 <br><br>STIPULATED CONFIDENTIALITY, PROTECTIVE AND FRE 502(d) AND (e) CLAWBACK STIPULATION AND ORDER |

## STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER

The parties hereto have stipulated to the entry of a Protective Order under Rule 26(c) of the Federal Rules of Civil Procedure and it appearing to the Court that such an Order is necessary and appropriate and will facilitate discovery, **IT IS HEREBY STIPULATED AND AGREED THAT:**

1.  This Order shall govern the use and disclosure of all "Discovery Materials," as defined below that are created or produced in connection with the above captioned action filed by Named Plaintiffs on behalf of themselves and all other similarly situated employees in the United States District Court for the Western District of New York, Christopher Hart, et al. v. Crab Addison, Inc., d/b/a Joe's Crab Shack, et al., Case No. 13-cv-6458 (CJS-MWP) (the "Action"). "Discovery Materials" shall include transcripts of depositions upon oral examination and exhibits thereto;

transcripts of depositions upon written questions and exhibits thereto; answers to interrogatories; documents or things produced by any party to any other, whether or not pursuant to a formal request; reports of examining physicians; answers to requests for admission; documents or things produced by any non-party to any party, whether or not pursuant to a subpoena; all information contained in any of the foregoing; and all copies, excerpts or summaries of the foregoing.

  2. The parties may designate as "CONFIDENTIAL" only in good faith based upon a belief that it contains private personal information including personnel records or medical records, trade secrets, or confidential research, development financial, or commercial information. The parties shall not routinely designate discovery materials as "CONFIDENTIAL," or make such a designation without a reasonable inquiry to determine whether it qualifies for such designation. The designation of Confidential information shall be made prior to, or contemporaneously with, the production or disclosure of that information. In the event that documents are produced for inspection at the party's facilities, such documents may be produced for inspection before being marked confidential. Once specific documents have been designated for copying, any documents containing Confidential information will then be marked confidential after copying but before delivery to the party who inspected and designated the documents. There will be no waiver of confidentiality by inspection of confidential documents before they are copied and marked confidential pursuant to this procedure. Any party or non-party may designate ("Designating Party") any Discovery Materials as Confidential in the following manner:

    (a) Answers to interrogatories; documents or things produced by any party to any other, whether or not pursuant to a formal

request; reports of examining physicians; answers to requests for admission; documents or things produced by any non-party to any party, whether or not pursuant to a subpoena; or copies, excerpts or summaries of any of the foregoing, may be designated Confidential Discovery Material by: marking the word "Confidential" on each page of the document that contains Confidential Information, in a manner which will not interfere with its legibility.

(b) With respect to depositions or other pre-trial testimony: either by a statement on the record, by counsel, at the time of disclosure, or by notifying counsel for all other parties in writing (and either delivered by hand or transmitted by facsimile) within twenty-one (21) days after receipt by counsel for the deponent or witness of the transcript of such deposition or other pre-trial testimony. Counsel for the party-deponent shall affix the word "Confidential" to the first page and all subsequent pages of the original transcript that contain designated material, and to the first page and all subsequent corresponding pages of all copies of such transcript and shall provide corresponding copies of the transcripts and exhibits to the Non-Designating Party. Only those portions of each transcript designated as "Confidential" in this Action shall be deemed Confidential.

(c) To the extent that matter stored or recorded in form of electronic or magnetic media (including information, files,

    databases, or programs stored on any digital or analog machine-readable device, computers, discs, networks or tapes) is produced in such form, the producing party and parties may designate such material as Confidential by affixing a label on the media or its casing indicating such designation or, where not practical, by cover letter referring generally to such matter.

 (d) Any Discovery Materials produced prior to the parties entering into this Stipulation may be designated as Confidential Discovery Material by providing written notice of the same to all parties and providing a copy of the document properly marked Confidential within fourteen days (14) after the parties execute this Stipulation. The parties acknowledge that there is a dispute regarding Defendants' request that Class Counsel return contact information produced by the defendants. Such information shall not be desigintated as Confidential Discovery Material by defendants under this stipulation unless the parties agree, or the Court so orders.

3. Confidential Discovery Material and all copies thereof shall be used solely for the purpose of this Action (including appeals, if any) and not in any other litigation, action, arbitration, mediation or other proceeding(s).

