UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CHRISTOPHER HART, et al.,

                      Plaintiffs,

      v.

CRAB ADDISON, INC., d/b/a Joe's Crab Shack, et al.,

                      Defendants.
_____

DECISION & ORDER

13-CV-6458CJS

On January 27, 2015, United States District Judge (Charles J. Siragusa conditionally certified this case as a collective action under the Fair Labor Standards Act. (Docket # 80). Judge Siragusa's Order also required defendants to produce a list of members of the class, namely, current and former employees of Joe's Crab Shack who were paid subminimum wage, and approved with some modifications the proposed notice to be sent by plaintiffs' counsel to class members. (*Id.*). Notice of the action was thereafter sent to over 124,000 current and former Joe Crab Shack employees whom defendants had identified as class members; in late June 2015, the court was advised by counsel for defendants that defendants' class list was inaccurate and contained tens of thousands of employees who should not have been included. (*See* Docket # 232-2 at ¶¶ 8-21). Multiple court conferences with counsel were held and voluminous motions were filed arising from and relating to issues concerning the inaccuracy of the class list and the notice that issued to individuals on that list. (*See* Docket ## 149, 178, 207, 217, 220, 232, 250, 255, 256, 278, 291, 300).

On May 17, 2016, by Stipulation and Order (Docket # 346), the parties resolved the majority of the issues raised by those motions, including plaintiffs' motion to amend the complaint or to sever (Docket # 207), defendants' motion to compel and for a protective order (Docket # 232), plaintiffs' motion to strike (Docket # 255), and plaintiffs' motion for corrective notice and costs (Docket # 256).  According to the Stipulation and Order, the only unresolved issue was one raised by defendants' motion for a protective order (Docket # 232), namely, whether the Court should impose any restrictions on plaintiffs' counsel's future communications with members of the putative class in this case who have not opted in to the litigation.  (Docket # 346 at ¶ 13).

On July 17, 2015, defendants produced a revised list of 32,962 putative class members.  (Docket # 232-2 at ¶ 19).  Unfortunately, disputes as to the accuracy of that class list also arose, leading to additional motions.  (*See* Docket ## 326, 340, 342).  During oral argument on those motions, defendants' counsel conceded that the July 2015 class list contained possibly hundreds of inaccuracies (Docket # 349 at 13), and defendants' counsel subsequently advised the Court that defendants determined not to attempt to correct the concededly inaccurate second class list but rather to compile a new list "from scratch."  (*See* Docket # 359-1 at 14).  According to a declaration of Melissa Osipoff, Esq., dated June 2, 2016, defendants' efforts as of that date had uncovered 483 employees who were wrongly excluded from the July 2015 class and 5,247 employees who were wrongly included.  (Docket # 359-14 at 6, ¶ 9).  She also affirmed that she expected to provide plaintiffs' counsel with a corrected class list "shortly after the June 6 [scheduled] hearing."  (*Id.*).  To date, the Court has not been notified that an accurate list has

been compiled or produced, despite the passage of eighteen months since Judge Siragusa's Order.[1]

Due to the defendants' repeated and prolonged failure to comply with Judge Siragusa's order by producing an accurate and reliable class list, it is only reasonable to assume that counsel will continue to be contacted by individuals with questions about their inclusion or exclusion from the class. Moreover, once a corrected list is produced and revised notices issue, plaintiffs' counsel are likely to receive additional inquiries from individuals who receive those notices. Plaintiffs' counsel must be permitted to communicate with such individuals in order to address their questions and confusion. On this record, I conclude that a restriction on counsel's ability to engage in communications with putative class members likely would engender even greater confusion and inefficiency.

Of course, counsel's communications must be consistent with the Court's approved notices. Any that are not, and any that are found to be misleading, may result in the imposition of sanctions.

For these reasons, defendants' motion for a protective order prohibiting communications between plaintiffs' counsel and potential class members who have not yet opted into the litigation **(Docket # 232)** is **DENIED**.

**IT IS SO ORDERED.**

                                                                *s/Marian W. Payson*
                                                               MARIAN W. PAYSON
                                          United States Magistrate Judge

Dated: Rochester, New York
       July 22, 2016

---

[1] Indeed as the Court was preparing to issue this Decision and Order, it received a letter from defendants' counsel indicating that they had not yet finalized a corrected class list, but expected to do so "in short order."