UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

CHRISTOPHER HART, et al.,                                    DECISION AND ORDER

                                Plaintiffs,           13-CV-6458 CJS
   -v-

CRAB ADDISON, INC. d/b/a JOE'S CRAB
SHACK, IGNITE RESTAURANT GROUP, INC.,
RAYMOND A. BLANCHETTE, III, KEVIN
COTTINGIM, and RODNEY MORRIS,

                                Defendants.

_____

INTRODUCTION

Currently pending before the undersigned[1] are the following applications: 1) a motion (Docket No. [#160] for partial summary judgment by Plaintiff Christopher Hart ("Hart"); 2) a cross-motion [#214] by Defendants to strike Hart's motion; and 3) a letter request by Hart to withdraw his motion for partial summary judgment. Hart's application to withdraw his motion for partial summary judgment is granted, and Defendants' cross-motion is denied as moot.

BACKGROUND

This is a proposed collective/class action asserting claims under the Fair Labor Standards Act ("FLSA") and the minimum-wage statutes of states including New York, Maryland, Missouri, Illinois and Arizona. The Court granted conditional certification of the

---

[1] Additional motions in this action are currently pending before the Honorable Marian W. Payson, United States Magistrate Judge.

FLSA collective action, and after the deadline for opting-in to that action had passed, Hart filed the subject motion for partial summary judgment as to the FLSA claims. Defendants cross-moved to strike Hart's application, citing, *inter alia*, the "one-way intervention rule," inasmuch as Plaintiffs have not yet moved for class certification of their state-law claims.[2] On February 4, 2016, the Court heard oral argument on the motions.

Shortly thereafter, on February 12, 2016, Hart wrote to the Court requesting permission to withdraw his application. Initially, Hart indicated that he wished to withdraw the application until after the Seventh Circuit issues a decision in *Schaefer v. Walker Bros. Enters.*, which involves FLSA "tip-credit" and "dual job" issues similar to those in the instant action. *See, Schaefer v. Walker Bros. Enters., Inc.*, Civil Action No. 10 CV 6366, 2014 WL 7375565 (N.D. Ill. Dec. 17, 2014), *appeal filed* January 13, 2015. Defendants opposed Hart's request.

On May 4, 2016, the Court received further communications from Hart, supplementing his request to withdraw his application for partial summary judgment. In pertinent part, Hart indicated that the Court should allow him to withdraw his application, because subsequent to oral argument he learned that some of the potential FLSA collective-action members were not given notice of the action, due to errors on Defendants' part. In particular, Hart indicated that Defendants had provided Plaintiffs' counsel with an inaccurate list of putative class members.[3] On May 11, 2016, Defendants submitted a responding letter, still opposing Hart's request to withdraw his

---

[2]"One-way intervention" may occur where, in a proposed class-action, a dispositive motion is decided prior to a motion for class certification, resulting in potential class members potentially "benefit[ting] from a favorable judgment without subjecting themselves to the binding effect of an unfavorable one." NEWBERG ON CLASS ACTIONS § 7:8 (5th ed. 2016) (citation omitted).

[3]*See*, letter of J. Nelson Thomas, Esq. dated May 4, 2016.

motion for partial summary judgment. In pertinent part, Defendants contend that Hart is merely hoping to avoid an unfavorable ruling, and that even if some of the FLSA collective action members did not receive notice, such fact would not lessen the applicability of the one-way intervention rule.[4]

Upon further review of the docket in this action, it now appears that Hart's communication on May 4, 2016, understated the magnitude of the problem with the list of potential collective/class members provided by Defendants. For example, on June 6, 2016, the Honorable Marian W. Payson, United States Magistrate Judge, observed that the class list provided by Defendants, from which notice in the FLSA collective action was given, has proven to be "inaccurate, unreliable and incomplete."[5] In fact, Magistrate Judge Payson has indicated that "there may be hundreds of inaccuracies on the list,"[6] requiring the creation of a new list. *See, also*, Transcript of Appearance on June 6, 2016 [#353] at p. 15 ("[Judge Payson:] "[I]t is rare and unusual that we are a year and a half into it and we still have no reliable class list."). Presumably, such fact will require the Court to re-visit the issue of notice in the FLSA collective action.

## DISCUSSION

Hart's request to withdraw his motion for partial summary judgment was made after his motion and Defendants' cross-motion were fully briefed, and after the Court had indicated, during oral argument, that it was inclined to deny his partial-summary-judgment application based on the one-way intervention rule. Ordinarily, the Court would not permit a movant to withdraw a motion under such circumstances. *See, e.g., United*

---

[4] *See*, letter of Brian J. Gershengorn, Esq. dated May 11, 2016.
[5] *See*, Docket No. [#353]. Transcript of appearance on June 6, 2016, at p. 3.
[6] *See*, Docket No. [#353]. Transcript of appearance on June 6, 2016, at p. 5.

*States v. Arrendondo-Valenzuela*, No. CIV.A. 10-2497-KHV, 2011 WL 2489745, at *1, n. 2 (D. Kan. June 20, 2011) ("It is generally well established that a party cannot 'withdraw' a motion which has already been presented to and considered by the Court in an attempt to circumvent an adverse ruling on the merits.") (citation omitted).  However, while Hart's initial request to withdraw the application may have been intended to avoid an adverse ruling, it now seems clear that he never would have filed the subject motion for partial summary judgment if he had known that the class list provided by Defendants was inaccurate, and that the FLSA class was therefore not accurately defined.  Consequently, the Court will permit Hart to withdraw his application for partial summary judgment.

## CONCLUSION

Christopher Hart's application [#160] for partial summary judgment is withdrawn, and Defendants' cross-motion [#214] to strike is denied as moot.  The Clerk of the Court is directed to terminate both motions.

SO ORDERED.

Dated:   Rochester, New York
         July 26, 2016

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge