UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CHRISTOPHER HART, et al.,

Plaintiffs,

v.

CRAB ADDISON, INC., d/b/a Joe's Crab Shack, et al.,

Defendants.

DECISION & ORDER

13-CV-6458CJS

Plaintiffs commenced this action on August 28, 2013, asserting claims under the Fair Labor Standards Act ("FLSA") and various state laws. (Docket # 1). On January 27, 2015, United States District Judge Charles J. Siragusa conditionally certified this case as a collective action under the FLSA. (Docket # 80). Currently pending before this Court are plaintiffs' motion to compel and for a sanctions hearing (Docket # 326) and defendants' motion for reconsideration of this Court's June 10, 2016 Order scheduling a sanctions hearing (Docket ## 357, 363).

## PROCEDURAL HISTORY

Both pending motions arise out of disputes concerning the accuracy of the class list produced by defendants in this matter. The litigated disputes have been protracted and have involved extensive correspondence, filings, motions, conferences, and proceedings before the Court. This opinion summarizes only those proceedings relevant to resolve the pending motions.[1]

[1] The Court's recitation of the procedural history is thus not intended to be exhaustive.

## I. **Plaintiffs' Motion to Compel**

On March 22, 2016, plaintiffs filed the pending motion to compel. (Docket # 326). The motion arises from defendants' repeated failures to comply with Judge Siragusa's January 27, 2015 Order, requiring defendants to produce a list of members of the class – namely, current and former employees of Joe's Crab Shack who were paid subminimum wage – in order to facilitate notice of the litigation to those potential class members.

The initial class list produced by defendants contained approximately 124,000 current and former Joe's Crab Shack employees whom defendants had identified as class members (the "original class list"). In late June 2015, defendants informed the Court that the original class list was inaccurate and contained tens of thousands of employees who should not have been included. (*See* Docket # 232-2 at ¶¶ 8-21). This Court conducted many conferences with counsel, and the parties filed several motions, addressing issues concerning the inaccuracy of the original class list and the notice that issued to individuals on that list. (*See* Docket ## 149, 178, 207, 217, 220, 232, 250, 255, 256, 278, 291, 300). On May 17, 2016, by Stipulation and Order, the parties resolved the majority of the issues raised by those motions, including plaintiffs' motion to amend the complaint or to sever (Docket # 207), defendants' motion to compel and for a protective order (Docket # 232), plaintiffs' motion to strike (Docket # 255), and plaintiffs' motion for corrective notice and costs (Docket # 256). (Docket # 346).

On July 17, 2015, defendants provided a corrected class list containing approximately 33,000 putative class members (the "July 2015 class list"). (Docket ## 326-1 at 4; 326-3). Despite defendants' representations that the July 2015 class list was accurate, beginning in March 2016 plaintiffs raised concerns with defendants about the accuracy of the class list. (Docket ## 326-1 at 4; 326-6). Plaintiffs identified approximately fifteen potential

class members whom they maintained were improperly excluded from the July 2015 class list. (Docket ## 326-1 at 4-5; 326-9).

On March 22, 2016, plaintiffs filed the pending motion to compel compliance with Judge Siragusa's January 2015 Order requiring defendants to produce a class list. (Docket # 326). The motion sought the following relief:

(1) an order compelling defendants to provide the basis for not including the fifteen identified potential class members in the July 2015 list;

(2) an order compelling defendants to produce a corrected class list; and,

(3) an order setting a date for a sanctions hearing.

(*Id.*).

Defendants opposed the motion, maintaining that plaintiffs had failed to confer in good faith prior to filing the motion and that the motion was unnecessary. (Docket # 340). Defendants' opposition included a chart explaining why the employees identified by plaintiffs had not been included in the July 2015 class list. (Docket ## 340 at 10; 340-1 at Exhibit ("Ex.") A). Of the fifteen employees in dispute, defendants maintained that only two had been wrongly excluded from the July 2015 class list and that their exclusion had resulted from inadvertence. (*Id.*). Defendants also represented that they were "undertaking an investigation to determine whether any other putative class members were excluded from the [July 2015 class list], and, to the extent there were, [they] would provide a supplemental class [list] identifying these individuals upon completion of the investigation. (Docket # 340 at 10). Finally, defendants argued that a sanctions hearing was not warranted because they had already agreed to pay the costs associated with their error and their conduct did not justify sanctions. (*Id.* at 11-12).

