

**EPSTEIN BECKER GREEN**

Attorneys at Law

Kenneth J. Kelly
t 212.351.4606
f 212.878.8600
kkelly@ebglaw.com

January 12, 2018

**VIA ECF**

Honorable Marian W. Payson
United States District Court
Western District of New York
100 State Street
New York, New York 14612

    Re:  Christopher Hart, et al. v. Crab Addison, Inc. d/b/a Joe's Crab Shack, et al.
           13-CV-6458-CJS

Dear Judge Payson:

    Epstein Becker & Green, P.C. ("EBG") formerly represented Defendants in the referenced matter and writes concerning Plaintiffs' pending Motion for Sanctions. EBG joins in the separate brief being filed by Defendants' present counsel, and hereby incorporates any and all such arguments made therein which is applicable and consistent with the arguments set forth below.

## STATEMENT OF FACTS RELEVANT TO MOTION

    The facts relevant to this matter have been the subject of many previous filings, but in particular, Defendants' Motion to Compel and for a Protective Order (D.E. 232). With respect to the issues identified in Plaintiffs' Motion for Sanctions, EBG was only involved as counsel for Defendants for the ninety-day period from January 2015 to March 2015. *See* Affidavit of Melissa Osipoff ("Osipoff Aff.") at D.E. 232-2, ¶¶ 6-7.

    More specifically, on January 27, 2015, as part of an order conditionally certifying the class at issue, Judge Siragusa directed Defendants to provide Plaintiffs' counsel with a list of contact information for putative class members. *See* D.E. 80. On or about February 18, 2015, the Notice List was provided to EBG by Ignite in approximately 250 spreadsheets, broken down by restaurant location, containing the contact information for the purported potential opt-in Plaintiffs; EBG delivered the data to Plaintiffs' counsel in the same form that it was maintained by Ignite. *See* Osipoff Aff. at ¶8. Unbeknownst to EBG, two of those files inadvertently contained a company-wide master human resources file that should have never been provided to

Hoorable Marian W. Payson
January 12, 2018
Page 2

Plaintiffs' counsel. *See id.* at ¶9.[1] The data provided for these employees went well beyond the scope of what Defendants were ordered to provide (*i.e.*, contact information, location of employment, position held and dates of employment). *See* id.

At Plaintiffs' counsel's insistence, the data in these spreadsheets were subsequently provided in a single, consolidated spreadsheet. Because the consolidated spreadsheet merely electronically consolidated the data in the individual lists, it too, included all of the individuals contained on the master human resources list. *See* id.

As stated earlier, by the end of March 2015, EBG was no longer counsel of record for Defendants; in April 2015, Ogletree Deakins Nash Smoak & Stewart, P.C. ("Ogletree") replaced EBG as counsel for Defendants. See D.E. 87-89. EBG had no other involvement in this case from that point forward.

On July 17, 2015, a revised list was provided to Plaintiffs by attorneys from Ogletree. See id at ¶ 19.

## LEGAL ARGUMENT

### SANCTIONS SHOULD NOT BE ASSESSED AGAINST EBG OR ITS ATTORNEYS

Plaintiffs have moved for sanctions against Defendants "and their counsel" for alleged delays in obtaining an accurate list of potential opt-in plaintiffs. They move under three different authorities for such sanctions – Federal Rules of Civil Procedure 16 and 37, and 28 U.S.C. § 1927 (as well as the court's inherent power). As is more clearly demonstrated below, EBG's actions do not remotely fall within sanctionable conduct under any of these provisions. Indeed, Plaintiffs' own motion papers were not served directly upon EBG, nor is any relief expressly sought specific to EBG or any of its attorneys. Further, even if one construed such request to have been made by Plaintiffs, there is no basis for such an award against EBG under the facts alleged or the authorities cited. Accordingly, Plaintiffs' motion should be denied, as either not directed at EBG or as without merit as against EBG and its attorneys, or both.

   *A.*   *There Is No Motion Expressly Directed At EBG Or Its Attorneys*

Despite the Court's previous direction to state specifically the sanctions sought and their basis (D.E. 439), Plaintiffs themselves neither specify that sanctions should be awarded against EBG nor did they separately serve such motion on EBG, who is no longer defense counsel and

---

[1] The inadvertent nature of the production is adequately and sufficiently explained by the Osipoff Aff. filed at D.E. 232-2 (with accompanying exhibits). Due to the multitude of attorney-client privilege issues that emanate from this production, no further details are being provided. Should this Court require additional information, an *in camera* submission can be provided.

