UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CHRISTOPHER HART, et al.,

                        Plaintiffs,

      v.

CRAB ADDISON, INC. d/b/a Joe's Crab Shack
et al.,

                        Defendants.
_____

<u>ORDER TO SHOW CAUSE</u>

13-CV-6458CJS

        On October 25, 2018, this Court held an evidentiary hearing in connection with a motion for sanctions that is pending before the Court against Fisher & Phillips LLP, Brian J. Gershengorn, Esq., Melissa J. Osipoff, Esq. and Seth D. Kaufman, Esq. (collectively, "the Fisher Interested Parties").  (Docket ## 544, 573).  Steve Metzger ("Metzger") and Melissa J. Osipoff ("Osipoff") provided testimony during the hearing relating to declarations they had authored in opposition to the sanctions motion.  (Docket ## 546-1, 560, 573).  At the conclusion of the hearing, the Court set a briefing schedule for post-hearing submissions.  (Docket # 573).

        The testimony provided by the witnesses and the statements contained within their declarations implicate the potential for additional sanctions against the Fisher Interested Parties for misrepresentations made to the Court pursuant to Rule 11(b) of the Federal Rules of Civil Procedure, 28 U.S.C. § 1927, and this Court's inherent powers.  Specifically, in his declaration, which was submitted by the Fisher Interested Parties in opposition to the motion for sanctions (Docket # 546), Metzger states that that Osipoff "had no knowledge about the creation of the July 2015 Class Notice List."  (Docket # 546-1 at ¶ 21).  By contrast, Osipoff affirmed in

her declaration dated July 26, 2018 that she "provided oversight and support . . . on various issues that arose during the preparation [of the July 2015 Class Notice List] and then worked to vet the accuracy of the [July 2015 Class Notice List]." (*See*, *e.g.*, Docket # 560 at ¶¶ 6-8). She testified at the hearing about her involvement in the preparation of the July 2015 Class List, including her involvement in the "vetting" process that led to certain modifications to the List before it was produced.

Osipoff's declaration and testimony also raise concerns about the truthfulness of other statements made by the Fisher Interested Parties to the Court during the course of this litigation, including the following:

- "We have now confirmed with our client that the *only* person with any detailed knowledge of the July 2015 Revised Notice List is no longer with the company and thus is not under Defendant's control."  May 25, 2016 letter from Brian J. Gershengorn, Esq. to Hon. Marian W. Payson at p.1 (emphasis in original).

- "Defendants' counsel confirmed with our client that the *only* person with any knowledge of the July 2015 Class List is no longer with the company and thus not under Defendants' control."  June 3, 2016 letter from Brian J. Gershengorn, Esq. to Hon. Charles J. Siragusa at p.2 (emphasis in original).

- "[T]he former general counsel is the one who has the knowledge certainly of the errors of July 2015."  Statement of Brian J. Gershengorn, Esq. during proceedings held on June 6, 2016 (Docket # 353 at 17).

- "[T]he individual with knowledge of the class list was no longer in the defendant's employ, and we didn't have control of that individual."  Statement of Brian J. Gershengorn, Esq. during proceedings held on August 11, 2016 (Docket # 393 at 7).

- "This is, as the Court is aware, contrary to Defendants' repeated assertions (both on the June 1 conference call and since) that *no one* left under the Company's control had knowledge of the July 2015 class notice list, and that Defendants' Counsel *only* had knowledge of efforts to create a new list from scratch."  April 10, 2017 letter from Brian J. Gershengorn, Esq. to Hon. Marian W. Payson at p.2 (emphasis in original).

- "Additionally, the Metzger Declaration confirms that . . . Ms. Martin . . . was the only individual with knowledge of the July 2015 Class List." Memorandum of Law in Opposition to Plaintiff's Renewed Motion for Sanctions on Behalf of the Fisher Interested Parties (Docket # 546 at 14).

- "This is, as the Court is aware, contrary to Defendants' repeated assertions (both on the June 1 conference call and since) that no one left under Ignite's control had knowledge of the July 2015 Class List (a fact confirmed by the Metzger Decl., ¶ 21), and that Defendants' Counsel only had knowledge of efforts to create a new list from scratch." Memorandum of Law in Opposition to Plaintiff's Renewed Motion for Sanctions on Behalf of the Fisher Interested Parties (Docket # 546 at 19).

Accordingly, it is hereby

ORDERED, that the Fisher Interested Parties show cause on or before **December 13, 2018** – the date that their post-hearing submission is due – why the representations identified above did not violate Rule 11(b) of the Federal Rules of Civil Procedure and why sanctions based upon those representations are not otherwise warranted pursuant to 28 U.S.C. § 1927 and/or this Court's inherent powers.[1]

**IT IS SO ORDERED.**

                                                                        MARIAN W. PAYSON
                                                                  United States Magistrate Judge

Dated: Rochester, New York
       November _____, 2018

---

[1] The Fisher Interested Parties were provided notice prior to the evidentiary hearing of plaintiffs' contention that Osipoff's declaration was inconsistent with both Metzger's affidavit and previous statements made during the course of this litigation. (*See*, *e.g.*, Docket # 566 at 7). Nevertheless, in order to ensure that the Fisher Interested Parties are fully aware of both the conduct and legal authority at issue and that they have an opportunity to be fully heard before a decision is rendered, the Court is issuing this show cause order. This show cause order is in addition to, but does not supplant, the Notice and Supplemental Notice of sanctions previously provided by plaintiffs. (Docket ## 371-1, 439).