UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CHRISTOPHER HART, MARIA SARGENT, TAYLOR RAMSEY, ANDREA RANDLETT, SHELLY CARRERA, MICHAEL WILLIAMS, LEAH HENCHELL, COURTNEY HOLLINS, AMBER INGRAM, AND WHITNEY DOLAN, *on behalf of themselves and all other employees similarly situated,*

                    *Plaintiffs,*

        v.

CRAB ADDISON, INC., d/b/a JOE'S CRAB SHACK, IGNITE RESTAURANT GROUP, INC., RAYMOND A. BLANCHETTE III, KEVIN COTTINGIM, AND RODNEY MORRIS,

                    *Defendants.*

Civil Action No. 13-cv-6458

---

# MEMORANDUM OF LAW IN OPPOSITION TO THE FISHER ATTORNEYS' OBJECTIONS TO THE REPORT AND RECOMMENDATION

**THOMAS & SOLOMON LLP**
*Attorneys for Plaintiffs*
693 East Avenue
Rochester, NY 14607
Telephone: (585) 272-0540

Of Counsel:   J. Nelson Thomas, Esq.
               Michael J. Lingle, Esq.
               Jessica L. Lukasiewicz, Esq.

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES.................................................................................... iii

PRELIMINARY STATEMENT ............................................................................... 1

REVELANT FACTUAL BACKGROUND................................................................. 4

ARGUMENT ........................................................................................................ 4

I.     LEGAL STANDARDS ............................................................................ 4

       A.     Standard of Review................................................................. 4

       B.     Legal Bases for Sanctions........................................................ 5

II.    JUDGE PAYSON PROPERLY IMPOSED ATTORNEYS' FEES RELATING
       TO THE MAY 17, 2016 ORDER ........................................................ 7

       A.     The Record Contains Ample Evidence to Support Judge Payson's
              Ruling ................................................................................ 7

       B.     The Fisher Parties Received Specific Notice Before Judge Payson
              Ordered Sanctions for their Conduct Surrounding the May 17, 2016
              Order.................................................................................. 8

       C.     Sanctions Were Appropriately Awarded under Rule 16(f) ................ 12

       D.     The Fisher Attorneys Were Not "Substantially Justified" in Failing to
              Promptly Notify the Court and Plaintiffs' Counsel that they Would
              Not Produce a Witness Pursuant to the May 17, 2016 Order ........... 13

III.   JUDGE PAYSON PROPERLY AWARDED SANCTIONS BASED ON THE
       FISHER ATTORNEYS' MISREPRESENTATIONS TO THE COURT ......... 15

       A.     The Record Contains Ample Evidence to Support Judge Payson's
              Ruling ................................................................................ 15

       B.     The Fisher Attorneys Received Specific Notice of Sanctions Sought
              for their Misrepresentations to the Court as to their Involvement in
              the Creation of the July 2015 Class List ................................. 17

       C.     This Court Should Reject the Fisher Attorneys' Additional Arguments
              that Judge Payson's R&R was in Error................................. 21

1.     <u>The record supports Judge Payson's finding that the noticed statements were misleading</u> ............................................................ 21

2.     <u>The noticed statements were "without color"</u> ................................ 24

3.     <u>The noticed statements were made in bad faith</u>.............................. 26

IV.    **JUDGE PAYSON'S AWARD OF SANCTIONS FOR THE FISHER ATTORNEYS' MISREPRESENTATIONS TO THE COURT DOES NOT EXCEED THE PERMISSIBLE SCOPE OF SANCTIONS** ............................. 28

**CONCLUSION**............................................................................................................ 30

## TABLE OF AUTHORITIES

**Cases**                                                                            **Page(s)**

*Brick v. HSBC Bank USA,*
   No. 04-CV-0129E(F), 2004 WL 1811430 (W.D.N.Y. Aug. 11, 2004) .............................. 7

*Burgie v. Euro Brokers, Inc.,*
   No. CV-05-968, 2007 WL 1704178 (E.D.N.Y. June 12, 2007) .......................................... 4

*Caraballo v. Homecoming Fin.,*
   No. 12 Civ. 3127, 2013 WL 1499403 (S.D.N.Y. Apr. 12, 2013).................................. 5, 12

*Ceglia v. Zuckerberg,*
   No. 10-CV-569, 2012 WL 12995636 (W.D.N.Y. June 28, 2012) ................................... 28

*Chambers v. NASCO, Inc.,*
   501 U.S. 32 (1991) ........................................................................................................ 6

*Chen v. Marvel Food Servs., LLC,*
   CV 15-6206, 2016 WL 6872626 (E.D.N.Y. Nov. 21, 2016).............................................. 5

*Craig v. UMG Recordings, Inc.,*
   No. 16-CV-5439, 2019 WL 2992043 (S.D.N.Y. July 9, 2019) ........................................ 26

*Emmon v. Prospect Capital Corp.,*
   675 F.3d 138 (2d Cir. 2012)............................................................................................. 25

*Estate of Shaw v. Marcus,*
   No. 14 Civ. 3849, 2017 WL 825317 (S.D.N.Y. Mar. 1, 2017)................................... 4, 29

*Goodyear Tire & Rubber Co. v. Haeger,*
   137 S. Ct. 1178 (2017)..................................................................................................... 29

*Homkow v. Muskia Records, Inc.,* No.,
   04 Civ. 3587, 2009 WL 721732 (S.D.N.Y. Mar. 18, 2009)............................................... 4

*In re 60 E. 80th St. Equities, Inc.,*
   218 F.3d 109 (2d Cir. 2000)....................................................................................*passim*

*Kiobel v. Millson,*
   592 F.3d 78 (2d Cir. 2010) .............................................................................................. 25

*Landeros v. Costello,*
   No. CV 11-4209, 2012 WL 1004910 (E.D.N.Y. Feb. 3, 2012).................................... 5, 12

*Mahoney v. Yamaha Motor Corp. U.S.A.,*
    290 F.R.D. 363 (E.D.N.Y. 2013) ..................................................................................... 24

*Margo v. Weiss,*
    213 F.3d 55 (2d Cir. 2000) ...................................................................................... *passim*

*MHD-Rockland Inc., v. Aerospace Distribs. Inc.,*
    102 F.Supp.3d 734 (D. Md. 2015) ........................................................................... *passim*

*Murphy v. Bd. of Educ. of Rochester City Sch. Dist.,*
    196 F.R.D. 220 (W.D.N.Y. 2000) .............................................................................. 9, 18

*Olivieri v. Thompson,*
    803 F.2d 1265 (2d Cir. 1986) .................................................................................... 6, 26

*People of State of N.Y. by Vacco v. Operation Rescue Nat.,*
    80 F.3d 64 (2d Cir. 1996) ........................................................................................ *passim*

*Rankin v. City of Niagara Falls,*
    293 F.R.D. 375 (W.D.N.Y. 2013) ..................................................................................... 25

*Schlaifer Nance & Co., v. Estate of Warhol,*
    194 F.3d 323 (2d Cir. 2009) .............................................................................................. 9

*Ted Lapidus, S.A., v. Vann,*
    112 F.3d 91 (2d Cir. 1997) ................................................................................................ 9

*Thomas E. Hoar, Inc. v. Sara Lee Corp.,*
    900 F.2d 522 (2d Cir. 1990) .............................................................................................. 4

*Thurmond v. Bowman,*
    199 F. Supp. 3d 686 (W.D.N.Y. 2016) ............................................................................. 5

*U.S. v. Seltzer,*
    227 F.3d 36 (2d Cir. 2000) ...................................................................................... *passim*

*United States v. International Bhd. of Teamsters,*
    948 F.2d 1338 (2d Cir. 1991) ........................................................................................... 6

**Statutes**

28 U.S.C. § 1927 .................................................................................................... *passim*

**Rules**

Rule 11(b) of the Federal Rules of Civil Procedure ............................................... 20

Rule 16(f) of the Federal Rules of Civil Procedure……………………………………………*passim*

## PRELIMINARY STATEMENT

In a careful, thoughtful and thorough 75-page decision, based on her intimate familiarity with the underlying conduct and proceedings, Magistrate Judge Payson found that defense counsel, Fisher & Phillips, LLP and individual attorneys Brian J. Gershengorn ("Gershengorn") and Melissa J. Osipoff ("Osipoff") (collectively, the "Fisher Attorneys"), should be sanctioned for their conduct in this matter. *See* Dkt. No. 582 ("R&R"). There is no basis to disturb that well-reasoned decision, and the Fisher Attorneys' objections should therefore be overruled.[1]

The overarching question is simple – whether it is within the Court's authority to sanction attorneys who: (1) fail to advise the Court that they will not produce a witness pursuant to a Court order, particularly after representing that a witness would testify, resulting in unnecessary preparation by the Court and plaintiffs' counsel; and/or (2) make false statements to the Court in an effort to avoid sanctions. The answer is unequivocally yes.

