UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

CHRISTOPHER HART, et al.,

                                      Plaintiffs,

-v-

CRAB ADDISON, INC. d/b/a JOE'S CRAB
SHACK, IGNITE RESTAURANT GROUP, INC.,
RAYMOND A. BLANCHETTE, III, KEVIN
COTTINGIM, and RODNEY MORRIS,

                                      Defendants.

_____

DECISION AND ORDER

13-CV-6458 CJS

## INTRODUCTION

This was a proposed collective/class action asserting claims under the Fair Labor Standards Act ("FLSA") and the minimum-wage statutes of states including New York, Maryland, Missouri, Illinois and Arizona. Those claims were settled years ago, and the only matters remaining involve motions for sanctions, filed by Plaintiffs, against two law firms, Epstein, Becker & Green, P.C. ("Epstein") and Fisher & Phillips, LLP ("Fisher Phillips"), and two attorneys at Fisher Phillips, Brian Gershengorn ("Gershengorn") and Melissa Osipoff ("Osipoff"), who previously represented the defendant Ignite Restaurant Group, Inc. ("Ignite").[1] Now before the Court are Objections (ECF No. 589) to a Report and Recommendation ("R&R") (ECF No. 582) by the Honorable Marian W. Payson, United States Magistrate Judge ("Judge Payson"), granting in part and denying in part Plaintiff's motion for sanctions (ECF No. 544, as modified by ECF No. 553) and recommending an award of sanctions against Gershengorn and Osipoff. The Objections are denied, and the R&R is affirmed in all respects.

---

1 A third Fisher Phillips attorney was also named in the sanctions motion, but the Report and Recommendation found no basis to sanction him.

BACKGROUND

The reader is presumed to be familiar with the 75-page R&R (ECF No. 582), which clearly and accurately lays out the relevant history in exhaustive detail. No point would be served in this Court attempting to recapitulate Judge Payson's careful work.

In sum, Judge Payson recommended that this Court grant in part, and deny in part, Plaintiff's renewed motion for sanctions (ECF No. 544). In that regard, the R&R recommends that the application be granted as against Gershengorn and Osipoff in two respects: First, that pursuant to Fed. R. Civ. P. 16(f), Gershengorn and Osipoff be required to reimburse Plaintiffs for reasonable attorney fees and costs incurred between May 17, 2016 and June 6, 2016 to prepare for, and attend, a court-ordered evidentiary hearing on June 6, 2016, at which Gershengorn and Osipoff failed to produce a witness; and, second, that pursuant to 28 U.S.C. § 1927 and the Court's inherent authority, Gershengorn and Osipoff each be required to pay $3,000.00 to the Clerk of the Court, and to reimburse Plaintiffs' counsel for their reasonable attorney fees and costs in making the sanctions motion, as a sanction for making false representations to the Court. Otherwise, the R&R recommends that the sanctions motion be denied.

On May 17, 2019, Gershengorn and Osipoff filed their Objections (ECF No. 589) to the R&R. With regard to the recommended sanctions under Rule 16(f), Gershengorn and Osipoff argue that they were not provided proper notice of the sanctionable conduct, and that such conduct is not properly punishable under Rule 16(f) in any event. With regard to the recommended sanction under 28 U.S.C. § 1927 and the Court's inherent power, Gershengorn and Osipoff argue that they did not have proper notice of the alleged misrepresentations made to the Court, and that their statements were not made in bad faith. Indeed, Gershengorn and Osipoff contend that the statements "were not [even] misleading in their actual context."[2] Additionally, Gershengorn and Osipoff contend that the temporal scope of the attorney-fee sanction for their alleged misrepresentations was too broad.

On August 30, 2019, Plaintiffs filed their opposition to the objections (ECF No. 595), and on September 13, 2019, Gershengorn and Osipoff filed a reply (ECF No. 597). The Court has carefully

---

[2] ECF No.589 at p. 25. In other words, Gershengorn and Osipoff contend that the statements which Judge Payson found to be sanctionable only appeared false because Judge Payson took them out of context. *Id.* at p. 28. The Court disagrees, and notes that Judge Payson accurately described the context in which the statements, which were indeed inaccurate and misleading, were made.

considered the parties' submissions and the entire record relating to the renewed motion for sanctions.[3]

## DISCUSSION

The parties disagree as to the proper standard of review that the Court should apply, with Gershengorn and Osipoff maintaining that it is the *de novo* standard, while Plaintiffs contend that it is the "clearly erroneous or contrary to law" standard. However, assuming *arguendo* that the subject motion for sanctions is "dispositive of a claim or defense" and that the portions of the R&R which have been objected to must therefore be reviewed *de novo*,[4] the Court nevertheless concurs with Magistrate Judge Payson's findings and conclusions and concludes, finds, based on its own *de novo* review, that the objections lack merit,[5] and that the R&R should be affirmed and adopted in all respects.

## CONCLUSION

The Objections (ECF No. 589) are denied and the Report and Recommendation (ECF No. 582) is affirmed and adopted in its entirety. Plaintiffs' motion for sanctions (ECF No. 544) is granted in part and denied in part as indicated in the R&R.

SO ORDERED.

Dated: Rochester, New York
May 19, 2021

ENTER:

*Charles J. Siragusa* (signature)
CHARLES J. SIRAGUSA
United States District Judge

---

[3] *See, e.g.*, ECF Nos. 439, 455, 544, 546, 560, 567, 574, 575, 576, 578, 579, 580, 582, 589, 595, 597.

[4] *See*, Fed. R. Civ. P. 72(b).

[5] For example, the assertion by Gershengorn and Osipoff that they did not have notice of the sanctionable conduct is baseless. *See, e.g.*, ECF Nos. 371-1, 432, 439,455, 544, 574, 580. Similarly baseless is their claim that their statements (including the affidavit they drafted for Ignite's counsel Steve Metzger) about their involvement with the July 2015 class list were actually true and not designed to mislead, and that Magistrate Judge Payson erroneously viewed the statements out of context. Moreover, with regard to Gershengorn's and Osipoff's failure to produce a witness at the June 6, 2016 evidentiary hearing, they wasted the time of the Court and of opposing counsel by failing to discover, prior to the May 17, 2016 appearance, that no Ignite representative was available to testify, and then by failing to indicate, until the actual hearing, that Osipoff would not testify, contrary to what they had previously indicated. Moreover, the Court believes that the scope of the award of attorneys fees and costs related to the misrepresentations is proper, since, as the R&R notes, the statements were "knowing misrepresentations designed to mislead the Court *in evaluating the conduct at issue in the sanctions motion*," and were "relevant and material to *all the bases* on which plaintiffs sought sanctions." ECF No. 582 at pp. 69, 71 (emphasis added).