UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
---------------------------------------- X
:
CHRISTOPHER HART, et al.,        :    No. 13-CV-6458 (CJS)
:
                 Plaintiffs,    :
:
       v.    :
:
RAYMOND A. BLANCHETTE, III, et al.,    :
:
               Defendants.    :
:
---------------------------------------- X

# FISHER PARTIES' MEMORANDUM IN OPPOSITION
# TO PLAINTIFFS' COUNSEL'S APPLICATION FOR FEES AND COSTS

1

On behalf of Brian Gershengorn and Melissa Camire (née Osipoff) (the "Fisher Parties"), we respectfully submit this response in opposition to the Affirmation of Jessica Lukasiewicz Attesting to the Fees and Costs Requested in Connection with Plaintiffs' Motion for Sanctions (the "Lukasiewicz Affirmation") (Dkt. 601).

This Court's Report & Recommendation (the "R&R"), adopted by the district court, recommended that plaintiffs' counsel be authorized to seek reimbursement of their fees and costs associated with:

> the filing and briefing of the original motion (excluding the filings providing the further specificity ordered by the Court that should have been included in their original filings and excluding the costs of mediation), and the renewal of their motion after mediation, including briefing, oral argument, the evidentiary hearing, and the post-hearing submissions. . . . . Additionally [the Fisher Parties] should be ordered to reimburse those fees and costs incurred from May 17 through June 6, 2016, to prepare for and attend the court-ordered evidentiary hearing.

(Dkt. 582 at 73.) On August 13, 2021, in accordance with the procedure directed in the R&R as subsequently modified by the Court, plaintiffs' counsel filed the Lukasiewicz Affirmation, in which they seek fees totaling $42,280 and $1,239.60 in costs. The Affirmation seeks fees under headings that are intended to track the categories enumerated in the R&R for which this Court authorized fees and costs. It also seeks an additional sanction awarding fees and costs relating to its defense of the objections to the R&R that the Fisher Parties filed with the district court. The Fisher Parties oppose the requested fees, either because those fees do not fall within the enumerated categories for which this Court authorized fees and costs, or because, even where they do, the Fisher Parties' sanctioned conduct was not the cause of the specific fees and costs allegedly incurred as the law requires, or because they are otherwise unreasonable, or beyond the Court's authority to impose.

**BACKGROUND**

On March 29, 2019 this Court issued its R&R denying in part and granting in part plaintiffs' counsel's motion for sanctions against the Fisher Parties relating to the failure to provide an accurate class list during the litigation of this matter.  The R&R found that the Fisher Parties bore no legal responsibility for the failure to provide an accurate class list (Dkt. 582 at 53) but it recommended that they should be sanctioned on two other factual and legal theories: (1) failing to "act[ ] with greater dispatch" to advise the Court, prior to May 25, 2016, that their client "had no company witness who could satisfy [the Court's] May 17, 2016" order requiring a company witness to appear on certain matters on June 6, 2016, and (2) representations made to the Court in the Declaration of Steven Metzger and also incorporated in a subsequent Memorandum in opposition to the motion for sanctions concerning their role with respect to the class list.  (Dkt. 582 at 57-58, 64-71.)  The Court specifically denied plaintiffs' counsel's other allegations concerning the Fisher Parties' alleged misconduct in the litigation of the matter.  (*Id.* at 73.)

The R&R directed that plaintiffs' counsel "submit an affidavit attesting to those fees and costs with supporting documentation" and set a schedule for the submission and the Fisher Parties' response.  (*Id.*)  Since the Fisher Parties immediately made clear that they would file objections to the R&R, the parties agreed with the Court's approval that litigation over the amount of fees and costs to be awarded should be deferred until after the district court had decided the Fisher Parties' objections.