4. Confidential material and all copies thereof:

 (a) shall be disclosed only to:

  (i) the Court, appropriate appellate Court, and their personnel;

(ii) attorneys of record in this Action and employees of their respective law firms or legal departments, all of whom shall be bound by this Order;

(iii) court reporters, videographers, and their staffs engaged in this Action;

(iv) parties to this Action who are natural persons and persons employed by or otherwise affiliated with any of the other parties whose knowledge of the Confidential Material is necessary in order to enable the party by which the person is employed or with which the person is affiliated to prosecute or defend this Action effectively, but only after an attorney of record has explained this Order to each such individual and the individual has executed the form annexed hereto as Exhibit A;

(v) party and non-party deponents, if (1) the attorney making the disclosure advises the deponent that this Stipulation and Order bars the deponent from divulging Confidential information; and (2) the Confidential information is not left in the possession of the deponent, unless such person has executed the form annexed hereto as Exhibit A;

(vi) persons not employed by or otherwise affiliated with any of the parties who are retained by or on behalf of any of the attorneys of record in this Action solely to assist them in the preparation of this case for trial (including, but not limited to, independent consultants, accountants, statisticians, economists, and other experts, none of whom shall be competitors or employees of competitors of defendant), but only after each such person has reviewed this Order with the assistance of an attorney of record who has explained this Order to each such individual and the individual has executed the form annexed hereto as Exhibit A;

(vii) witnesses for case related purposes, but only after an attorney of record has explained this Order to each such individual and the individual has executed the form annexed hereto as Exhibit A̶;̲

(viii) any mediator or neutral third party that that the parties enlist to resolve this Action;

(ix) insurers of any party to whom it is necessary that Confidential Discovery Material be shown for purposes

      of this litigation, or assessing insurance coverage at issue in this litigation; and

  (x) any other person the producing party may agree in writing may receive such Confidential Discovery Material.

(b) shall be copied only by attorneys of record, clerical personnel employed by such attorneys or independent contractors or copying services engaged by such attorneys subject to an agreement of confidentiality, provided that the attorney engaging any such copying service has no reason to believe that the service or any of its employees is likely to disclose or use any Confidential Discovery Material in a way that would violate this Order.

(c) Notwithstanding the foregoing, it is understood that it may be necessary to make disclosures to parties or non-parties of the general content of materials deemed confidential in order to investigate claims or defenses. Moreover, it may be impractical to require all such individuals to execute nondisclosure documents. Accordingly, the parties agree to work together in good faith to devise appropriate methods by which such disclosures may be made during the course of this Action and to stipulate to appropriate modifications and exceptions to this Order as occasions warrant. In the event the parties cannot come to terms regarding such disclosure, the party seeking disclosure may object to the designation pursuant to Paragraph 6.

5.     This Stipulation and Order has no effect upon, and shall not apply to any producing party's use of its own Confidential Discovery Material for any purpose.

6.     The receiving party shall not be obligated to challenge the propriety of the confidentiality designation at the time made, and failure to do so shall not preclude a subsequent challenge thereof. If a party, or a non-party that produced documents or things or gave a deposition upon oral examination or written questions, concludes that Discovery Materials or portions thereof designated Confidential material by any other party do not actually include Confidential Information and therefore do not warrant the protection claimed for them under this Order, it may so notify all parties in writing and state the basis for its conclusion. Within fourteen (14) days, the attorneys for all concerned parties shall confer in good faith in order to resolve the objection to the designation of confidentiality. If it is not possible to resolve the objection within fifteen (15) days after service of the notice, then the Designating Party may, pursuant to Rule 5.2 or Rule 37 of the Federal Rules of Civil Procedure, file a motion with the Court for a ruling that the document, testimony, information or material shall be treated as Confidential. Unless and until the Court enters an order to the contrary, the documents, testimony, information or material shall continue to be Confidential under this Order, provided the dispute is submitted to the Court within fifteen (15) days.

7.     If a party wishes to file a document with the Court containing information that has been designated by the other party as Confidential Information, the concerned parties shall confer in good faith in order to determine whether the document may be filed in a manner that protects the Confidential Information, such as by redaction. If the parties cannot agree, such document shall be included in a

separate appendix that shall contain all Confidential Information to be filed with the motion. The separate appendix shall be served with the motion papers, but shall not be filed with the Court until the Court has ruled on the party seeking to file the Confidential information's motion under Rule 5.2 of the Federal Rules of Civil Procedure or Local Rule of Civil Procedure Rule 5.3 to file such documents under seal.

8. By stipulating to this Order, no party waives its right to object to any requested discovery or to request more stringent restrictions upon the use and disclosure of certain Discovery Materials than those provided in this Order on the grounds that those Discovery Materials contain especially sensitive Confidential Information.