In reply, plaintiffs countered that their motion to compel was not moot because defendants had not yet produced a corrected class list; they also requested leave to depose a defense witness in order to identify the source of the inaccuracies in the July 2015 class list. (Docket # 342). Finally, plaintiffs maintained that they had complied with any applicable meet and confer obligations and were entitled to a sanctions hearing. (*Id.*).

At oral argument on the motion, in response to questioning from the Court, counsel for defendants reported that the July 2015 class list may have excluded more than one hundred potential class members. (Docket # 349 at 12-13). Counsel was unable to provide any further information regarding the scope or cause of the errors or an anticipated date by which defendants would produce an accurate list. (*Id.*). The Court expressed significant concern over defendants' inability either to produce an accurate class list or to identify the scope or source of the errors in the July 2015 list. (*Id.* at 15-17). In an attempt to address those concerns, the Court ordered defendants to produce a witness to testify regarding the process for compiling the July 2015 class list and the steps taken to ensure its accuracy. (*Id.*).

Defendants thereafter notified the Court that they no longer intended to rely on the July 2015 class list, but instead intended to produce a third class list. (Docket # 353 at 7). The new, third list was being created by litigation counsel, apparently without meaningful involvement of any company employees. (*Id.*). Defendants objected to tendering litigation counsel as a witness to testify as to the creation of the third list, but did provide an affidavit of counsel summarizing certain issues relating to the compilation of the list. (Docket ## 353 at 16; 359-16). At that time, the Court reserved decision on plaintiffs' motion to compel (Docket # 354), but ordered a sanctions hearing to be conducted on August 11, 2016 (Docket # 357).

## II. Defendants' Motion for Reconsideration

On June 24, 2016, defendants filed a motion seeking reconsideration of the Court's Order scheduling a sanctions hearing. (Docket # 363). Defendants maintained that they had not been provided adequate notice regarding the subject of the sanctions hearing, including the specific conduct allegedly warranting sanctions, the type of sanctions being sought, and the legal bases for the requested sanctions. (Docket # 363-1 at 6-7). Defendants also argued that their conduct did not justify sanctions. (*Id.* at 7-11).

Plaintiffs opposed the motion, asserting that defendants were adequately notified that sanctions were sought in connection with defendants' repeated failures to produce an accurate class list. (Docket # 371 at 5-8). Plaintiffs attached to their opposition a notice outlining the alleged sanctionable conduct, the legal authority for such sanctions, and the remedies which they were seeking. (Docket # 371-1). In reply, defendants disputed that plaintiffs had identified any sanctionable conduct on the part of defendants and characterized the notice as overly broad and impermissibly vague. (Docket # 372).

In light of the motion for reconsideration, the Court adjourned the sanctions hearing without date and addressed other motions pending before the Court. (Docket ## 359, 377, 383, 384, 386, 393, 395). On August 10, 2016, defendants produced a third class list (the "August 2016 class list"). (Docket # 393 at 3). According to defendants, the list contained 28,377 unique individuals, approximately 523 of whom had been wrongly excluded from the July 2015 class list. (*Id.*). Defendants also represented that the names of approximately 5,220 individuals had been improperly included on the July 2015 class list and thus had been removed from the August 2016 class list. (*Id.*). On August 11, 2016, the Court modified its previous order regarding the hearing to ensure the accuracy of the class list by ordering that a supervised

deposition pursuant to Fed. R. Civ. P. 30(b)(6) be conducted before the Court on September 13, 2016. (Docket ## 386; 393 at 29-33).

**III. Rule 30(b)(6) Deposition**

On September 13, 2016, Lisa Moore ("Moore"), Vice President of Human Resources for Ignite Restaurant Group, was deposed as a corporate representative pursuant to Rule 30(b)(6). (Docket ## 398; 401-2 at 5-6). Moore testified concerning the creation of the August 2016 class list and the process for verifying the accuracy of that list. (Docket ## 401-1; 401-2 at 4). After the deposition, Moore submitted an affidavit to clarify aspects of her testimony. (Docket # 406-5).