Hoorable Marian W. Payson
January 12, 2018
Page 3

has not been defense counsel since April 2015. (D.E. 87-89). The prayer for relief in the instant motion does not, on its face, appear to include EBG or its attorneys.

### B.   The May 17, 2016 Stipulation and Order Moots Any Relief Against EBG

To the extent there is any effort by Plaintiffs' counsel to seek sanctions against EBG and its attorneys, EBG understands that the May 17, 2016 Stipulation and Order [D.E. 346] directly addressed (among others) issues with respect to the original February 2015 list. In that *Stipulation*, which was negotiated with Defendants' present counsel and the Court, Plaintiffs agreed to accept payment and withdraw its then-pending Motion for Costs. That must be read to have resolved the issues up to that date, *i.e.* all issues as to times in which EBG was involved in that case. Plaintiffs should not have a second bite at the apple nor have they asserted any facts to support such a maneuver. There is also no reason to now defer reaching that conclusion, notwithstanding the reference in plaintiffs' counsel's recent email to the Court to addressing EBG-related issues "at some later date."

### C.   If There Is Any Motion Directed At EBG Or Its Attorneys, It Fails

#### 1.   It Fails Under Fed.R.Civ.P 16(f)

Pursuant to Federal Rule of Civil Procedure 16(f)(1), "on motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A) (ii-vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order." *See also Miltope Corp. v. Hartford Cas. Ins. Co.,* 163 F.R.D. 191, 195 (S.D.N.Y. 1995) (noting that "[d]ue regard for the need to vindicate the public interest in the sound administration of justice" warrants "the imposition of a fine, payable to the Clerk of the Court," and that "purpose" of such fine "imposed upon an offending attorney" is "essentially punitive and deterrent"). Indeed, the Supreme Court has stated that "sanctions for violation of . . . scheduling orders 'must be applied diligently both to penalize those whose conduct may be deemed to warrant such a sanction, and to deter those who might be tempted to such conduct in the absence of such a deterrent.'" *Miltope Corp.,* 163 F.R.D. at 194 (quoting *Roadway Exp., Inc. v. Piper,* 447 U.S. 752, 753 (1980)); *see also Mickle v. Morin,* 297 F.3d 114, 125 (2d Cir. 2002) (a district court has inherent power to sanction an attorney "for disobeying [the] court's orders").

Applying a Rule 16(f) analysis to EBG's actions, it is clear sanctions are not warranted. EBG did not disregard, or in any way fail to comply with, Judge Siragusa's Order. On the date and time required to do so, EBG provided, on behalf of Defendants, what it believed to be the Notice List called for in that Order. Operating under the belief that what it produced was indeed what was called for in the Order, EBG even provided a consolidated spreadsheet as Plaintiffs' counsel demanded. Nevertheless, through absolute inadvertence, which went undiscovered until a time when EBG was no longer counsel of record, there was an "overproduction" of names. In other words, the production went beyond what was called for in the Order itself. That inadvertence was technical in nature, and was not borne out of any desire to hide names from Plaintiffs or fail to comply with the Order.

Hoorable Marian W. Payson
January 12, 2018
Page 4

### 2. *It Fails Under Fed.R.Civ.P 37(b)*

Equally unavailing is Plaintiffs' argument that sanctions should be assessed against EBG under Rule 37. Rule 37 of the Federal Rules of Civil Procedure, which concerns the discovery obligations of civil litigants, vests district courts with "broad power" and discretion to impose sanctions, including dismissal, on parties who fail to adhere to discovery orders. *See Friends of Animals, Inc. v. United States Surgical Corp.*, 131 F.3d 332, 334 (2d Cir. 1997); *see also Jones v. J.C. Penney's Dep't Stores, Inc.*, 228 F.R.D. 190, 195 (W.D.N.Y. 2005).