First, Judge Payson properly sanctioned the Fisher Attorneys for their failure to notify the Court that they would not be producing a witness at a hearing which had been scheduled concerning the class list, even though they had represented that a witness would testify, resulting in unnecessary and wasted preparation by the Court and plaintiffs' counsel.

In objecting to the sanctions award, the Fisher Attorneys argue that they did not have

---

[1]     Judge Payson's thorough and detailed analysis in the R&R is bolstered by the fact that she was intimately involved with the underlying proceedings giving rise to the sanctionable conduct. For example, Judge Payson not only heard many motions involving the production of the inaccurate class lists, as well as those relating to the Fisher Attorneys' subsequent conduct (*e.g.*, motion to compel, motion to strike, motion for sanctions), but was actually present during the Rule 30(b)(6) testimony of defendants' corporate witness and the evidentiary hearing where Ms. Osipoff and Mr. Metzger testified. Further, the anticipated June 6, 2016 testimony pursuant to the May 17, 2016 Order was also intended to be before Judge Payson. R&R at 7, 10-34.

notice that their failure to inform the Court and plaintiffs' counsel that they would not be producing a witness at the hearing was a potential basis for sanctions. They further argue that such a failure is not a basis for sanctions under Rule 16(f) and that their failure to inform plaintiffs' counsel was substantially justified. These objections have no merit.

Contrary to the objections, the record demonstrates that the Fisher Attorneys received specific notice that their conduct surrounding their failure to promptly notify the Court and plaintiffs' counsel that they would not produce a witness in accordance with Judge Payson's May 17, 2016 Order was a potential basis for sanctions. Furthermore, the Fisher Attorneys had the opportunity (and took the opportunity) to respond to such notice. Thus, Judge Payson was not clearly erroneous in concluding that sanctions should be awarded.

Further, the Fisher Attorneys argue that Judge Payson's R&R erred in awarding sanctions relating to the May 17, 2016 Order. Not only did the record provide ample support for Judge Payson's Order, but sanctions were appropriately awarded under Rule 16(f) because the Fisher Attorneys' conduct required plaintiffs' counsel to expend unnecessary fees and costs in preparing for a hearing when the Fisher Attorneys *knew or should have known* that no witness would testify. Similarly, the Fisher Attorneys' objection fails because, given that they knew or should have known that they would not produce a witness to testify, they were not substantially justified in not promptly advising the Court and plaintiffs' counsel. Again, Judge Payson was not clearly erroneous in concluding that sanctions should be awarded for the Fisher Attorneys' conduct relating to the May 17, 2016 Order and June 6, 2016 hearing.

Second, Judge Payson properly sanctioned the Fisher Attorneys for their (mis)representations to the Court about their involvement in the creation of a list of class members in this matter, which was to be compiled pursuant to this Court's order issued in

January 2015 (the "Notice Order").  In particular, after the discovery of inaccuracies in the class list, the Fisher Attorneys long maintained that they had no involvement in the creation of the class list, until the creation of the final, August 2016 list.  Indeed, the Fisher Attorneys solicited, drafted, submitted and relied on a declaration from Steve Metzger, general counsel of the company at the time, to that effect.  Those representations were false, as Ms. Osipoff's own testimony ultimately revealed.  Thus, the record clearly demonstrates that the sanctions awarded by the Court were proper.

In arguing that sanctions are not warranted, the Fisher Attorneys contend that they were not provided sufficient notice of the conduct that was potentially sanctionable and that the conduct was not misleading, "without color," or in bad faith.  The Fisher Attorneys' objections are meritless.

Indeed, the Fisher Attorneys were on notice that their misrepresentations provided a basis for potential sanctions and had the opportunity to be heard (on multiple occasions) on the issue.  In addition, the record supports Judge Payson's Order imposing sanctions for the conduct.  As Judge Payson correctly noted, "Metzger's affidavit was the factual centerpiece of their opposition to the sanctions motion."  R&R at 21.  Further, her "careful review of the record and assessment of the evidence le[d] to the conclusion that the representations made in Metzger's Declaration and in the Fisher Parties' memorandum of law submitted in opposition to the sanctions motion were knowing misrepresentations designed to mislead the Court in evaluating the conduct at issue in the sanctions motion, for which Osipoff and Gershengorn bear responsibility and should be sanctioned." R&R at 69.

Finally, the Fisher Attorneys' contention that Judge Payson's R&R awarded costs and fees that exceeded the permissible scope of sanctions is simply incorrect.  Indeed, consistent

with applicable authority, Judge Payson awarded those attorneys' fees and costs that would not have been expended but for the Fisher Attorneys' sanctionable conduct, and thus the R&R is not clearly erroneous.

Accordingly, the Court should adopt Judge Payson's R&R.

## RELEVANT FACTUAL BACKGROUND

Given Judge Payson's detailed and thorough discussion of the extensive relevant factual history, plaintiffs hereby adopt and incorporate by reference the Procedural History of Plaintiffs' Sanctions Motion and Factual Background set forth in the R&R in their entirety. *See* R&R at 3-36.

## ARGUMENT

### I.    LEGAL STANDARDS.

#### A.    Standard of Review.

Under 28 U.S.C. § 1927 and Rule 16(f), the imposition of monetary sanctions by a magistrate are non-dispositive matters subject to clear error review by a district judge. *See Homkow v. Muskia Records, Inc.*, No. 04 Civ. 3587, 2009 WL 721732, at *3 (S.D.N.Y. Mar. 18, 2009) (applying clear error review to magistrate's report and recommendation concerning sanctions under Section 1927 and the inherent authority of the court); *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990) ("Monetary sanctions pursuant to Rule 37 . . . are committed to the discretion of the magistrate, reviewable by the district court under the 'clearly erroneous or contrary to law' standard."); *Estate of Shaw v. Marcus*, No. 14 Civ. 3849, 2017 WL 825317, at *4 (S.D.N.Y. Mar. 1, 2017) ("The sanctions provided by Rule 16(f) are the same as those provided by Rule 37[.]"); *Burgie v. Euro Brokers, Inc.*, No. CV-05-968, 2007 WL 1704178, at *7–8 (E.D.N.Y. June 12, 2007) (applying clear error review for magistrate's

sanctions "pursuant to Rules 37 and 16(f) based on plaintiff's violation of the Magistrate Judge's scheduling orders"); *Chen v. Marvel Food Servs., LLC*, CV 15-6206, 2016 WL 6872626, at *3 (E.D.N.Y. Nov. 21, 2016).[2]

### B.    Legal Bases for Sanctions.

Consistent with Judge Payson's R&R, a court may award sanctions pursuant to Rule 16(f), 28 U.S.C. § 1927, and/or the Court's inherent powers.

Under Rule 16(f), sanctions can be awarded if a party or its attorney: (a) "fails to appear at a scheduling or other pretrial conference"; (b) "is substantially unprepared to participate— or does not participate in good faith—in the conference"; or (c) "fails to obey a scheduling or other pretrial order."  Further, sanctions are also appropriate under Rule 16(f) for a failure to appear or meaningfully participate in a hearing, as well as the failure to communicate with the Court about such inability to appear or participate in the hearing.  *See Landeros v. Costello,* No. 11-4209, 2012 WL 1004910, at *1 (E.D.N.Y. Feb. 3, 2012) (sanctions ordered under Rule 16(f) for plaintiff's failure to appear in court as ordered and failure to communicate with the court with respect to his failure to appear); *Caraballo v. Homecoming Fin.,* No. 12-Civ. 3127, 2013 WL 1499403, at *1, *5 (S.D.N.Y. Apr. 12, 2013) (pursuant to Rule 16(f), court awarded plaintiffs reasonable attorneys' fees and costs incurred by plaintiffs to prepare and attend settlement conference where defendants were unprepared); *MHD-Rockland Inc., v. Aerospace Distribs. Inc.,* 102 F.Supp.3d 734, 739–40 (D. Md. 2015).