On May 19, 2021 the District Court issued an order adopting the R&R.  (Dkt. 598.)  In accordance with the schedule set by this court, on August 13, 2021 plaintiffs' counsel filed the Lukasiewicz Affirmation in support of their application for fees and costs.  The parties thereafter

2

agreed, with the Court's approval, to adjourn the Fisher Parties' date to respond to the Lukasiewicz Affirmation until January 15, 2022, to accommodate the parties' efforts to negotiate a settlement

The Lukasiewicz Affirmation represents that plaintiffs' counsel "made and maintained contemporaneous records of the work performed and billed with connection to this matter," and that, in connection with preparing the fee application "these records are exported into an Excel spreadsheet where time is reviewed." (Dkt. 601 at 3-4.)[1] While the Lukasiewicz Affirmation purports to present certain selected "contemporaneous records of the work performed and billed" to support the fee application, plaintiffs' counsel have not submitted any underlying time records for the Court's review.

The Lukasiewicz Affirmation further represents that the hours for which plaintiffs' counsel requests compensation are approximately 50% less than the total hours the firm recorded "in connection with this matter." (*Id.* at 4.) According to the affirmation, this ostensible 50% reduction results from plaintiffs' counsel's decision to exclude time either: (a) in the exercise of "billing judgment" because it would be unreasonable for a client to pay for that time; or (b) because a court was unlikely to award the fees or (c) because plaintiffs' counsel wanted to reduce the amount requested in the application to "reduce conflict" and because plaintiffs' counsel has no interest in "extract[ing] as much money as possible from defense counsel." (*Id.* at 1-3.) The Affirmation does not provide specifics relating to any specific time entries that were allegedly excluded on any of those three grounds.

---

[1] Due to inconsistencies in the paragraph numbering of the Lukasiewicz Affirmation we have cited to the page of the affirmation on the docket rather to numbered paragraphs.

3

## ARGUMENT

**PLAINTIFFS' COUNSEL'S FEE APPLICATION SHOULD BE DISALLOWED**

The Lukasiewicz Affirmation requests enumerated fees and costs under a series of headings that are intended to track the categories of reimbursable fees and costs set forth in the R&R. In addition, the Affirmation requests fees and costs for plaintiffs' counsel's opposition to the objections to the R&R that the Fisher Parties filed with the district court.

Civil sanctions imposing attorneys' fees and costs "must be compensatory rather than punitive in nature." *Goodyear Tire & Rubber Co. v. Haeger*, 137 S.Ct. 1178, 1186 (2017). Accordingly, a court may shift fees and costs as a sanction only if, but for the misconduct at issue, the party prevailing on the sanctions claim would not have incurred those fees and costs. *Id.* at 1186-87, n.5. In addition, the award of fees and costs is generally restricted to those fees and costs that are the direct consequences of the sanctioned conduct, and does not extend to every causal result of that conduct. *Cooter and Gell v. Hartmax Corp*. 496 U.S. 384, 406-07 (1990). To the extent that causation standards are satisfied, the Court determines a reasonable amount of fees to award, typically by applying a reasonable hourly rate to a reasonable number of hours expended. *Coene v. 3M Co.*, No. 10-CV-6546G, 2017 WL 56015, *2 (W.D.N.Y. Jan. 5, 2017).

As an initial matter, we note that plaintiffs' counsel relies on an attorney affirmation to evidence its fees, without submitting any of the time records referred to in the affirmation that allegedly support the application. Second Circuit precedent holds "unequivocally that absent unusual circumstances attorneys are required to submit contemporaneous records with their fee applications." *See Scott v. City of N.Y.*, 626 F.3d 120, 133 (2d Cir. 2010). Here, the Lukasiewicz Affirmation does not explain the omission of the underlying records and offers minimal detail

4

concerning the firm's process of contemporaneous time keeping (indeed, it suggest that some timekeeping was merely "near in time" to when the work was performed). (Dkt. 601 at 2.) The entire application may be found insufficient on this ground alone.