9. The provisions of this Stipulation shall not terminate at the conclusion of this Action.

10. At the conclusion of the litigation all Confidential Information may be retained by counsel to defend themselves in any related legal malpractice action and upon request of the Designating Party shall be returned as follows:

    (a) Upon the earlier of (1) expiration of the applicable limitations period for legal malpractice claims, or (2) three and a half years from the date of full and final resolution of the litigation, or alternatively, counsel for the Receiving Party shall certify to counsel for the opposing party, in writing, that any and all such Confidential Information, including any and all copies produced by the opposing party, have been destroyed.

    (b) At the conclusion of this litigation, and during the time period outlined in subpart (a), the Confidential Discovery Material

        shall be stored and only used or accessed by the receiving party in connection with the defense of a legal malpractice action, brought by a party in this litigation, subject to the terms of this Order. The receiving party shall notify the producing party in writing, no later than seven (7) days propr to the use of the Confidential Discovery Material. The notification shall include (1) the caption of the pending legal malpractice action; (2) the case number; and (3) the venue of the action.

(c)   If Confidential Information is furnished to outside experts or consultants pursuant to paragraph 5, the attorney for the party using such expert or consultant shall have the responsibility of ensuring that all such Confidential Information including any and all copies are returned to the producing party or destroyed, and so certifying in writing as provided in sub-part (a) above.

(d)   If Confidential Information has been loaded into any litigation review database, the attorney for the party using such database shall have the responsibility of ensuring that all such Confidential information (including all associated images and native files), are extracted from such databases (including any associated staging databases) and destroyed. The parties, counsel of record for the parties, and experts or consultants for a party shall not be required to return or to destroy any Confidential information to the extent such information is: (i) stored on media that is generally considered not reasonably accessible,

such as disaster recovery backup tapes; or (ii) only retrievable through the use of specialized tools or techniques typically used by a forensic expert; provided that to the extent any Confidential information is not returned or destroyed due to the foregoing reasons, such Confidential information shall remain subject to the confidentiality obligations of this Order.

(e) Counsel of record for the parties may retain copies of any part of the Confidential Information produced by others that has become part of the official record of this litigation as well as abstracts or summaries of materials that reference Confidential Information that contain counsel's mental impressions or opinions. Such copies shall remain subject to the terms of this Order.

11. The inadvertent or unintentional disclosure by either party of Confidential information that was not so designated at the time of disclosure shall not be deemed a waiver in whole or in part of the producing party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter, provided that the party that inadvertently disclosed Confidential information notifies the receiving party in writing, promptly after discovering the inadvertent or

unintentional disclosure. Good faith disclosure of such Confidential information prior to receipt of such notice shall not be deemed a violation of this Stipulation and Order. However, once a receiving party is given notice by the producing party of the designated confidential nature of such undesignated material, the receiving party shall make all reasonable efforts to obtain the return of such undesignated material from all parties who received such information, but who are not entitled to access Confidential information under this Stipulation and Order.

12. If Confidential information is subpoenaed by any person other than those to whom such Confidential information may be disclosed pursuant to Paragraph 4 above, the person to whom the subpoena is directed shall give prompt written notice thereof (including a copy of the subpoena) to the party who designated the information as Confidential. No Confidential information shall be disclosed during the pendency of a motion to quash the subpoena, a motion for a protective order, or a motion otherwise seeking to enforce

        this Order or prevent disclosure of the Confidential information.

13. This Stipulation and Order shall not apply to the submission or filing of Confidential information at trial. The parties agree that they will in advance of trial, negotiate in good faith concerning an appropriate procedure to propose to the Court for the treatment of Confidential information at trial. In the event the parties cannot agree to such a procedure to propose to the Court, each party shall be free to apply to the Court for the entry of an order concerning the treatment of its Confidential information at trial. Nothing in this Order shall be construed to affect the admissibility of any document or information at trial.

14. This Court shall retain jurisdiction of all matters pertaining to this Stipulation and Order, and the parties agree to submit to the jurisdiction of this Court for matters relating to the enforcement of this Stipulation and Order.

15. The parties agree to be bound by the terms of this Stipulation and Order pending its entry by the Court, or

       pending the entry of an alternative thereto which is satisfactory to all parties.

16. This Stipulation and Order may be executed in one or more counterparts, each of which will be deemed an original, but which collectively will constitute one and the same instrument. Signed facsimile or e-mail copies will be acceptable as an original.