Moore testified that defendants' payroll administrators were instructed to provide lists of employees who were paid a subminimum wage during a specified time period. (Docket ## 401-2 at 7-9, 13-14, 16-17; 406-5 at ¶¶ 2-3). The data was compiled (hereinafter, the "subminimum wage list") and compared against the July 2015 class list to identify any employees who were not included on the July 2015 class list. (Docket ## 401-2 at 7-9, 13-14; 406-5 at ¶¶ 2-3) Approximately 600 individual employees were on the subminimum wage list but not the July 2015 class list. (Docket # 401-2 at 7-9).

Review of the list of 600 employees revealed that the list did not include some employees who were expected to be on that list. (Docket # 401-2 at 7-9, 19-23, 25-28). Investigation of the discrepancy disclosed that it resulted from the failure by one of the payroll administrators to pull payroll information for employees who were not paid by Crab Addison, but were paid by related entities. (*Id.*). Payroll data from these related entities was pulled and, after comparing the employee names against the July 2015 class list, 400 additional employees

were identified. (Docket # 401-2 at 7-9, 25-28). In sum, defendants identified a total of approximately 1,000 employees who were paid a subminimum wage but were excluded from the July 2015 class list; those employees were compiled into one list (hereinafter referred to as "List A"). (Docket # 401-2 at 7-9, 19-23, 25-28, 44).

Defendants then conducted a line-by-line review of the employees contained on List A. (Docket ## 401-2 at 30-31; 406-5 at ¶ 4). They determined that of the 1,000 employees on the list, approximately 600 should have been included on the July 2015 list but had not been. (Docket ## 401-2 at 30-31, 44-45; 406-5 at ¶ 7). Of those 600 employees, 300 had nonetheless received notice because they had been included on the original class list, although excluded on the July 2015 class list. (*Id.*). They were added to the August 2016 class list. (Docket ## 401-2 at 30-31; 406-5 at ¶ 7). Another 100 employees also had already received notice under different employee identification numbers. (*Id.*). These 100 employees were added to the August 2016 class list under the second identification numbers. (Docket ## 401-2 at 30-31, 45; 406-5 at ¶ 7). Approximately 200 employees on List A had never received notice because they had not been included on either the original class list or the July 2015 class list. (Docket ## 401-2 at 22, 44-45, 47; 406-5 at ¶ 7). They were also added to the August 2016 class list.

The line-by-line review of the 1,000 employees on List A identified approximately 400 employees who did not belong on July 2015 list. (Docket ## 401-2 at 30-31; 406-5 at ¶ 5). Moore testified that the 400 employees were not in fact subminimum wage employees, despite having been included on the subminimum wage list. (Docket # 401-2 at 31-32, 44). She testified that she did not know why these individuals appeared on the subminimum wage list. (*Id.*). In her post-deposition affidavit, she clarified that the 400 employees were included on the subminimum wage list due to anomalies in their pay, but

individualized review of each employee demonstrated that they were not proper putative class members.[2] (Docket # 406-5 at ¶¶ 5-6).

As an additional check, defendants also compared the subminimum wage list against the July 2015 class list to identify any employees who were on the July 2015 class list but not on the subminimum wage list. (Docket ## 401-2 at 35, 37; 406-5 at ¶ 2). Approximately 6,000 employees were identified (hereinafter referred to as "List B"). (Docket # 401-2 at 35, 37). Of these 6,000 employees, approximately 500 were determined to have been paid a subminimum wage and thus to belong on the class list.[3] (Docket ## 401-2 at 36-37, 39-40, 47; 406-5 at ¶ 8). These individuals were included on the August 2016 class list. (Docket ## 401-2 at 36-37, 39-40; 406-5 at ¶¶ 8-9). According to Moore, the reason that the vast majority of the 500 or so employees appeared on the July 2015 class list but not on the subminimum wage list was because they had worked during February 2015. (Docket ## 401-2 at 40-41; 406-5 at ¶¶ 8-9). The July 2015 class list included individuals who had worked through the end of February 2015, while the subminimum wage list retrieved payroll data only through February 1, 2015. (*Id.*).

After the deposition, plaintiffs filed a supplemental affidavit requesting additional discovery concerning the preparation of the class list. (Docket # 401). Plaintiffs identified five areas relating to Moore's testimony as to which they sought additional inquiry. (*Id.*). Defendants opposed plaintiffs' request for additional discovery and submitted an affidavit from Moore to clarify portions of her testimony. (Docket ## 406, 406-5).