Sanctions under Rule 37 of the Federal Rules of Civil Procedure for failure to comply with a discovery order is still a drastic penalty reserved in general for culpable conduct, such as willful and conscious disregard of a court order. *See, e.g., Houghton v. Culver*, 467 F. App'x 63, 65 (2d Cir. 2012) (affirming district court's dismissal of action under Rule 37(b)(2) for plaintiff's failure to comply with three pretrial orders and failure to prepare for trial); *John B. Hull, Inc. v. Waterbury Petroleum Products, Inc.*, 845 F.2d 1172, 1176 (2d Cir. 1988) (sanctions such as "[d]ismissal under Rule 37 [are] warranted . . . where a party fails to comply with the court's discovery orders willfully, in bad faith, or through fault") (citing *Salahuddin v. Harris*, 782 F.2d 1127, 1132 (2d Cir.1986)).

Numerous factors are relevant to a district court's exercise of its broad discretion to order sanctions under Rule 37, including: (1) the willfulness of the non-compliant party or the reason for the noncompliance; (2) the efficacy of lesser sanctions; (3) the prejudice to the other party; (4) the duration of the period of noncompliance, and (5) whether the non-compliant party had been warned of the consequences of his non-compliance. *Handwerker v. AT & T Corp.*, 211 F.R.D. 203, 208 (2d Cir. 2002) (citations omitted). In addition, an award of sanctions under Rule 37 should effectuate its three purposes: (1) ensuring the disobedient party does not benefit from non-compliance; (2) obtaining compliance with discovery orders; and (3) providing a general deterrent in the particular case and litigation in general. *Id.*

Applying these factors to EBG's conduct should result in a denial of Plaintiffs' motion. As stated above, EBG, on behalf of Defendants, did not fail to comply with the Order, there was certainly no prejudice at the time it occurred, and there were no warnings by Judge Siragusa about noncompliance. Further, Defendants would not – and did not – benefit from any alleged non-compliance, and there is no need to sanction EBG as a general deterrent in this case or cases in general. This was inadvertence, pure and simple, and not some willful or conscious gamesmanship that this Court needs to punish.

### 3. *It Fails Under 28 U.S.C. § 1927*

Finally, this Court should not find that EBG's conduct is sanctionable under 28 U.S.C. § 1927 as this section requires a standard of conduct that is simply not borne out by the facts of this case. This section, entitled "Counsel's liability for excessive costs", imposes liability for misconduct on "any attorney or other person admitted to conduct cases in any court". *Id.* The section provides that any such person "who so multiplies the proceedings in any case

unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." *Id.* Sanctions under Section 1927 require a showing that an "attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay," and "a finding of conduct constituting or akin to bad faith." *In re 60 East 80th Street Equities*, 218 F.3d 109, 115 (2d Cir. 2000). In other words, imposition of a sanction under § 1927 requires a "clear showing of bad faith". *Kamen v. American Telephone & Telegraph Co.*, 791 F.2d 1006, 1010 (2d Cir.1986) (quoting *State of West Virginia v. Chas. Pfizer & Co.*, 440 F.2d 1079, 1092 (2d Cir.), *cert. denied*, 404 U.S. 871, 92 S.Ct. 81, 30 L.Ed.2d 115 (1971))[2].

Applying the standards under each of these sections, it is clear that EBG's conduct does not warrant sanctions. EBG attempted, in good faith, to provide the Notice List pursuant to Judge Siragusa's January 27, 2015 Order. Through indisputable inadvertence, a list was provided that contained many more names than had been called for under the Order. By the time this error was discovered, EBG was already out of the case and new counsel provided a revised list. This conduct falls far short of the "unreasonable" and "vexatious" conduct standard required under Section 1927.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Sanctions should be denied as to Epstein Becker & Green, P.C. for the conduct alleged, and we submit as to Defendants themselves and any other counsel. None of the applicable legal standards can be met under the facts of this matter.

Respectfully submitted,

*/s/ Kenneth J. Kelly*

Kenneth J. Kelly

KJK:cje

cc: All Counsel
(via ECF)

---

[2] The Plaintiffs have also invoked the court's "inherent power" to sanction the conduct at issue. The standards are exactly the same; the only meaningful contrast is awards under § 1927 are made only against attorneys or other persons authorized to practice before the courts while an award made under the court's inherent power may be made against an attorney, a party, or both.

xxx