---

[2]    While the Fisher Attorneys argue that a *de novo* review is appropriate, that is only if this Court finds the sanctions imposed to be dispositive. *See, e.g.*, *Thurmond v. Bowman*, 199 F. Supp. 3d 686, 688–89 (W.D.N.Y. 2016).

Further, under 28 U.S.C. § 1927, a court may impose sanctions on an attorney who "so multiplies the proceedings in any case unreasonably and vexatiously[.]" A sanctions "award under § 1927 is proper when the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay." *United States v. Int'l Bhd. of Teamsters,* 948 F.2d 1338, 1345 (2d Cir. 1991) (internal citation and quotation marks omitted). 28 U.S.C. § 1927 "is designed to deter unnecessary delays in litigation by imposing upon attorneys an obligation to avoid dilatory tactics." *New York v. Operation Rescue Nat'l,* 80 F.3d 64, 72 (2d Cir. 1996).

Similarly, under the Court's inherent power to control its own proceedings, the Court may impose sanctions on counsel or a litigant. *See Chambers v. NASCO, Inc.,* 501 U.S. 32, 44-45 (1991). This sanction power includes awarding attorneys' fees when a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Id.* at 45-46 (internal quotations omitted). "[T]he only meaningful difference between an award made under § 1927 and one made pursuant to the court's inherent power is . . . that awards under § 1927 are made only against attorneys . . . while an award made under the court's inherent power may be made against an attorney, a party, or both." *Olivieri v. Thompson*, 803 F.2d 1265, 1273 (2d Cir. 1986).

Notably, the Second Circuit has held that sanctions may be awarded under a court's inherent authority without a finding of bad faith in order "to police the conduct of attorneys as officers of the court, and to sanction attorneys for conduct not inherent to client representation, such as, violations of court orders or other conduct which interferes with the court's power to manage its calendar and the courtroom[.]" *United States v. Seltzer*, 227 F.3d 36, 42 (2d Cir. 2000). The Court need not make a bad faith finding in order to impose sanctions under the Court's inherent authority where the attorney misconduct at issue involves

violation of a court order or other conduct interfering with the Court's power to manage its calendar and courtroom.  *Id.*; *See also Brick v. HSBC Bank USA*, No. 04-CV-0129E(F), 2004 WL 1811430, at *4 (W.D.N.Y. Aug. 11, 2004). This includes instances involving "a lawyer's negligent or reckless failure to perform his or her responsibility as an officer of the court." *Seltzer*, 227 F.3d at 41.

Applying these legal standards, Judge Payson properly sanctioned the Fisher Attorneys for their failure to promptly notify the Court and plaintiffs' counsel that they would not produce a witness pursuant to the May 17, 2016 Order under Rule 16(f) and for their misrepresentations to the Court and plaintiffs' counsel as to their involvement in the compilation of the July 2015 class list under 28 U.S.C. § 1927 and the Court's inherent authority.

## II.   JUDGE PAYSON PROPERLY IMPOSED ATTORNEYS' FEES RELATING TO THE MAY 17, 2016 ORDER. [3]

### A.   The Record Contains Ample Evidence to Support Judge Payson's Ruling.

The record amply supports Judge Payson's award of sanctions under Rule 16(f) for the Fisher Attorneys' failure to inform the Court and plaintiffs' counsel that no witness would appear at the June 6 hearing, as required by the May 17, 2016 Order,[4] warranting the reimbursement to plaintiffs' counsel of attorneys' fees and costs from May 17, 2016 through June 6, 2016 to prepare for and attend the hearing (where no witness appeared).  R&R at 58. There was no reason for either the Court or plaintiffs' counsel to believe that no witness would

---

[3]      All exhibits are attached to the Affirmation of Jessica L. Lukasiewicz, sworn to August 30, 2019 ("Lukasiewicz Aff.").
[4]      Complete copies of the June 6, 2016 hearing transcript and the May 17, 2016 hearing transcript are attached to the Lukasiewicz Aff. as Exhibits A and B respectively.

testify pursuant to the May 17, 2016 Order.

In fact, Judge Payson's R&R devotes nearly six pages to a thorough discussion concerning how the Fisher Attorneys' conduct warrants sanctions for this conduct. *Id.* at 53-58. The R&R states, "[The Fisher Attorneys'] conduct in addressing the May 17, 2016 Order . . . was sufficiently remiss to warrant an order requiring them to reimburse plaintiffs' counsel for their attorneys' fees and costs incurred from May 17, 2016, through June 6, 2016, to prepare for and attend the hearing." *Id.* at 58. The R&R then goes on to explain how the record shows that sanctions are warranted, including that "[f]rom May 17 through May 25, the Court and plaintiffs' counsel reasonably believed that Ignite would produce a company witness to testify about the July 2015 class list[.]" *Id.* Further, as a result of the June 1 court conference where the parties discussed with the Court the absence of a company witness who could testify, Judge Payson and plaintiffs' counsel "reasonably believed that Osipoff would testify about her efforts to prepare a third list[.]" *Id.* Indeed, this belief was "confirmed by [Osipoff's] letter the next day affirming her intent to testify." R&R at 58. Further, the Fisher Attorneys also sought to obtain a last-minute stay from Judge Siragusa on the hearing that was denied. *Id.* Accordingly, there was no reason for either the Court or plaintiffs' counsel to believe that no witness would testify at the hearing.

Judge Payson's conclusions were properly supported by the record in this matter, and therefore, an award of sanctions under Rule 16(f) was not clearly erroneous and should not be overruled.

**B.** **The Fisher Parties Received Specific Notice Before Judge Payson Ordered Sanctions for their Conduct Surrounding the May 17, 2016 Order.**

The Fisher Attorneys argue that Judge Payson's R&R is in error because they were not

provided specific notice that their conduct surrounding the May 17, 2016 Order was sanctionable. Their argument is without merit as the record is clear that they were not only provided specific notice of the sanctionable conduct, but they had an opportunity to be heard on the issue as well.

"Due process requires that courts provide notice and opportunity to be heard before imposing *any* kind of sanctions." *Margo v. Weiss,* 213 F.3d 55, 64 (2d Cir. 2000) (alterations omitted) (emphasis in original) (quoting *Ted Lapidus, S.A., v. Vann,* 112 F.3d 91, 96 (2d Cir. 1997)). *See also In re 60 E. 80th St. Equities, Inc.,* 218 F.3d 109, 117 (2d Cir. 2000); *Murphy v. Bd. of Educ. of Rochester City Sch. Dist.,* 196 F.R.D. 220, 224 (W.D.N.Y. 2000) ("Before a court imposes any type of sanction, due process requires that court provide notice and opportunity to be heard.") (quoting *Schlaifer Nance & Co., v. Estate of Warhol,* 194 F.3d 323, 334 (2d Cir. 2009)). Thus, "before a lawyer is sanctioned, he or she must receive specific notice of the conduct alleged to be [san]ctionable and the standard by which the conduct will be assessed, and he or she must have had an opportunity to be heard on that matter." *Margo,* 213 F.3d at 63. *See also Murphy,* 196 F.R.D. at 224; *In re 60 E. 80th St. Equities, Inc.,* 218 F.3d at 118 ("[W]hile ordinarily it is preferable for a court to provide an attorney with advance, written notice of the possibility of sanctions . . . we have not [] made such notice a requirement."); *Operation Rescue Nat'l,* 80 F.3d 64, 72–73 (2d Cir. 1996) (affirming the imposition of sanctions under Section 1927 where the district court verbally put counsel on notice "that if the tape failed to produce any noncumulative evidence, the court would 'consider appropriate sanctions' against [counsel]"). Further, "[t]he opportunity to respond is judged under a reasonableness standard: a full evidentiary hearing is not required; the opportunity to respond by brief or oral argument may suffice." *In re 60 E. 80th St. Equities, Inc.,* 218 F.3d at 117 (internal citation

- 9 -

omitted).