In addition, in evaluating the fee application, the Court should discount plaintiffs' counsel's claims concerning their alleged voluntary reduction of hours and fees. Although plaintiffs' counsel claim to have reduced their fees substantially for purposes of the application, the Lukasiewicz Affirmation does not provide the Court with a factual basis on which to decide that any of the hours plaintiffs' counsel claims to have excluded were legitimately compensable. Accordingly, the fee application must stand or fall on the work for which it actually claims compensation. Plaintiffs' counsel cannot meet their burden to show through conclusory allegations that they have substantially reduced alleged fees reflected in undisclosed time records. It may be that plaintiffs' counsel concluded that they had no reasonable prospect of obtaining compensation for those other alleged fees.

The Court should disallow specific requests for fees and costs for the reasons set forth below:

**A.     The "fees and costs associated with the filing of the original motion."**

In its R&R, this Court held that "Gershengorn and Osipoff should be ordered to reimburse those fees and costs associated with the filing and bringing of the original motion." (Dkt. 582 at 73.) However, the Court also held that the fee application should "exclud[e] those filings providing the further specificity ordered by the Court that should have been included in the original filings." (*Id.*).

The Lukasiewicz Affirmation seeks $8,480 in fees and $60 in costs relating to preparing motion papers filed on March 31, 2017. (Dkt. 601 at 5-6.) These March 31, 2017 filings (Dkt.

455) are not the original sanctions motion. The March 31, 2017 filings at Dkt. 455 followed this Court's February 24, 2017 order that plaintiffs' must provide further specificity concerning the sanctions they were seeking (Dkt. 432 at 12-13) and related to plaintiffs' Amended Notice of Sanctions (Dkt. 439). (*See e.g.* Docket 455-1 at 12 referring to the Amended Notice of Sanctions, Dkt. 439.) Therefore, plaintiffs are not entitled to the fees and costs associated with preparing the March 31, 2017 motion filings and they should be disallowed.

Separately, these fees and costs should be excluded for the additional reason that the March 31, 2017 motion filings were not the "but for" result of misconduct found in the R&R. The March 31, 2017 motion filings chiefly concern the failure to provide a class list, for which the R&R did not sanction the Fisher Parties. (*See* Dkt. 455-1 at 5-11, 17-21.) The R&R imposed a sanction based on certain specific representations made to the Court. But the March 31, 2017 filings did not result from those sanctioned representations. The sanctioned representations were not made until, at the earliest, December 19, 2017 and so they cannot be the cause of plaintiffs earlier March 31, 2017 filings. (*See* Dkt. 582 at 17 (discussing Dkt 546-1 and 581.) Likewise, the events leading up to the June 6, 2016 hearing, although discussed briefly as a basis for sanctions in the March 31, 2017 memorandum of law (*See* Dkt. 455-1 at 7-9, 22-23), were not the but for cause of the fees and costs incurred in preparing the March 31 filings. The March 31, 2017 filings primarily concerned the failure to provide the class list, which were separate from and predated the June 6, 2016 hearing. (*See* Dkt. 455-1 at 1-7, 9-21.)

The Lukasiewicz affirmation provides no basis to conclude that the 42.4 hours for which plaintiffs' counsel claims fees under the heading of the "filing of the original motion" were incurred as a result of any sanctioned conduct, rather than as a result of the failure to provide an accurate class list for which the Court found that the Fisher Parties were not legally responsible

6

and should not be sanctioned. Accordingly, the entire amount of the application under this heading should be disallowed.

**B.      The "fees and costs incurred from May 17 to June 6, 2016 to prepare for an attend the court ordered evidentiary hearing."**

The Lukasiewicz Affirmation seeks $4,080 in fees and $261.80 in costs allegedly "incurred from May 17 to June 6, to prepare for and attend the court-ordered evidentiary hearing" on June 6, 2016. (Dkt. 601 at 8-9.)