## FRE 502(d) AND (e) CLAWBACK STIPULATION AND ORDER

**WHEREAS**, the parties have agreed to stipulate to protect certain privileged and otherwise protected documents, data (including electronically stored information) and other information, including without limitation, metadata (collectively "Documents"), against claims of waiver and inadvertent production in the event they are produced during the course of this litigation whether pursuant to a Court Order, a parties' discovery request or informal production.

**WHEREAS**, both parties may be required to produce large volumes of Documents. The parties wish to comply with discovery deadlines and complete discovery as expeditiously as possible, while preserving and without waiving any evidentiary protections or privileges applicable to the information contained in the Documents produced, including as against third parties and other Federal and State proceedings, and in addition to their agreement, need the additional protections of a Court Order under FRE 502(d) and (e) to do so. Pursuant to Fed. R. Evid. 502(d), the inadvertent disclosure of any document that is subject to a legitimate claim that the documents is subject to the attorney-client privilege, work produce protection or is confidential shall not waive the protection, the privilege or the confidentiality for either that document or for the subject matter of that document provided that the

producing party notifies the requesting party's counsel in writing of the inadvertent disclosure otherwise the claim of privilege is waived.

**WHEREAS**, in order to comply with applicable discovery deadlines, a party may be required to produce certain categories of Documents that have been subject to minimal or no attorney review (the "Disclosures"). This Stipulation and Order is designed to foreclose any arguments that by making such Disclosures, the disclosure or production of Documents subject to a legally recognized claim of privilege, including without limitation the attorney-client privilege, work-product doctrine, or other applicable privilege:

(a) was not inadvertent by the producing party;

(b) that the producing party did not take reasonable steps to prevent the disclosure of privileged Documents;

(c) that the producing party did not take reasonable or timely steps to rectify such Disclosure; and/or

(d) that such Disclosure acts as a waiver of applicable privileges or protections associated with such Documents.

WHEREAS, because the purpose of this Stipulation is to protect and preserve privileged Documents, the parties agree they are bound as follows from and after the date their counsel have signed it, even if such execution occurs prior to Court approval.

1. Accordingly, the parties hereby STIPULATE, and the Court hereby ORDERS pursuant to Federal Rules of Evidence 502(d) and (e), as follows: The disclosure or production of Documents by a producing party subject to a legally recognized claim of privilege, including without limitation the attorney-client privilege and the work-product doctrine, to a receiving party, shall in no way constitute the voluntary disclosure of such Document. The inadvertent disclosure or production of any Document in this Action shall not result in the waiver of any privilege, evidentiary

protection or other protection associated with such Document as to the receiving party or any third parties, and shall not result in any waiver, including subject matter waiver, of any kind.

2. If, during the course of this litigation, a party determines that any Document produced by another party is or may reasonably be subject to a legally recognizable privilege or evidentiary protection ("Protected Document"):

    (a)    the receiving party shall: (i) refrain from reading the Protected Document any more closely than is necessary to ascertain that it is privileged or otherwise protected from disclosure; (ii) immediately notify the producing party in writing that it has discovered Documents believed to be privileged or protected; (iii) specifically identify the Protected Documents by Bates number range or hash value, and, (iv) specifically identify the Protected Documents by Bates number range or hash value to the producing party.

    (b)    If the producing party intends to assert a claim of privilege or other protection over Documents identified by the receiving party as Protected Documents, the producing party will, within ten (10) days of receiving the receiving party's written notification described above, inform the receiving party of such intention in writing and shall provide the receiving party with a log for such Protected Documents that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege or other protection. In the event that any portion of a Protected Document does not contain privileged or protected information, the producing party shall also provide to the receiving party a redacted copy of the

      document that omits the information that the producing party believes is subject to a claim of privilege or other protection.

  3.  If, during the course of this litigation, a party determines it has produced a Protected Document:

    (a)  the producing party may notify the receiving party of such inadvertent production in writing, and demand the return of such documents. Such notice shall be in writing, however, it may be delivered orally on the record at a deposition, promptly followed up in writing within three (3) business days. The producing party's written notice will identify the Protected Document inadvertently produced by bates number range or hash value, the privilege or protection claimed, and the basis for the assertion of the privilege and shall provide the receiving party with a log for such Protected Documents that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege or other protection. In the event that any portion of the Protected Document does not contain privileged or protected information, the producing party shall also provide to the receiving party a redacted copy of the Document that omits the information that the producing party believes is subject to a claim of privilege or other protection.