---

[2] As one example, Moore explained that some of the employees had payroll entries indicating that they had worked at an hourly rate of $.01/hour for zero hours. (Docket # 406-5 at ¶ 6). Because those employees had not actually worked any time at that rate, they were not in fact paid a subminimum wage. (*Id.*).

[3] The remaining approximately 5,500 employees on List B had been wrongly included on the July 2015 class list and thus were not included on the August 2016 class list. (Docket ## 393 at 3; 401-2 at 39-40; 406-5 at ¶ 8).

## DISCUSSION

### I. Plaintiffs' Motion to Compel

The extensive procedural history relating to plaintiffs' motion to compel summarized above reveals that the majority of the relief sought by plaintiffs has been provided and the motion is largely moot. Defendants have provided the basis for not including in the July 2015 class list opt-in plaintiffs whose exclusion plaintiffs questioned; in any event, the July 2015 class list is no longer the operative list. (Docket ## 326-1 at 7; 340-1 at ¶¶ 6-7 and Exhibit ("Ex.") A). The August 2016 class list has now been produced (Docket ## 326-1 at 7; 393 at 3-4), and the Court has ordered a sanctions hearing (Docket # 357), although defendants have sought reconsideration of that order (Docket # 363), which is addressed below. The only unresolved issue is whether Moore's testimony and affidavit reasonably address this Court's interest in ascertaining and understanding the process defendants undertook to compile the August 2016 class list. (Docket ## 401-2, 406-5).

Although Moore's sworn testimony and declarations may not answer every conceivable question about the preparation of the August 2016 class list, that was not the purpose of the deposition. The purpose of the deposition was to attempt to obtain reasonable assurance that the methodology employed by defendants to prepare the August 2016 class list would produce an accurate class list and avoid the significant errors that permeated the prior lists. Moore's testimony and declarations satisfied that purpose, at least in the absence of any proof that the August 2016 class list is inaccurate.[4]

Plaintiffs request additional discovery regarding individuals incorrectly listed on the subminimum wage list. I find that Moore has provided an adequate explanation for the

[4] Of course, my determination that further discovery is unnecessary at this time is not tantamount to a finding that the August 2016 list is in fact accurate.

inclusion of these individuals. (Docket ## 401 at ¶¶ 4-11; 406-5 at ¶¶ 5-6). Plaintiffs also request more discovery concerning how the subminimum wage list was created. (Docket # 401 at ¶¶ 20-28). Defendants have explained how the subminimum wage list was created – by gathering that data from the company's payroll administrators – and Moore has testified that doing so was the best way to obtain the information. (Docket # 401-2 at 16-17, 20). Nothing in the record suggests that this method was flawed or unreasonable and, in the absence of evidence to the contrary, I discern no basis to order discovery on these topics.

Plaintiffs also maintain that additional discovery is necessary to explore alleged inconsistencies between defendants' various representations concerning the number of putative class members wrongly excluded from the July 2015 class list. (Docket # 401 at ¶¶ 12-19). Having reviewed Moore's testimony, coupled with her affidavit, I find that the information provided by Moore clarifies that no material inconsistencies exist. (Docket # 406 at 7-11).

Finally, I agree with defendants that any testimony regarding steps taken prior to May 17, 2016, to correct the July 2015 class list is irrelevant to issues concerning the creation of the August 2016 class list – the purpose of the Rule 30(b)(6) deposition. (*Id.* at 4-5). Accordingly, plaintiffs' motion to compel is denied as moot.

## II. <u>Defendants' Motion for Reconsideration</u>

Defendants seek reconsideration of this Court's June 10, 2016 Order setting a date for a sanctions hearing on the grounds that they have not been provided sufficient notice of the challenged conduct, the relief sought, or the legal bases for the sanctions. (Docket ## 357, 363). No genuine question exists, and indeed defendants concede, that the conduct at issue concerns

defendants' repeated failure to produce a class list in accordance with Judge Siragusa's January 27, 2015 Order. (Docket ## 80; 363-1 at 7 n.1).