Here, the record clearly demonstrates that the Fisher Attorneys received specific notice that their conduct surrounding the May 17, 2016 Order, requiring a witness to testify at the June 6, 2016 hearing, was subject to sanctions.  R&R at 57-58.[5]  In particular, the Fisher Attorneys were put on notice that sanctions could be issued for their failure to promptly advise the Court that there was no witness available to testify in accordance with the May 17, 2016 Order, when they *knew or should have known* the information already, and given that no witness would ultimately be produced.

For example, the Fisher Attorneys were put on specific notice when they received the amended notice of sanctions, where plaintiffs identified specific transcript citations and correspondence at issue surrounding the Fisher Attorneys' failure to promptly notify the Court and plaintiffs' counsel that no one would testify at the June 6, 2016 hearing.  *See* Dkt. No. 439.[6]

Further, the Fisher Attorneys also received notice of the potentially sanctionable

---

[5]      In a further attempt to avoid sanctions, the Fisher Attorneys' suggest they never received specific notice because any notice they received did not explicitly state that they could be sanctioned for not acting with "greater dispatch."  *See* Dkt. No. 589, at 19.  Their laser focus on "greater dispatch" misses the point.  Not once prior to the hearing did the Fisher Attorneys notify the Court or plaintiffs' counsel that *no* witness would appear at the hearing, which resulted in unnecessary and wasted effort by the Court and plaintiffs' counsel to prepare for and attend a hearing where no witness appeared.  As discussed below, they were on notice that this conduct was potentially sanctionable.

[6]      *See* Dkt. No. 439, at ¶ 15 (Transcript of Proceedings held on May 17, 2016 at 11:18-13-13); ¶ 16 (May 25, 2016 letter from Brian Gershengorn to Judge Payson which was the first time the Fisher Attorneys advised the Court and plaintiffs' counsel that no corporate witness was available); ¶ 18 (June 2, 2016 letter from Brian Gershengorn to Judge Payson confirming that Ms. Osipoff will testify at the hearing); ¶ 19 (Declaration of Melissa Osipoff dated June 2, 2016 where the Fisher Attorneys identify the process used to prepare the notice list); ¶ 20 (June 3, 2016 letter from Brian Gershengorn to Judge Siragusa); ¶ 21 (June 3, 2016 email from Brian Gershengorn to Michael Kehoe, Law Clerk to Judge Siragusa, requesting a stay of the June 6, 2016 hearing); ¶ 22 (Transcript of Proceedings held on June 6, 2016 at 11:11-13:12; 15:22-18:20; 20:17-21:16; 22:7-12).

conduct in plaintiffs' memorandum of law in support of the motion for sanctions, where plaintiffs made clear they were seeking sanctions for the Fisher Attorneys' conduct surrounding their failure to have a witness testify at the June 6, 2016 hearing, including their failure to promptly notify the Court and plaintiffs' counsel that they would not produce a witness to testify, pursuant to the May 17, 2016 Order.  *See* Dkt. No. 455-1, at 22 ("Despite failing to raise any objection to the hearing and *making no indication at all that defendants would be unable to produce a witness to provide testimony at the hearing*, something defense counsel certainly should have been well aware of at that point . . . .") (emphasis added). *See also* Dkt. No. 455-1, at 7-10, 23.  The fact that defense counsel *knew or should have known* that they would not produce a witness at the June 6, 2016 hearing, and yet failed to advise anyone, is the very basis for Judge Payson's sanctions.

Therefore, the Fisher Attorneys were provided specific notice of the conduct giving rise to the sanctions awarded against them.

Furthermore, after receiving the specific notice, the Fisher Attorneys were provided the opportunity to be heard.  For instance, the Fisher Attorneys addressed whether their conduct surrounding their failure to notify the Court that they would not produce a witness for the June 6th hearing was sanctionable in response to plaintiffs' motion for sanctions. *See* Dkt. No. 546, at 5-10.  In fact, it is disingenuous for the Fisher Attorneys to suggest they had no notice of the sanctioned conduct when their opposition papers quote the relevant language from plaintiffs' brief.  *See* Dkt. No. 546, at 8 ("Plaintiffs attempt to make an issue of the fact that the Fisher Interested Parties did not object to the hearing on the May 17th conference—purporting that the lack of a suitable witness was 'something that defense counsel certainly should have been well aware of at that point-if it was even true[.]'"). Further, the Fisher

Attorneys also had the opportunity to be heard on this issue at the June 6, 2018 hearing on plaintiffs' motion for sanctions.

Thus, given that the Fisher Attorneys received specific notice of the sanctions sought, and had the opportunity to be heard on the issue, Judge Payson did not error in awarding sanctions.

### C.     Sanctions Were Appropriately Awarded under Rule 16(f).

The Fisher Attorneys also argue that Judge Payson's R&R was in error because the conduct cannot be sanctioned under Rule 16(f).  That argument is without merit.

As discussed above, under Rule 16(f), sanctions can be awarded against a party or its attorney for to the failure to appear in court as ordered and the failure to communicate with court with respect to his failure to appear.  *See Landeros,* 2012 WL 1004910, at *1; *Caraballo*, 2013 WL 1499403, at *1, *5; *MHD-Rockland Inc.,* 102 F.Supp.3d at 739–40.

Here, like in *Landeros, Caraballo,* and *MHD-Rockland,* Rule 16(f) sanctions are appropriate for the fees and costs incurred by plaintiffs' counsel in their preparation and attendance at a hearing where the Fisher Attorneys ultimately failed to promptly notify the Court and plaintiffs' counsel that they would not be producing a witness to testify.  Indeed, as discussed above, the Fisher Attorneys were well-aware (or at the very least should have been when agreeing to produce a witness to testify) that Martin was the only corporate individual who was involved in the compilation of the July 2015 class list, especially given Ms. Osipoff's representations that she worked directly with Martin "vetting" the class list before its production.  *See* Dkt. No. 560, at ¶¶ 7, 8, 10.  Further, it is also hard to believe that Ms. Osipoff was not aware in May 2016 of who was involved in the creation of the July 2015 list when she began looking into the errors identified by plaintiffs' counsel as early as March 2016.  *See id.*

- 12 -

at ¶ 11. Further, after advising the Court that no corporate witness would be available to testify and agreeing that Ms. Osipoff would instead testify, the Fisher Attorneys then submitted a declaration outlining the testimony Ms. Osipoff would provide at the June 6 hearing.  R&R at 11-12.  Moreover, there seemed to be no question that Ms. Osipoff would testify after this Court denied a last-minute request over the weekend prior to the hearing for a stay. *See* Dkt. No. 359-18.  Nevertheless, at the June 6, 2016 hearing, for the first time, the Fisher Attorneys indicted that no witness would testify.  *See* R&R at 20-21.

Because they *knew or should have known* that no witness would testify pursuant to the May 17, 2016 Order, Judge Payson's R&R properly awarded sanctions noting that the Fisher Attorneys should have notified the Court and plaintiffs' counsel that they would not produce a witness at the hearing.  As a result of their failure to notify the Court and plaintiffs' counsel that they would not be producing any witness to testify, plaintiffs' counsel incurred unnecessary expense preparing for and attending a hearing that the Fisher Attorneys knew they would not be participating in.[7]

Accordingly, Judge Payson did not commit clear error in awarding sanctions pursuant to Rule 16(f).