On May 17, 2016, the Court ordered the Fisher Parties' client Ignite to produce a competent company witness to testify about the inaccuracies in the class list at a hearing to be conducted on June 6, 2016. On May 23, the Fisher Parties notified plaintiffs' counsel by telephone that no competent witness was available. The Fisher Parties also called this Court's chambers that day to inform the Court that no competent witness was available, but were told that the judge was away through Memorial Day, and that they should write a letter to the Court, which they submitted on May 25. (Dkt. 359-13 at 1 and Ex A, 5-6 (reflecting email exchange documenting the May 23 communications between the parties and with chambers preceding the May 25 letter).) As noted, the R&R found that, "prior to the May 25 letter that Ignite had no company witness who could satisfy [the Court's] May 17, 2016 Order," the Fisher Parties "should have acted with greater dispatch to learn and notify the Court that no witness was available" to testify at the June 6, 2016 hearing (Dkt. 582 at 57-58). Given that the Fisher Parties contacted plaintiffs' counsel on May 23, 2016 to explain that there was no company witness to testify, and also contacted the Court on that date to provide the same information, the sanctioned lack of dispatch in providing notice that no company witness was available could not be the but for cause of any fees or costs incurred *after* May 23. Notably, however, all of the $4,080 in fees claimed in the application with respect to the June 6, 2016 hearing relates to the period after May

23. Since all the requested fees post-date May 23, when the sanctioned lack of dispatch was cured, no fees were incurred as a result of the lack of dispatch and no fees may be awarded.

In addition to addressing the period prior to the May 25, 2016 letter, the R&R found that the Fisher Parties should reimburse plaintiffs' counsel for fees from May 25 to June 6. (Dkt 582 at 58.) In describing the events of that period the R&R notes that, after a June 1, 2016 conference addressing the May 25 letter, plaintiffs' counsel "reasonably believed that Osipoff would testify about her efforts to prepare a third list" at the June 6 hearing, and that after Judge Siragusa denied the Fisher Parties' request for an order excusing Osipoff from testifying, the plaintiffs "needed to be prepared that the hearing would proceed and [Osipoff] would testify." (Dkt. 582 at 58.)

While the Fisher Parties recognize that the R&R authorized a fee application with respect to the period May 25 to June 6, they respectfully urge that the proper scope of any award of fees based on the findings of the R&R must be limited to the period prior to May 23. The Court found that only the failure to notify the Court of the availability of the company witness was sanctionable; and the consequences of that conduct were cured by May 23 (and in any event, by May 25 when the Court received the Fisher Parties' letter informing the Court that there was no company witness to comply with the May 17 Order (Dkt. 359-13)). The R&R did not find any subsequent breach of duty in the Fisher Parties' handling of whether Ms. Osipoff would testify at the June 6, 2016 hearing. Thus, plaintiffs' counsel's beliefs about the June 6 hearing and any fees incurred in relation to preparing for the hearing after May 25 were not the result of misconduct of the Fisher Parties and they may not be included in the award of fees. To the contrary, the fact that Ms. Osipoff did not ultimately testify at the June 6, 2016 hearing was the result of the Fisher Parties' reasonable advocacy on behalf of their client, Ignite. Ignite

8

instructed Ms. Osipoff not to testify in the absence of a court order requiring her testimony because of the client's concern, based on certain statements of plaintiffs' counsel, that plaintiffs' counsel would use the hearing to invade privileged communications and work product. (*See* Dkt. 353 at 11-12; 359-16 at 3-4). Even if the Fisher Parties' advocacy caused plaintiffs' counsel to perform work in advance of that hearing, the fees were not incurred because of any sanctionable conduct and there is no basis for ordering the Fisher Parties to reimburse them.