    (b)  The receiving party must, absent an objection outlined in Paragraph 3(c), within ten (10) days of receiving the producing party's notification described above, return, sequester, or destroy the Protected Document and any copies, along with any notes, abstracts or compilations of the content thereof. To the extent

that a Protected Document has been loaded into a litigation review database under the control of the receiving party, the receiving party shall have all electronic copies of the protected document extracted from the database. Where such Protected Documents cannot be destroyed or separated, they shall not be reviewed, disclosed, or otherwise used by the receiving party. If the receiving party disclosed the protected document before being notified of its inadvertent production, it must take reasonable steps to retrieve it.

(c) In the event a party objects to the claim of privilege or other protection, the objecting party will promptly notify all the parties in writing and state the basis for its conclusion. The parties shall then promptly confer in good faith with in order to resolve the objection to Protected Document. If it is not possible to resolve the objection within fifteen (15) days after service of the notice, then the producing party may submit the Protected Documents to the Court under seal for a ruling that the document shall be treated as privileged. Unless and until the Court enters an order to the contrary, the Protected Documents, shall not be disclosed to others provided the dispute is submitted to the Court within twenty-one (21) days of service of the written notice from the receiving party. Upon a determination by the Court that the Protected Documents are protected by the applicable privilege or evidentiary protection, the Protected Documents and any copies thereof, along with any notes, abstracts or compilations of the content thereof shall, within ten (10) days of the Court's order, be returned,

sequestered, or destroyed. To the extent that a Protected Document has been loaded into a litigation review database under the control of the receiving party, the receiving party shall have all electronic copies of the protected document extracted from the database. Where such Protected Documents cannot be destroyed or separated, they shall not be reviewed, disclosed, or otherwise used by the receiving party. The Court may also order the identification by the receiving party of Protected Documents by search terms or other means. If the receiving party disclosed the protected document before being notified of its inadvertent production, it must take reasonable steps to retrieve it.

4. Nothing contained herein is intended to, or shall serve to limit a party's right to conduct a review of documents, data (including electronically stored information) and other information, including without limitation, metadata, for relevance, responsiveness and/or the segregation of privileged and/or protected information before such information is produced to another party.

5. Once executed by all parties, the Stipulation shall be by treated by the parties as an Order of Court until it is formally approved by the Court.

6. By operation of the parties' agreement and Court Order, the parties are specifically afforded the protections of FRE 502 (d) and (e).

Dated:  December 3, 2015

    THOMAS & SOLOMON LLP
    *Attorneys for Plaintiffs*

By:   s/ Jared K. Cook
    J. Nelson Thomas, Esq.
    Jared K. Cook, Esq.
    693 East Avenue
    Rochester, NY 14607
    585-272-0540
    nthomas@theemploymentattorneys.com
    jcook@theemploymentattorneys.com

Dated:  December 4, 2015

    OGLETREE, DEAKINS, NASH,
    SMOAK & STEWART, P.C.
    *Attorneys for Defendants*

By:   s/ Melissa J. Osipoff
    Brian J. Gershengorn, Esq.
    Melissa J. Osipoff, Esq.
    1745 Broadway, 22nd Floor
    New York, NY 10019
    212-492-2500
    melissa.osipoff@ogletreedeakins.com
    brian.gershengorn@ogletreedeakins.com

Dated: 12/8/15

SO ORDERED:

*/s/ Marian W. Payson*
Hon. Marian W. Payson

## EXHIBIT A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTOPHER HART, MARIA SARGENT, TAYLOR RAMSEY, ANDREA RANDLETT, and SHELLY CARRERA, *on behalf of themselves and all other employees similarly situated*, <br><br> *Plaintiffs,* <br><br> v. <br><br> CRAB ADDISON, INC., d/b/a JOE'S CRAB SHACK, IGNITE RESTAURANT GROUP, INC., RAYMOND A BLANCHETTE III, KEVIN COTTINGIM, and RODNEY MORRIS, <br><br> *Defendants.* | Civil Action No. 13-cv-6458 <br><br> **STIPULATION AND ORDER OF CONFIDENTIALITY** |

It has been explained to me by _____ (Attorney) that I am being shown materials that are subject to a confidentiality order in Civil Action No.: 13-cv-6458, Christopher Hart, et al. v. Crab Addison, Inc., d/b/a Joe's Crab Shack, et al. I have reviewed the confidentiality order entered by the Court on _____, 2015, and I agree to abide by and be bound by its terms and provisions. The attorney listed above has advised me that I am not permitted to make disclosure of such material to any other person or entity and that if I do so, I may be subject to court-imposed sanctions.

Dated: _____
     Signed:_____


     Name:
_____