Whether the extensive proceedings concerning defendants' failure to produce an accurate class list before August 2016 constitutes adequate notice to support an order setting a sanctions hearing is no longer material because plaintiffs have now provided defendants notice of the conduct at issue, the legal bases pursuant to which sanctions are sought, and a recitation of the relief requested (Docket # 371-1). As explained more fully below, that notice, coupled with the additional clarification ordered and the procedures for litigating the sanctions motion, ensures that defendants will be fully informed of the challenged conduct and the bases for the requested sanctions well in advance of any scheduled hearing and will have a full opportunity to defend against the request.

Defendants maintain that plaintiffs' notice is insufficient, arguing that some of the categories of conduct at issue are unduly vague and that the legal bases identified by plaintiffs are too broad and generalized.[5] (Docket # 372 at 5-7). With respect to the challenged conduct, if plaintiffs wish to pursue sanctions relating either to "defendants' conduct towards this Court and opposing counsel in explaining and remedying the issues with the class list" or "defendants' filings and pleadings regarding the class list" (categories 3 and 4 of their notice), they must identify the conduct, filing, pleading, or statement with sufficient specificity to permit defendants to defend their conduct or statements. *See StreetEasy, Inc. v. Chertok*, 752 F.3d 298, 310-11 (2d Cir. 2014) (district court improperly imposed sanctions without affording defendant notice and an opportunity to be heard; "[plaintiff's] motion – the instrument by which [defendant] received

[5] Defendants also maintain that a sanctions hearing is not warranted because they have not engaged in any bad faith conduct and because they have offered to provide some remedies, including equitable tolling and costs, associated with their provision of an inaccurate class list. (Docket # 372 at 7-8). These arguments address the merits and are premature at this time.

notice of his sanctionable conduct – did not identify this specific representation, or even [plaintiff's] general argument about the non-binding nature of the parties' settlement, as sanctionable conduct"); *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 334 (2d Cir. 1999) ("[a]t a minimum, the notice requirement mandates that the subject of a sanctions motion be informed of . . . the specific conduct or omission for which the sanctions are being considered so that the subject of the sanctions motion can prepare a defense"). The required specificity should include, at the very least, the date of the conduct or statement(s), the individual(s) who engaged in the conduct (if known) or made the statement(s), and a description of the conduct and/or an identification of the particular statement by reference to page and line numbers of pleadings, motions, transcripts, or correspondence. I find that the remaining categories of challenged conduct identified by plaintiffs (categories 1, 2 and 5) provide defendants sufficient notice to proceed.

Although defendants maintain that plaintiffs have identified too many purported legal bases upon which to seek sanctions, they have not challenged any of the particular bases identified by plaintiffs as facially inapplicable. At this stage, I decline to strike any of the bases identified by plaintiffs. *Id.* at 334 ("[a]t a minimum, the notice requirement mandates that the subject of a sanctions motion be informed of . . . the source of authority for the sanctions being considered"). Of course, plaintiffs bear the burden of demonstrating to the Court why sanctions are justified under the legal authority upon which they rely.

Accordingly, defendants' motion for reconsideration is granted in part. Specifically, to the extent plaintiffs wish to pursue sanctions relating to categories 3 and 4 of their notice, they must provide defendants additional specificity regarding the alleged conduct at issue in accordance with the directions set forth herein. Plaintiffs shall provide such amended

notice to defendants, with a copy to the Court, on or before **March 10, 2017**. Because plaintiffs have indicated their intent to submit their proof relating to sanctions in written form, rather than through the presentation of witnesses at a hearing (Docket # 401-2 at 53), plaintiffs shall file their written submission on or before **March 31, 2017**.[6] Defendants shall advise this Court in writing by no later than **April 10, 2017**, whether they wish to respond to plaintiffs' submission in writing or through the presentation of witnesses at a hearing. A schedule for further proceedings will be set upon the Court's receipt of defendants' April 10, 2017, letter.

## CONCLUSION

For the reasons stated above, plaintiffs' motion to compel and for a sanctions hearing (**Docket # 326**) is **DENIED as moot**. Defendants' motion for reconsideration (**Docket # 363**) is **GRANTED in PART and DENIED in PART** as set forth above.

**IT IS SO ORDERED.**

*s/Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
February 24, 2017

[6] Plaintiffs have requested that they be permitted to defer sub4ission of their time records until the merits of their request for sanctions have been resolved. (Docket # 401-2 at 54). That application is granted.