**D.     The Fisher Attorneys Were Not "Substantially Justified" in Failing to Promptly Notify the Court and Plaintiffs' Counsel that they Would Not Produce a Witness Pursuant to the May 17, 2016 Order.**

The Fisher Attorneys also argue (without a citation to any authority) that their non-compliance was "substantially justified" because it is not unreasonable to confer with the client

---

[7]     While sanctions should be awarded pursuant to Rule 16(f), for the reasons discussed above, they are also justified under 28 U.S.C. § 1927 for "multipl[ying] the proceedings in any case unreasonably and vexatiously."

before advising the Court that no one was available to testify pursuant to the May 17, 2016 Order.  *See* Dkt. No. 589, 19-20.  Such an argument has no merit here when, as discussed above, the Fisher Attorneys *knew or at least should have known* that there was no witness to testify.

As set forth in the R&R, from the record, it is difficult to believe that the Fisher Attorneys did not know that Martin was involved with the class list at the time of the May 17, 2016 court conference, when she worked directly with Ms. Osipoff "vetting" the class list before its production.  R&R at 57-58.  The R&R also notes that certainly the identity of the persons at Ignite with knowledge of the compilation of the class list would at least have been known by the time that Osipoff endeavored to uncover the errors in the class list which began more than two months earlier (in March 2016) in response to plaintiffs' inquiries.  *Id.*  Finally, the R&R concludes that "once the Court scheduled the June 6, 2016 hearing and reiterated the urgency of obtaining testimony . . . [the Fisher Attorneys] should have acted with greater dispatch to learn and notify the Court that no witness was available."[8]  *Id.* at 58.

Furthermore, although it later became apparent that a corporate witness would not testify, the Fisher Attorneys then represented that Ms. Osipoff would appear to testify.  *See id.* at 11-12.  Despite those repeated representations, and a denial from this Court of their request to stay the hearing, the Fisher Attorneys failed to advise plaintiffs' counsel or Judge Payson

---

[8]     The Fisher Attorneys also argue that the even if sanctions are warranted, Judge Payson's recommendation to award reimbursement of fees and costs for the time period of May 17 through June 6, 2016 is an error and should be limited to May 17 through May 23, the date when plaintiffs were advised that no corporate representative was available.  This makes little sense because even after the hearing with Judge Payson on June 1, 2019, the Fisher Attorneys continued to represent that they would produce Ms. Osipoff to testify as to the compilation of the new class list.  *See* Dkt. No. 359-14, at 2.  Similarly, plaintiffs continued to prepare after the Fisher Attorneys' last-minute request directed to this Court to stay the June 6, 2016 hearing was denied.  *See* Dkt. No. 359-19.  As such, there is simply no basis to cut off the fees and costs on May 23, 2016, and the Fisher Attorneys' objection should be denied.

that they would ultimately not produce any witness, until they appeared at the June 6, 2016 hearing.  *Id.* at 12-13.

Therefore, the Fisher Attorneys were not substantially justified in failing to promptly notify the Court and plaintiffs' counsel that there was no witness available to testify at the June 6, 2016 hearing, and the sanctions awarded by Judge Payson are not in clear error.

## III.  JUDGE PAYSON PROPERLY AWARDED SANCTIONS BASED ON THE FISHER ATTORNEYS' MISREPRESENTATIONS TO THE COURT.

Judge Payson's R&R properly awarded sanctions for the Fisher Attorneys' misrepresentations to the Court as to their involvement in the compilation of the July 2015 class list.  First, the record contains ample evidence to support Judge Payson's ruling.  Second, all of the Fisher Attorneys' objections, including that their representations were not misleading, not "without color," and not made in bad faith, are unsupported by the record and without merit.

### A.  The Record Contains Ample Evidence to Support Judge Payson's Ruling.

The evidence in the record clearly supports Judge Payson's ruling that the Fisher Attorneys should be sanctioned under 28 U.S.C. § 1927 and the Court's inherent authority for their misleading representations to the Court.  In particular, the record supports Judge Payson's finding that sanctions should be awarded for the statements made in the Metzger Declaration and the Fisher Attorneys' memorandum of law in opposition to plaintiffs' motion for sanctions ("memorandum of law"), which were submitted to dissuade Judge Payson that they had any involvement in the creation of the July 2015 class list.  *See e.g.,* Dkt. No. 546-1, Exhibit A, ¶ 21 (Metzger Declaration stated that "Ms. Osipoff had *no knowledge* about the creation of the July 2015 Class Notice list.") (emphasis added); Dkt. No. 546, at 19 ("Defendants' Counsel

only had knowledge of efforts to create a new list from scratch.").

As set forth in Judge Payson's thorough analysis, the Metzger Declaration, which the Fisher Attorneys had asked him to submit and drafted for him, contained numerous statements relied on by the Fisher Attorneys to support their contention that they "should not be sanctioned because they were not involved in the preparation of the first two lists; they had no knowledge about the preparation of the list; and, the errors of the list were solely the fault of Ignite and not them." R&R at 65-66. As noted by Judge Payson, the memorandum of law was "replete with references to Metzger's Declaration" and was "the factual linchpin in their legal opposition to sanctions[.]" *See id.* at 67. Further, potentially even more troubling, the Fisher Attorneys intentionally omit from the memorandum of law any description of their actual involvement in the creation of the July 2015 class list. *See id.* at 67 ("They again omit mention of any of the forty-four hours of work done by Osipoff between receipt of the list from Martin . . . and production of the list to plaintiffs' counsel[.]").

Based on that record—the record the Fisher Attorneys had created concerning their lack of involvement—Judge Payson informed the Fisher Attorneys that she perceived such lack of involvement to be potentially problematic. *See* Exhibit C, June 6, 2018 Hearing Transcript, at 63:4-20.

Then, only after they perceived liability on their part as a result of the oral argument on plaintiffs' motion for sanctions, the Fisher Attorneys submitted the Osipoff Declaration that directly contradicted their prior submissions. *See* Dkt. No. 560. As noted by Judge Payson in reaching her determination, the record shows that Osipoff and her team received the list from Martin, then "worked with it for forty-four hours over two weeks after receiving it, ran data programs and queries to verify its accuracy, discovered errors, made changes, reviewed a second

version, checked it, made changes to it, *and only then* produced it to plaintiffs' counsel." R&R at 66. *See also* Dkt. No. 560, at ¶¶ 7, 8, 10; Exhibit D, October 25, 2018 Hearing Transcript ("Oct. 25, 2018 Hearing Tr."), at 51-53; 104-107.

Based on the Osipoff Declaration and Osipoff's testimony at the evidentiary hearing, Judge Payson's reasoning in awarding sanctions is sound. Indeed, "[a]ny notion that the nature and degree of Osipoff's work on the list can be dismissed as something other than involvement in the preparation or creation of the list is preposterous." *See* R&R at 68. Thus, it is clear that there was only one purpose in submitting the blatant misrepresentations contained in the Metzger Declaration and the memorandum of law — to create an inaccurate factual record on which they could rely in defense of the motion for sanctions.

Accordingly, Judge Payson's conclusions in awarding sanctions pursuant to 28 U.S.C. § 1927 and the Court's inherent authority were properly supported by the record, and therefore, are not clearly erroneous and should not be overturned.

### B. The Fisher Attorneys Received Specific Notice of Sanctions Sought for their Misrepresentations to the Court as to their Involvement in the Creation of the July 2015 Class List.

The Fisher Attorneys argue that Judge Payson's ruling is in error because the R&R relies on statements beyond those in the Order to Show Cause. *See* Exhibit E, Dkt. No. 580. However, in focusing on the Order to Show Cause, the Fisher Attorneys ignore additional notice provided by the Court, including notice Judge Payson provided at various hearings. *See e.g., In re 60 E. 80th St. Equities, Inc.,* 218 F.3d at 118 ("[W]hile ordinarily it is preferable for a court to provide an attorney with advance, written notice of the possibility of sanctions . . . we have not [] made such notice a requirement."); *New York v. Operation Rescue Nat'l,* 80 F.3d 64, 72–73 (2d Cir. 1996) (affirming the imposition of sanctions under Section 1927 where the

district court verbally put counsel on notice "that if the tape failed to produce any noncumulative evidence, the court would 'consider appropriate sanctions' against [counsel]"). To be sure, the Fisher Attorneys were not only provided specific notice of the potentially sanctionable misrepresentations, but they had an opportunity to be heard on the issues as well.