C.   **The "evidentiary hearing where Melissa Osipoff and Steve Metzger testified."**

The Lukasiewicz Affirmation seeks compensation for fees and costs incurred "to prepare for and attend" the evidentiary hearing conducted on October 25, 2018. The Court did not order this hearing until September 2018, based on the declaration that Ms. Osipoff filed in August of 2018. The Lukasiewicz Affirmation includes entries from May 29, 2018, and June 1, 2018 that cannot relate to preparation for and attendance at the October 25, 2018 evidentiary hearing, and should be disallowed.

D.   **The "post-[evidentiary] hearing submissions."**

The Lukasiewicz Affirmation seeks $9,300 in fees and $56.49 in costs for the "post-hearing submissions (Lukasiewicz Aff. at 4 n.2, 11-12.) The R&R found that plaintiffs' counsel could seek reimbursement for the fees and costs associated with the submission it filed after the October 25, 2018 evidentiary hearing. The purpose of the October 25 hearing was to enable the plaintiff to examine Metzger and Osipoff on their declarations. When the witness examinations concluded, the Court expressed its concern about the statement in the Metzger Declaration that Osipoff had no knowledge of the creation of the 2015 list, and she invited plaintiffs' counsel and the Fisher Parties to submit additional briefs addressing that concern. (*See* Dkt. 582 at 33-34.)

9

Following those statements at the end of the October 25 hearing, the Court issued an Order to Show Cause ("OTSC") to "ensure that the Fisher Parties are fully aware of both the conduct and legal authority at issue and that they have an opportunity to be fully heard before a decision is rendered." (Dkt. 574 at 3 n1). In response to the OTSC, plaintiffs' counsel submitted a supplemental memorandum of law, affirmation and exhibits on November 27, 2018 (Dkt. 576) and the Fisher Parties submitted a responsive brief and a separate brief responding to the OTSC on December 13, 2018. (Dkt. 578, 579.)

Yet, nearly all of the fees sought in this section of the Lukasiewicz Affimation were incurred before the October hearing occurred and relate to preparing and litigating an August 18 motion to strike which the Court ultimately denied. The only fees that relate to the post-hearing submissions were incurred from November 7 to November 27, and they total $3,080 of the $9,300 sought. Furthermore, the 30.8 hours sought for briefing the August 2018 motion to strike Ms. Osipoff's declaration are unreasonable, particularly given that the Court denied the requested relief. The $6,220 in fees for the motion to strike should be disallowed (and, in any event, reduced substantially to a more reasonable amount).

E.     The "fees and costs requested for the filing and briefing of the objections to the R&R."

The Lukasiewicz Affirmation requests that this Court enter additional relief, not contemplated by the R&R or by the District Court's order adopting the R&R, requiring the Fisher Parties to pay plaintiffs' counsel $12,048 for work performed in opposing the Fisher Parties' objection to the R&R before the district court judge. (Dkt. 601 at 13-14.) This request should be denied.

The award of fees in connection with a district court's review of a magistrate judge's decision or recommendation imposing sanctions closely resembles the issue considered by the

Supreme Court in *Cooter and Gell v. Hartmax Corp*. 496 U.S. at 406-07.  There, the Court held that the award of fees as a Rule 11 sanction may not include fees and costs incurred in defending an appeal of the order imposing the sanction.  *Id.*  In particular, the Court reasoned that the permissible scope of fees under Rule 11 was limited to fees "directly caused" by the sanctionable filing, which did not include fees related to the appeal.  *Id.* at 406-07.  Rather, the Court explained, "if the district court imposes . . . sanctions on the plaintiff, and the plaintiff appeals, the expenses incurred in defending the award on appeal are directly caused by the district courts sanction and the appeal of that sanction, not by the plaintiff's initial [sanctioned] filing in district court."  *Id.*  The Supreme Court also emphasized the important policy goals served by this limitation on the trial court's power to award fees as a sanction.  A contrary rule, permitting the very court that imposed a sanction to also impose fees for an unsuccessful appeal of that sanction would "be likely to chill all but the bravest litigants from taking an appeal" (as well as to spawn further "satellite litigation").  *Id.* at 408.  Accordingly, the Court held that fees and costs for appeal of an order imposing sanctions may be awarded only where the appeal is itself frivolous and only by the Court of Appeals, not the trial court.  *Id.*