Indeed, there can be little dispute that the record demonstrates that the Fisher Attorneys were put on specific notice that their inconsistent representations as to their involvement in the compilation of the July 2015 class list that are found when comparing the Metzger Declaration to the Osipoff Declaration and the testimony at the evidentiary hearing, could be sanctionable. *See Margo,* 213 F.3d at 64; *Murphy,* 196 F.R.D. at 224; *In re 60 E. 80th St. Equities, Inc.,* 218 F.3d at 118; *Operation Rescue Nat'l,* 80 F.3d at 72–73.

For example, during the June 6, 2018 motion for sanctions hearing, while recognizing the importance of ensuring that due process is satisfied in the form of notice, Judge Payson expressly placed the Fisher Attorneys "on notice" as to her concerns about the truthfulness of the representations made about their involvement in the creation of the July 2015 class list. Exhibit C, June 6, 2018 Hearing Transcript, at 63:4-20.[9]  Judge Payson explicitly stated:

> I'm saying I think it's fair to assume from the facts and statements made at that hearing, that counsel was not as involved in supervising the preparation of an accurate class list as was warranted by the facts of this case.  And . . . if there's anything more that you want me to hear on that, you know, I will certainly entertain an application to . . . supplement the record[.]

---

[9]      Further, Fisher Attorneys were also on notice of the sanctionable conduct based on plaintiffs' motion for sanctions which requested that the Fisher Attorneys be sanctioned for their misrepresentations to the Court and plaintiffs' counsel. *See* Dkt. No. 455-1, at 21-25 ("Defendants and/or their counsel should be sanctioned pursuant to 28 U.S.C. § 1927 and/or the Court's inherent powers for their conduct towards the Court and plaintiffs' counsel in addressing and remedying the class list issues[.]"); ("At a minimum, defense counsel's conduct evidences a "negligent or reckless failure to perform his or her responsibility as an officer of the court" sufficient to impose sanctions pursuant to the Court's inherent powers.").  While at that time, the Fisher Attorneys had not yet made the misrepresentations at issue, plaintiffs' counsel had put them on notice that making misrepresentations to the Court was sanctionable conduct.

*See id.*, at 63:24-64:6.

> I just wanted to put you on notice as I sit here that [the argument that the Metzger declaration is not truthful and accurate] seems to be an argument that - - that may have some force. . . . I think there are reasonable inferences that are to be drawn from the record, and Mr.  Metzger's affidavit doesn't do anything to rebut those reasonable inferences.

*See id.*, at 85:9-18.

Again on October 25, 2018, Judge Payson put the Fisher Attorneys on specific notice

about their sanctionable conduct by stating:

> [O]bviously an issue that Ms. Lukasiewicz implicitly raised in her questioning of Ms. Osipoff and one that the Court raised as well was the possible perception of an inconsistency between a statement in Mr. Metzger's declaration . . . and Ms. Osipoff's subsequently submitted declaration and testimony today.  And I certainly am happy to and interested in reading . . . both sides' positions with respect to that.  Again, in the interest of complete fairness, and I don't need to say this because I think it's implicit, it's not a frivolous contention.

Exhibit D, Oct. 25, 2018 Hearing Tr., at 111:6-16.  *See also id.*, at 111:17-112:18.

Additionally, on November 27, 2018, in plaintiffs' supplemental memorandum of law

submitted after the evidentiary hearing, the Fisher Attorneys were again put on notice of the

sanctions sought for their conduct in explaining and remedying the class list.  *See* Dkt. No. 576,

at 11-15.  In fact, plaintiffs identified examples of the representations that the Fisher Attorneys

made as to their lack of knowledge about the July 2015 class list and compared it to the

testimony of Ms. Osipoff in her declaration and at the evidentiary hearing which made clear

that she was in fact involved in the compilation of the July 2015 class list.  *Id.*

Finally, on November 6, 2018, in the abundance of caution, Judge Payson issued an

Order to Show Cause to "ensure that the Fisher [Attorneys] are fully aware of both the conduct

and legal authority at issue and they have an opportunity to be fully heard[.]"  *See* Exhibit E,

Dkt. No. 580, at 3, n.1.[10]  Judge Payson ordered the Fisher Attorneys to show cause "why the representations identified [in the Metzger Declaration, the Osipoff Declaration, and the testimony at the evidentiary hearing] did not violate Rule 11(b) of the Federal Rules of Civil Procedure and why sanctions based upon those representations" are not warranted under 28 U.S.C. § 1927 and/or the Court's inherent powers.  *Id.* at 3.  Judge Payson also identified some examples of the inconsistent representations made by the Fisher Attorneys during the course of the litigation.  *See generally id.*

Thus, it is clear that in addition to the Order to Show Cause, the Fisher Parties were put on notice multiple times that their misrepresentations concerning their involvement in the creation of the July 2015 class list were potentially sanctionable.[11]  As such, the Fisher Parties' argument that they received insufficient notice of their potentially sanctionable conduct fails.[12]

Further, each time the Fisher Attorneys were given notice, they also had the opportunity to respond.  In particular, the Fisher Attorneys had the opportunity to respond in opposing plaintiffs' motion for sanctions (*see* Dkt. No. 546, at 19-21), during oral argument on plaintiffs' motion for sanctions, in their supplemental brief on plaintiffs' motion for sanctions (Dkt. No. 578, at 13-17), and in their opposition to the Court's Order to Show Cause (Dkt. No. 579).  Accordingly, Judge Payson did not commit clear error in issuing sanctions for the Fisher

---

[10]     While the Order to Show Cause was initially filed on November 6, 2018, it was unsigned and undated.  *See* Dkt. No. 574.  Judge Payson filed the signed original order on March 20, 2019.  *See* Exhibit E, Dkt. No. 580.  In any event, the Fisher Attorneys responded to the Order.  *See* Dkt. No. 579.

[11]     Accordingly, the argument that sanctions should be limited to the eight examples that Judge Payson set forth in the Order to Show Cause fails.

[12]     The Fisher Parties also complain that Judge Payson impermissibly relied on "non-notice statements" to infer intent.  Initially, they do not cite any authority for the proposition that the Court cannot rely on other statements in making its findings.  In addition, the statements certainly support a recommendation for sanctions, even if not outright sanctionable misrepresentations themselves. Further, to the extent Judge Payson found those statements to be sanctionable, they would be with the notice of sanctionable conduct provided to the Fisher Attorneys as described above.

Attorneys' misrepresentations to the Court as to their involvement in the creation of the July 2015 class list.

**C.    This Court Should Reject the Fisher Attorneys' Additional Arguments that Judge Payson's R&R was in Error.**

The Fisher Attorneys also argue that Judge Payson's R&R was in error for three reasons: (1) the noticed representations and/or statements were not misleading; (2) the noticed representations and/or statements were not "without color"; and (3) the noticed representations and/or statements were not made in bad faith with the intent to mislead.  While it is unnecessary to find that the record supports all three reasons, and instead an award of sanctions is appropriate if *any* of the three reasons are found, each of the Fisher Attorneys' arguments are without merit and are unsupported by the record in this matter.

1.    The record supports Judge Payson's finding that the noticed statements were misleading.

The Fisher Attorneys make a series of arguments as to why Judge Payson erred in issuing sanctions for their misrepresentations to the Court.  Each argument is unsupported by the record and defies logical reasoning.

The Fisher Attorneys assert a "dash" defense with respect the Metzger Declaration – that the sentence should be considered in two parts with the part before the dash relating to the company's privilege concern about having Osipoff testify and the part after the dash having to do with Osipoff's asserted lack of knowledge of the subjects of the hearing (which the Fisher Attorneys' self-servingly limit to the "errors" in the class list).  The dash defense has no merit.

Interestingly, it could not possibly be the case that the Fisher Attorneys believed when they drafted the declaration for Mr. Metzger that Ms. Osipoff would be required to testify as to the errors in the class list, given their position that the subjects of the June 6 hearing changed

during the June 1 conference call to only include the creation of the new class list.  Thus, this new excuse for the misrepresentation has no merit.