Courts have extended *Cooter and Gell*'s reasoning to other bases for awarding sanctions in addition to Rule 11, including to 28 USC § 1927 (the statutory analog of the court's inherent power to sanction).  *See Manion v. Am. Airlines, Inc.*, 395 F.3d 428, 433 (D.C. Cir. 2004).  And courts have also found *Cooter and Gell*'s reasoning directly applicable in the context of district court review of sanctions imposed by a tribunal closely akin to a federal magistrate.  *See In re Creative Desperation Inc.*, 443 F. App'x 399 (11th Cir. 2011).  In *Creative Desperation*, the Court of Appeals held that it was error to award fees for the appeal to the district court from a bankruptcy court's award of sanctions.  Relying on *Cooter and Gell,* the court rejected the

11

applicant's theory that these fees were reimbursable merely because the district court appeal was causally connected to the sanctioned conduct. And it emphasized the applicant's failure to request sanctions from the district court on the theory that the appeal was itself frivolous or otherwise sanctionable.

Here, similarly, there is no basis for this Court to award fees or costs incurred in opposing the Fisher Parties' objections to the R&R.

Initially, this is not the proper forum or proper time for plaintiffs' counsel to seek an award of fees in connection with the district court's review of the R&R. The proper time and place to seek such relief would have been before Judge Siragusa who heard and decided the objections. Although plaintiffs' counsel's opposition to the objections referred in a footnote to fees and costs incurred in opposing the objections, and to a "likely appeal," and state that they would seek fees and costs for "any continued work on the matter," (Dkt. 595 at 30 n16), they never argued that they were entitled to fees for their defense of the objection or asked the district court for such an award. Judge Siragusa's decision and order did not consider the question of awarding additional fees and costs and nor did it refer that question to this Court. Plaintiffs should have advanced that claim in the context of the district court's review of the R&R, if at all, and they are too late in attempting to raise it now.

In any event, under the reasoning of *Cooter and Gell*, which is equally applicable here, plaintiffs' counsel are not entitled to fees and costs for opposing objections to the R&R. Those fees and costs are not the direct result of sanctioned conduct. Rather, they are the result of the R&R's finding of sanctionable conduct and of the Fisher Parties exercise of their right to object to appeal those finding to the district court. Just as in the case of an appeal of an order of the district court, a rule permitting the award of fees and costs of district court review following a

magistrate's findings on sanctions would raise serious policy concerns.  It would act as a strong disincentive on the effective exercise of rights to district court appellate review, and would do so in a context of the utmost seriousness, particularly for attorneys subjected to sanctions.

Lastly, even if the Court had authority in principle to impose what is, in effect, a new and further sanction based on the Fisher Parties pursuit of district court review of the R&R (which it does not), policy concerns make clear that such a power should only be exercised in exceptional cases, and there is nothing to support such an award here.  The Fisher Parties' appeal to the district court was unsuccessful, but the issues it raised were far from frivolous.  Awarding fees and costs under these circumstances would be an abuse of such discretion as the Court might have and would only serve to deter parties from availing themselves of an orderly process of judicial review on which the integrity of our system of justice depends.

## **CONCLUSION**

The Court should disallow the above fees and costs sought by plaintiffs' counsel.

Dated:  New York, New York
            January 15, 2022

Respectfully submitted,

COOLEY LLP

By:  /s/ Ian Shapiro
        Ian Shapiro
        Reed A. Smith

55 Hudson Yards
New York, New York  10001-2157
Telephone:  (212) 479-6000

WOODS OVIATT GILMAN LLP
William G. Bauer
1900 Bausch & Lomb Place
Rochester, New York  14604
Telephone:  (585) 987-2800

*Attorneys for the Fisher Parties*