Moreover, there is no context in which the statement that "Ms. Osipoff had no knowledge about the creation of the July 2015 Class Notice List" is accurate.  To the contrary, as noted above, the record is filled with examples of Osipoff's involvement in the compilation of the July 2015 class list.  *See e.g.,* Exhibit D, Oct. 25, 2018 Hearing Tr., at 105:16-106:10 (Osipoff testifying as to her involvement in the compilation of the July 2015 class list, including "vetting" the accuracy of the list, running queries, speaking with Martin about changes, and directing changes to be made).  In fact, during the evidentiary hearing, Osipoff suggested that she had no "knowledge" of the creation of the July 2015 list because "there is a difference between creation and vetting." *Id*. at 106:11-16.  In her R&R, Judge Payson summarily rejected the Fisher Attorneys' disingenuous distinction.  *See* R&R at 68 ("Any notion that the nature and degree of Osipoff's work on the list can be dismissed as something other than involvement in the preparation or creation of the list is preposterous" and "[w]hether those differences resulted from work she characterized as 'vetting' is immaterial.").  Furthermore, as recognized by Judge Payson, there was only one purpose in making the assertions that Osipoff had *no knowledge* about the compilation of the July 2015 class list, "to persuade the Court that the Fisher [Attorneys] should not be sanctioned[.]"  *See* R&R at 65, 69-70; Exhibit D, Oct. 25, 2018 Hearing Tr., at 9:9-13; 10:2-5; 10:6-8; 102:2-6.

On top of that, Osipoff actually had knowledge about errors in the July 2015 class list.  She confirmed during the evidentiary hearing that her team identified errors in the class list which had to be fixed.  For example, she identified an entire store that had been left off the list and individuals that needed to be added.  *See* Exhibit D, Oct. 25, 2018 Hearing Tr., at 72:23-

73:23.  Thus, the excuse is not even factually accurate.

The Fisher Attorneys likewise claim that the representations in their memorandum of law that "Defendants' counsel only had knowledge of efforts to create a new list from scratch" only had a narrow purpose, to respond to plaintiffs' statement during the June 1 conference call concerning the scope of Ms. Osipoff's knowledge.  However, the evidentiary hearing testimony shows that plaintiffs' statement was correct – Ms. Osipoff did have knowledge about the creation of the class list, including errors in the list.  *See* Exhibit D, Oct. 25, 2018 Hearing Tr., at 52-53, 55-56, 68-77; 105:16-106:10. Therefore the statement in the memorandum of law can only be viewed as an attempt by the Fisher Attorneys to obscure the record and had no purpose other than to have the Court believe that the Fisher Attorneys had no knowledge of the creation of the July 2015 class list, and instead only had knowledge relating to the newest class list.  Dkt. No. 546, at 19. And, these statements were confirmed to be false by the Osipoff Declaration (submitted only after it was clear at the sanctions hearing that Judge Payson found their lack of involvement to be troubling) and the testimony during the evidentiary hearing where it was clear that Ms. Osipoff was in fact involved in the creation of the July 2015 class list. *See* Dkt. No. 560, at ¶¶ 7, 8, 10; Exhibit D, Oct. 25, 2018 Hearing Tr., at 51-53; 104-107.

Finally, in yet another attempt to justify their misrepresentations, the Fisher Attorneys' contend that Judge Payson's allowance of supplemental submissions after the June 6, 2018 hearing suggests that the Court was indicating that it was uncertain about how to interpret the (mis)representations made in the Metzger Declaration.  Such an argument is unsupported by the record. Instead, Judge Payson had indicated her reading of the record at that time and provided notice that sanctions could be warranted based on the Fisher Attorneys' lack of involvement in creating the class list.  Not surprisingly, to comply with due process concerns,

- 23 -

Judge Payson also indicated she would entertain applications for supplemental submissions. Certainly, had Judge Payson not permitted additional submissions, the Fisher Attorneys would have argued that sanctions could not be issued because they were not provided the further opportunity to be heard.

Accordingly, Judge Payson's conclusions that the Metzger Declaration and the memorandum of law were misleading is properly supported by the record in this matter.

2.    The noticed statements were "without color."

Next, the Fisher Attorneys argue their conduct was not "entirely without color." The record does not support their contention.

The Second Circuit has held sanctions under the Court's inherent power are appropriate when there is "clear evidence that the challenged actions are entirely without color, and are taken for reasons of harassment or delay or for some other improper purposes[.]" *Seltzer,* 227 F.3d at 40 (alterations omitted) (internal citation omitted).  "A claim lacks colorable basis when it is utterly devoid of legal or factual basis." *Mahoney v. Yamaha Motor Corp. U.S.A.,* 290 F.R.D. 363 (E.D.N.Y. 2013) (internal citation omitted).

As discussed above, and addressed in detail by Judge Payson, the misrepresentations contained in the Metzger Declaration and the memorandum of law which were submitted to persuade the Court that the Fisher Attorneys had no involvement in the compilation of the July 2015 class list were "entirely without color" and utterly devoid of any factual basis.  *See* Exhibit D, Oct. 25, 2018 Hearing Tr., at 105:16-106:10 (Ms. Osipoff testifying as to her involvement in the compilation of the July 2015 class list, including "vetting" the accuracy of the list, running queries, speaking with Martin about changes, and directing changes to be made); Dkt. No. 546-1, Exhibit A, ¶ 21 (in the Metzger Declaration drafted by the Fisher

Attorneys, it states that "Ms. Osipoff had *no knowledge* about the creation of the July 2015 Class Notice List.") (emphasis added).[13]  Further, Judge Payson correctly found that "any notion that the nature or degree of Osipoff's work on the list can be dismissed as something other than involvement in the preparation or creation of the list is preposterous."  R&R at 68.  Instead, it is clear that such representations were used "for the improper purpose of attempting to influence the Court's decision on the sanctions motion in their favor."  *Id.* at 71.

Indeed, the Fisher Attorneys' citations confirm that sanctions are appropriate because the Fisher Attorneys' representations as to their involvement in the compilation of the July 2015 class list were "entirely without color."  *See Rankin v. City of Niagara Falls,* 293 F.R.D. 375, 379 (W.D.N.Y. 2013) (the Court awarded sanctions when counsel knowingly made misleading misrepresentations that lacked a colorable basis in fact in support of her motion for extension of time to respond to a summary judgment motion); *Emmon v. Prospect Capital Corp.,* 675 F.3d 138 (2d Cir. 2012) (the Second Circuit concluded that the District Court acted within its discretion in awarding sanctions because there was ample evidence that the firm made "persistent misrepresentations," thus acting without a colorable basis, in its submission of a motion).

Accordingly, the record demonstrates that the Fisher Attorneys' misrepresentations to

---

[13]     The Fisher Attorneys' argument that Judge Payson's rationale in awarding sanctions in this case would "routinely expose counsel to sanctions for bad faith, chilling ordinary and permissible advocacy," is futile. The Fisher Attorneys' repeated misrepresentations as to their involvement in the compilation of the July 2015 class list in order to avoid sanctions is a far cry from "ordinary" or "permissible advocacy."  Further, their reliance on *Kiobel v. Millson* to support such a contention similarly fails.  592 F.3d 78 (2d Cir. 2010).  Not only does *Kiobel* involve Rule 11 sanctions, not at issue in this case, but there was no evidence in the record that made clear that the statements made by defense counsel in that case were even false.  As discussed above, that is not the case here where the Osipoff Declaration and evidentiary hearing testimony directly contradicts the representations made in the Metzger Declaration that Ms. Osipoff was not involved in the compilation of the July 2015 class list.

the Court were "entirely without color," and thus Judge Payson's R&R should not be overruled.

        3.    <u>The noticed statements were made in bad faith.</u>

Additionally, the Fisher Attorneys argue that there is nothing in the record to show bad faith, thus Judge Payson's ruling must be in error. However, as discussed above, bad faith must only be found for sanctions pursuant to Section 1927. *See Oliveri*, 803 F.2d at 1273. A finding of bad faith is not required under the Court's inherent power if the sanctioned conduct is not inherent to client representation. *See Seltzer*, 227 F.3d at 41–42.[14]

A sanctions award under Section 1927 involves a subjective bad faith standard, which "does not require the lower courts to specifically identify an improper purpose[.]" *See Craig v. UMG Recordings, Inc.*, No. 16-cv-5439, 2019 WL 2992043, at *2 (S.D.N.Y. July 9, 2019). As the Second Circuit has made clear, a court may "infer the bad faith required for the imposition of sanctions under [Section 1927]." *Id. See also Operation Rescue Nat'l*, 80 F.3d at 72–73 (affirming district court's inference of bad faith in awarding sanctions under Section 1927 from baselessness of attorney's conduct rather than requiring a finding of any specific improper purpose). As such, a court may infer bad faith where an attorney's actions are "completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay." *Oliveri*, 803 F.2d at 1273.

Here, the record fully supports Judge Payson's finding of bad faith. In fact, the R&R held that "Gershengorn and Osipoff made misrepresentations to the Court in subjective bad

---

[14]    There can be little dispute that the Fisher Attorneys' representations, made in responding to plaintiffs' motion for sanctions, after the corporate defendants were no longer in the matter, could not be inherent to client representation. *See* R&R at 4, n.3. Thus, a finding of bad faith is not required in order to sanction under the Court's inherent authority and therefore Judge Payson's R&R cannot be disturbed on this basis. Nevertheless, even if a finding of bad faith is required in order to award sanctions pursuant to the Court's inherent authority, as discussed below, it is clear that the representations were made in bad faith.

faith for the improper purpose of attempting to influence the Court's decision on the sanctions motion in their favor." R&R at 72.  In initially opposing plaintiffs' motion for sanctions, the Fisher Attorneys made clear that they should not be sanctioned because, they claimed, Ms. Osipoff was not involved in the preparation or creation of the class list.  For example:

- The Metzger Declaration states that "Ms. Osipoff [and Mr. Gershengorn] had **no knowledge** about the creation of the July 2015 Class Notice List." Dkt.  No. 546-1, Metzger Declaration, at ¶ 21 (emphasis added).

- In their opposition to the motion for sanctions, the Fisher Attorneys chastised plaintiffs for suggesting they had knowledge about the July 2015 list: "This is, as the Court is aware, contrary to Defendants' repeated assertions (both on the June 1 conference call and since) that no one left under Ignite's control had knowledge of the July 2015 Class List (a fact confirmed by the Metzger Decl., ¶ 21), and that *Defendants' Counsel only had knowledge of efforts to create a new list from scratch*."  Dkt. No. 546, at 19 (emphasis added).

Then, only after Judge Payson put them on notice that their lack of involvement in the preparation of the class list was problematic, the Fisher Attorneys admitted that they actually were in fact involved in the compilation of the July 2015 class list. *See* Exhibit C, June 6, 2018 Hearing Transcript, at 63:13-64:10. In fact, Osipoff submitted written testimony about her "oversight," "support," and involvement in "vetting" the July 2015 class list.  Dkt. No. 560, at ¶¶ 2, 6, 7, 8, 10. Further, during the October 25, 2018 hearing, Osipoff similarly testified as to her involvement in the compilation of the July 2015 class list:

> Q: And that vetting occurred before the class list was produced, was it not?
>
> A: Yes, it did.
>
> Q: And that vetting was part of the process of ensuring that the class list was turned over was accurate and reliable; correct?
>
> A: Yes.
>
> Q: And you also had a role in overseeing the preparation of the class list, did you

not?

A Yes.

Q: And during that overseeing role, isn't it true that Ms. Martin asked you certain questions about whether people should be included or excluded and you were involved in answering those questions and providing advi[c]e, were you not?

A: Yes.

Q: To your knowledge, Ms. Martin relied on advi[c]e that you gave her in connection with the preparation of that list?

A: Yes.

Exhibit D, Oct. 25, 2018 Hearing Tr., at 105:16-106:10.

The Fisher Attorneys' misrepresentations in the Metzger Declaration (which they drafted and submitted) and the memorandum of law based on their lack of knowledge about the July 2015 class list is sufficient to support a finding of bad faith giving rise to sanctions. *See, e.g., Ceglia v. Zuckerberg*, No. 10-cv-569, 2012 WL 12995636, at *15 (W.D.N.Y. June 28, 2012) ("[T]he presentation of factual misstatements in support of a motion can support an award of sanctions under § 1927."). Thus, as noted by Judge Payson, "[t]he purpose for which those assertions were submitted is equally clear and direct: to persuade the Court that the Fisher [Attorneys] should not be sanctioned . . . ." R&R at 65.

Therefore, the record clearly demonstrates that the Fisher Attorneys' misrepresentations were in bad faith, and thus the Fisher Attorneys' objection should be denied.

## IV. JUDGE PAYSON'S AWARD OF SANCTIONS FOR THE FISHER ATTORNEYS' MISREPRESENTATIONS TO THE COURT DOES NOT EXCEED THE PERMISSIBLE SCOPE OF SANCTIONS.

Finally, the Fisher Attorneys remaining objection—that Judge Payson erred in the scope

of the fees and costs awarded—has no support in the record and must be denied.

Under Section 1927 and the Court's inherent authority, a court may order the payment of reasonable fees and/or costs.  *See* 28 U.S.C. § 1927 (providing that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."); *Goodyear Tire & Rubber Co. v. Haeger,* 137 S. Ct. 1178 (2017) (in awarding sanctions pursuant to the court's inherent authority, a court may order a litigant to pay the other side's legal fees to the extent the fees "would not have incurred *but for* the bad faith") (emphasis added).[15]

Here, Judge Payson's award of attorneys' fees and costs as a sanction for the Fisher Attorneys' misrepresentations to the Court as to their involvement in the creation of the July 2016 class list is consistent with Section 1927 and the Court's inherent authority and is limited to the reimbursement of:

> [F]ees and costs associated with the filing and briefing of the original motion (excluding the filings providing the further specificity ordered by the Court that should have been included in the original filings and excluding the costs of mediation), and the renewal of their motion after mediation, including briefing, oral argument, the evidentiary hearing, and post-hearing submissions.

*See* R&R at 73.  Thus, *but for* the Fisher Attorneys' sanctionable conduct, plaintiffs would never have incurred the fees and costs involved in drafting the original sanctions motion, the renewed motion for sanctions, and the post-hearing submissions, or prepared for and attended the oral argument on plaintiffs' motion for sanctions and the evidentiary hearing.  As such, it would be

---

[15]    While the Fisher Attorneys appear to focus this argument on the sanctions awarded under the Court's inherent authority and Section 1927 for their misrepresentations to the Court, an award of reasonable costs and fees is similarly available under Rule 16(f) for the Fisher Attorneys' conduct surrounding the October 17, 2016 hearing.  *See Estate of Shaw,* 2017 WL 825317, at *4.

arbitrary to carve out any of the awarded fees and costs associated with the work that was only performed because of the Fisher Attorneys' conduct, and this work not only continued beyond July 2018 when the Osipoff Declaration was submitted (which is what the Fisher Attorneys suggest is appropriate), but also continued through the evidentiary hearing and the post-submission briefing, and continues even now in responding to these objections.[16]

Accordingly, Judge Payson's award of fees and costs did not exceed the permissible scope of sanctions, and the Fisher Attorneys' objection should be denied.

## CONCLUSION

For the forgoing reasons, plaintiffs respectfully request that this Court adopt Judge Payson's R&R and overrule the Fisher Attorneys' objections.

Dated: August 30, 2019.

**THOMAS & SOLOMON LLP**

By:   /s/ Jessica L. Lukasiewicz
      J. Nelson Thomas, Esq.
      Michael J. Lingle, Esq.
      Jessica L. Lukasiewicz, Esq.
      *Attorneys for Plaintiffs*
      693 East Avenue
      Rochester, New York 14607
      Telephone: (585) 272-0540
      nthomas@theemploymentattorneys.com
      mlingle@theemploymentattorneys.com
      jlukasiewicz@theemploymentattorneys.com

---

[16]   Given the work required in responding to the Fisher Attorneys' objections, and likely an appeal, plaintiffs' counsel will also seek reasonable costs and fees for any continued work on the matter.