UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CHRISTOPHER HART, et al.,

                          Plaintiffs,

       v.

CRAB ADDISON, INC., d/b/a JOE'S
CRAB SHACK, et al.,

                          Defendants.
_____

DECISION & ORDER

13-CV-6458MWP

        By Report and Recommendation dated March 29, 2019, I recommended that plaintiffs' renewed motion for sanctions be granted in part and denied in part. (Docket ## 544, 582). Specifically, I recommended that defendants' counsel Brian Gershengorn and Melissa Camire[1] be ordered to pay $3,000 to the Clerk of the Court and to reimburse plaintiffs' counsel for their reasonable attorneys' fees and costs "associated with the filing and briefing of the original [sanctions] motion (excluding the filings providing the further specificity ordered by the Court that should have been included in their original filings and excluding the costs of mediation), and the renewal of their motion after mediation, including briefing, oral argument, the evidentiary hearing, and post-hearing submissions." (Docket # 582 at 73). I also recommended that Gershengorn and Camire be ordered to reimburse those fees and costs incurred by plaintiffs between May 17 through June 6, 2016, to prepare for and attend a court-ordered evidentiary hearing. (*Id.*). A thorough recitation of the procedural history and

---

[1] At the time of this Court's Report and Recommendation, Melissa Camire's name was Melissa Osipoff. (Docket # 606 at 2).

factual basis for my determination that sanctions were appropriate is set forth in my Report and Recommendation, familiarity with which is assumed.

On May 17, 2019, Gershengorn and Camire filed objections to my Report and Recommendation, and on May 19, 2021, the district court issued a Decision and Order denying those objections and adopting my Report and Recommendation in its entirety. (Docket ## 589, 598). On August 13, 2021, plaintiffs' counsel submitted an affidavit with attached supporting documentation seeking $42,820 in fees and $1,239.60 in costs. (Docket # 601 at 5, ¶ 18).[2] Gershengorn and Camire have opposed the requested fees and costs, maintaining that plaintiffs' counsel has failed to provide contemporaneous time records and that the Court should disregard plaintiffs' contention that they voluntarily reduced the amount of attorneys' fees requested. (Docket # 606 at 4-6). They also maintain that plaintiffs' request is excessive on two separate grounds: (1) certain hours fall outside of the scope of sanctions authorized by the Court or reflect work that did not result from the conduct found sanctionable by the Court; and, (2) the amounts sought relating to the filing of plaintiffs' motion to strike (Docket ## 561, 566) are unreasonable. (Docket # 606 at 6-14). For the reasons discussed below, plaintiffs are hereby awarded attorneys' fees and costs in the amount of $31,971.60.

I.      **Contemporaneous Time Records**

Gershengorn and Camire oppose plaintiffs' application for attorneys' fees in its entirety on the grounds that plaintiffs failed to submit any of the underlying time records in support of the application. (Docket # 606 at 5-6). In her affirmation in support of the application, plaintiffs' attorney, Jessica L. Lukasiewicz, represents that it is the standard practice

---

[2] Several of the paragraphs in this affidavit are misnumbered. For clarity, citations to this affidavit will contain both page and paragraph numbers.

2

of plaintiffs' law firm Thomas & Solomon, LLP, to require all timekeepers "to make and maintain records of time spent and work performed . . . contemporaneously with, or near in time, to when the work is performed." (Docket # 601 at 2, ¶ 8). According to Lukasiewicz, consistent with that practice, the timekeepers who performed work in connection with this matter "made and maintain[ed] contemporaneous records," and those records were "exported into an Excel spreadsheet," and, after review and voluntary reduction, incorporated into her affirmation. (*Id.* at 2-3, ¶¶ 9-11; 5-6, ¶ 22; 7, ¶ 24; 8, ¶ 27; 9-11, ¶ 29; 11-13, ¶ 31; 13-15, ¶ 33). I find that such representations are sufficient to support plaintiffs' application for attorneys' fees. *See Tri-Star Pictures, Inc. v. Unger*, 42 F. Supp. 2d 296, 303 (S.D.N.Y. 1999) ("[t]he actual original time sheets are not necessary; submitting an affidavit and attaching a computerized printout of the pertinent contemporaneous time records is acceptable").

## II.     Voluntary Reduction

According to plaintiffs' counsel, time entries reflecting work relating to the reimbursable activities identified by the Court in its decision totaled approximately 532.4 hours. (Docket # 601 at 4-5, ¶¶ 14, 18). Plaintiffs' counsel then multiplied the total hours expended by an hourly blended rate of $200, resulting in total fees in the amount of $106,480. (*Id.* at 5, ¶ 18). Plaintiffs represent that they voluntarily reduced the amount of attorneys' fees requested by excluding more than half of the hours (318.3 of the total 532.4 hours) and used an hourly rate of only $200, which they believe is below the current market rate, resulting in requested fees totaling $42,820. (*Id.* at 4-5, ¶¶ 14-15, 17-18). According to Lukasiewicz, plaintiffs voluntarily reduced the recorded hours by (1) eliminating hours expended "that would be unreasonable for a market-based client to pay"; (2) eliminating tasks and costs that "although a market-based client

3

would pay, a court is unlikely to award"; and, (3) reducing additional, unspecified time. (*Id.* at 2-3, ¶¶ 9-11). Lukasiewicz does not specify how much of the deducted time fell within each of these categories and has not submitted any time entries reflecting such work.

Gershengorn and Camire urge the Court to disregard plaintiffs' assertions that the amount of attorneys' fees has been significantly reduced, maintaining that plaintiffs' assertions in this regard are conclusory and unsupported. (Docket # 606 at 4, 6). I agree. The Court has no basis to dispute plaintiffs' representations that their counsel expended in excess of 500 hours on sanctions-related litigation tasks. Nevertheless, plaintiffs have not submitted any of the contemporaneous time records for the approximately 318.3 hours which they claim were worked but for which they are not seeking reimbursement. Nor have they identified which of those hours are those which would be "unreasonable for a market-based client to pay," which would be unlikely to be reimbursed by a court, and which were simply excluded from reimbursement for other unspecified reasons. On this record, the Court lacks sufficient information to determine whether the excluded hours are in fact compensable and reasonable. Accordingly, the Court will evaluate the reasonableness of plaintiffs' fee request based solely upon those amounts for which plaintiffs have requested reimbursement and supplied contemporaneous time records.

**III.**     <u>**Scope of the Sanctions Recommendation**</u>

As stated above, I determined that Gershengorn and Camire should "reimburse those fees and costs associated with the filing and briefing of the original [sanctions] motion (excluding the filings providing the further specificity ordered by the Court that should have been included in their original filings and excluding the costs of the mediation), and the renewal of [plaintiffs'] motion after mediation, including briefing, oral argument, the evidentiary hearing,

4

and post-hearing submissions." (Docket # 582 at 73).  Gershengorn and Camire were also ordered to reimburse those fees and costs incurred by plaintiffs between May 17 through June 6, 2016, to prepare for and attend a court-ordered evidentiary hearing.  (*Id.*).  Gershengorn's and Camire's remaining challenges to plaintiffs' reimbursement request primarily concern whether particular litigation tasks for which plaintiffs seek reimbursement are properly included within the tasks identified by the Court in its decision and whether those particular tasks were in fact caused by their sanctionable conduct.  (Docket # 606 at 6-14).  These arguments are addressed below.

      A.      <u>**March 31, 2017 Submission**</u>

Plaintiffs seek reimbursement for 42.4 hours of attorney-time expended drafting and filing their motion for sanctions filed on March 31, 2017 (the "March 31 submission") (Docket # 455), and 5.6 hours of attorney-time drafting and filing their renewed motion for sanctions on April 16, 2018 (Docket # 544) and preparing and attending oral argument on that motion on June 6, 2018 (Docket # 554), for a total of $9,600.  (Docket # 601 at 5-7, ¶¶ 21-24).  They also seek reimbursement for $140.01 in associated costs.  (*Id.* at 6-7, ¶¶ 14, 25).  Gershengorn and Camire oppose plaintiffs' request as excessive insofar as they seek reimbursement for fees and costs associated with the March 31 submission.  (Docket # 606 at 6-8).

First, Gershengorn and Camire challenge the request on the grounds that the March 31 submission was not the "but for" result of the conduct this Court found to be sanctionable.  (*Id.* at 7).  Gershengorn and Camire appear to suggest that because their sanctionable conduct occurred at the earliest on May 17, 2016, they should not be required to reimburse plaintiff for litigation costs preceding that date.  (*Id.*).  This argument was raised by

5

Gershengorn and Camire in their objections to this Court's Report and Recommendation and rejected by the district court in its Decision and Order adopting this Court's Report and Recommendation in its entirety. (Docket ## 589 at 33; 598 at 3 n.5 ("the Court believes that the scope of the award of attorneys fees and costs related to the misrepresentations is proper, since, as the R&R notes, the statements were 'knowing misrepresentations designed to mislead the Court *in evaluating the conduct at issue in the sanctions motion*," and were 'relevant and material to *all the bases* on which plaintiffs sought sanctions'"). For the reasons stated in my Report and Recommendation, as well as in the district court's Decision and Order, I find that the expenses incurred by plaintiffs in connection with their briefing of the motion for sanctions are properly reimbursable as sanctions for Gershengorn's and Camire's misconduct. *See Liebowitz v. Bandshell Artist Mgmt.*, 6 F.4th 267, 288 (2d Cir. 2021) ("it was not an abuse of discretion for the district court to hold [counsel] liable for the cost of litigating the entire sanctions motion even when this motion was successful only in part[;] . . . [the but-for] standard does not require precise accounting[,] . . . [and] a district court . . . 'may decide, for example, that all … of a particular category of expenses … were incurred solely because of a litigant's bad-faith conduct' and should be compensated in the form of sanctions") (quoting *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 110 (2017)).

      Gershengorn and Camire also maintain that the March 31 submission does not fall within scope of litigation activities for which the Court authorized reimbursement. (Docket # 606 at 6-7). Again, I disagree. In my decision, I explicitly authorized reimbursement for fees and costs incurred in connection with the briefing of the original sanctions motion, the renewed motion, and any associated briefing and oral argument. (Docket # 582 at 73).

Sanctions were first sought by plaintiffs in connection with a motion to compel they filed on March 22, 2016. (Docket # 326-1 at 3). During oral argument on that motion on May 17, 2016, the Court reserved on the issue of sanctions and, during the proceedings on June 6, 2016, directed the parties to confer and provide the Court with available dates to schedule the requested sanctions hearing. (Docket ## 349 at 18; 354). The Court ordered the sanctions hearing to be held on August 11, 2016, and subsequently adjourned the hearing without date after the defendants filed a motion for reconsideration, maintaining they lacked adequate notice of the basis for which sanctions were sought. (Docket ## 357, 363, 384). By letter dated September 12, 2016, plaintiffs sought permission to proceed with their sanctions application by written submission rather than through testimonial evidence, a request which was granted by the Court during proceedings held on September 13, 2016. (Docket # 401-2 at 52-53). The Court granted in part defendants' motion for reconsideration and directed that plaintiffs "provide defendants additional specificity regarding the alleged conduct at issue" for which they sought sanctions. (Docket # 432 at 12). Plaintiffs provided that additional specificity by an amended notice dated March 10, 2017. (Docket # 439). The Court also directed plaintiffs to file their written submission in support of their request for sanctions on or before March 31, 2017, resulting in the March 31 submission. (Docket # 432 at 13).

Considering this procedural history, the Court determined that plaintiffs could seek reimbursement for briefing in connection with their original sanctions motion; that included the written submission they provided in lieu of live witness testimony – *i.e.*, the March 31 submission. The Court also found that plaintiffs were not entitled to reimbursement for work associated with providing additional specificity in their notice of sanctions as directed by the Court. That the Court contemplated reimbursement for the March 31 submission is reflected in

its explicit authorization for reimbursement for the filing of the renewed motion for sanctions – a filing that relied upon and incorporated by reference the March 31 submission. (*Compare* Docket # 455 *with* Docket # 544). Accordingly, I find that plaintiffs are entitled to seek reimbursement for the fees and costs they incurred in connection with the March 31 submission.

B. <u>Fees and Costs Incurred from May 17 to June 6, 2016</u>

Plaintiffs seek reimbursement for 20.4 hours of attorney-time expended preparing for and attending the June 6, 2016 evidentiary hearing, totaling $4080 in attorneys' fees. (Docket # 601 at 8-9, ¶ 27). They also seek to be reimbursed for $261.80 in associated costs. (*Id.* at 9, ¶ 18). Gershengorn and Camire oppose plaintiffs' request, maintaining that they should not be required to reimburse any fees incurred after May 23, 2016.[3] (Docket # 606 at 8-10).

Although they concede that my decision explicitly authorized plaintiffs to seek recovery of fees incurred between May 17 and June 6 in order to prepare for the hearing, Gershengorn and Camire nonetheless argue that the proper scope of any reimbursement should be limited to the period between May 17 and May 23 – the date upon which they notified plaintiffs' counsel that there was no witness available to testify at the hearing. (*Id.*). This argument was raised by Gershengorn and Camire in their objections to my Report and Recommendation and rejected by the district court. (Docket ## 589 at 20 n.9, 33; 598 at 3 n. 5 ("with regard to Gerhshengorn's and [Camire's] failure to produce a witness at the June 6, 2016 evidentiary hearing, they wasted the time of the Court and of opposing counsel by failing to discover, prior to the May 17, 2016 appearance, that no Ignite representative was available to testify, and then by failing to indicate, until the actual hearing, that [Camire] would not testify, contrary to what they had previously indicated")). For the reasons stated in my Report and

---

[3] Gershengorn and Camire do not appear to oppose plaintiffs' request to be reimbursed $261.80 for the cost of the transcripts from the proceedings on June 6, 2016.

Recommendation, as well as in the district court's Decision and Order, I find that the expenses incurred by plaintiffs between May 17 and June 6 in connection with their preparation for the June 6 hearing are properly reimbursable.

      **C.**    **<u>Fees Incurred in Connection with the October 25, 2018 Evidentiary Hearing</u>**

Plaintiffs seek reimbursement for 39.2 hours of attorney-time expended preparing for and attending the October 25, 2018 evidentiary hearing, totaling $7,840 in attorneys' fees. (Docket # 601 at 9-11, ¶ 29). They also seek to be reimbursed for $733.30 in associated costs. (*Id.* at 11, ¶ 20). Gershengorn and Camire oppose reimbursement of any fees incurred prior to September 20, 2018 – the date the Court ordered the evidentiary hearing. (Docket # 606 at 10). The challenged fees include an entry dated May 29, 2018, during which Lukasiewicz conducted legal research, drafted an affirmation, and reviewed a memorandum of law. These tasks appear to relate to the reply submission filed by plaintiffs in support of their renewed motion for sanctions (Docket # 551). Although such tasks were not undertaken in preparation for the October 25, 2018 evidentiary hearing, they are within the scope of authorized sanctions because they relate to the filing and briefing of the renewed sanctions motion. Accordingly, I find that the fees incurred for this entry are reimbursable.

Gershengorn and Camire also oppose reimbursement of fees reflected in an entry dated June 1, 2018, relating to Lukasiewicz's review of and response to a letter to the Court from Camire. (Docket ## 601 at 10, ¶ 29; 606 at 10). The docket reflects the filing of a letter to the Court dated June 1, 2018, in which the parties jointly requested an extension of their deadline to submit a jointly-proposed scheduling order. (Docket # 552). I agree with Gershengorn and Camire that this letter does not appear to relate to the sanctions motion or the October 25, 2018

hearing. Accordingly, I find that the 0.2 hours reflected in this time entry are not within the scope of the authorized sanctions and are not reimbursable.

        **D.**      **Post-Evidentiary Hearing Submissions**

Plaintiffs seek reimbursement for 46.5 hours of time expended in connection with post-hearing submissions, totaling $9,300 in attorneys' fees. (Docket # 601 at 11-13, ¶ 31). They also seek to be reimbursed for $56.49 in associated costs. (*Id.* at 13, ¶ 22). Gershengorn and Camire oppose reimbursement of any fees incurred in connection with the drafting and filing of plaintiffs' motion to strike (Docket # 561). (Docket # 606 at 10-11).

After the parties had briefed plaintiffs' renewed motion to strike, the Court held oral argument on the submissions on June 6, 2018. (Docket ## 544, 546, 551, 554, 557). During those proceedings, the Court placed Gershengorn and Camire on notice that the information presented to the Court, including the declaration of Steve Metzger, supported an inference that Gershengorn and Camire did not adequately supervise their client's compliance with the district court's order directing it to produce a class notice list. (Docket # 557 at 55-64). The Court considered the request by counsel for Gershengorn and Camire to supplement the record, but reserved on that issue pending a written application. (*Id.* at 66, 87). Despite the Court's instructions, on July 26, 2018, without leave of the Court, counsel for Gershengorn and Camire supplemented their submissions with a declaration of Camire. (Docket # 560).

In response, plaintiffs filed a motion seeking to strike the unauthorized declaration. (Docket # 561). During oral argument on that application, counsel for Gershengorn and Camire represented that the purpose of the declaration was to supplement the record concerning issues raised by the Court during the previous oral argument, specifically to "demonstrate to the Court what was the role that [Gershengorn and Camire were] playing during

[the relevant] period of time." (Docket # 569 at 7-8). The Court denied plaintiffs' motion to strike, but on the condition that Metzger and Camire were made available to testify at an evidentiary hearing so that plaintiffs would have an opportunity to cross-examine them concerning the representations made in their declarations. (Docket # 567).

Gershengorn and Camire maintain that expenses incurred in connection with plaintiffs' motion to strike are not properly reimbursable as "post-hearing submissions" because they were incurred prior to the October 28, 2018 evidentiary hearing. (Docket # 606 at 10-11). While I agree with Gershengorn and Camire that these expenses are not properly categorized as "post-hearing submissions," I disagree that they are not reimbursable. As stated above, this Court authorized reimbursement of expenses incurred in connection with plaintiffs' motion for sanctions, including the renewal of the motion after mediation and any associated briefing or Court appearances. (Docket # 582 at 73). I find that the motion to strike, which was prompted by Gershengorn's and Camire's unauthorized attempt to supplement the record on the motion for sanctions, constitutes a "briefing" relating to the renewed motion for sanctions. That the Court ultimately denied the relief sought by plaintiffs is immaterial, especially because the denial was conditioned on the production of Camire and Metzger as witnesses at an evidentiary hearing. Accordingly, I find the amounts incurred in connection with the motion to strike are properly reimbursable.

### E.     **Objections to Report and Recommendation**

Plaintiffs seek reimbursement for 60 hours of time expended preparing and filing their opposition to Gershengorn's and Camire's objections to my Report and Recommendation, totaling $12,000 in attorneys' fees. (Docket # 601 at 13-15, ¶ 33). They also seek to be reimbursed for $48 in associated costs. (*Id.* at 15, ¶ 24). Gershengorn and Camire oppose

reimbursement of this category of fees, maintaining that they are not within the scope of authorized reimbursable expenses and were not caused by the sanctionable conduct. (Docket # 606 at 11-14). I agree with Gershengorn and Camire that expenses incurred in connection with litigating their objections to my Report and Recommendation are not reimbursable. Request for reimbursement of such expenses should have been raised by plaintiffs at the time the objections were litigated before the district court. *See*, *e.g.*, *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 407 (1990) ("expenses incurred on appeal [may] be shifted onto appellants only when those expenses are caused by a frivolous appeal, and not merely because Rule 11 sanctions upheld on appeal can ultimately be traced to a baseless filing in district court"); *In re Creative Desperation Inc.*, 443 F. App'x 399, 402 (11th Cir. 2011) (collecting cases declining to award costs associated with appeals of sanctions ordered pursuant to Rule 11, 28 U.S.C. § 1927, and the court's inherent powers; "[h]ere, the Trustee did not argue [that the] appeal itself was frivolous, but instead argued that the causal link between [the] sanctionable conduct in the bankruptcy court was sufficient alone to justify an award of attorneys' fees by the district court[;] [t]his argument contradicts binding Supreme Court precedent, and the district court did not abuse its discretion by declining to adopt this incorrect legal standard"); *Nieves v. City of Cleveland*, 153 F. App'x 349, 354 (6th Cir. 2005) ("[a]warding fees and costs, or any sanction for that matter, associated with [appellant's] appeal of the imposition of Rule 11 sanctions, constituted an erroneous ruling on the law and was an abuse of discretion"); *Manion v. Am. Airlines, Inc.*, 395 F.3d 428, 433 (D.C. Cir. 2004) ("[w]e therefore join several of our sister circuits in holding that a district court may not award the cost of interlocutory appellate proceedings as part of a sanctions award under § 1927"); *Autotech Corp. v. NSD Corp.*, 1992 WL 82351, *3 (N.D. Ill. 1992) ("[a] motion for reconsideration of the imposition of sanctions does not risk additional sanctions

unless the new motion is itself frivolous"). Accordingly, I find that plaintiffs are not entitled to reimbursement of the fees and costs associated with opposing Gershengorn's and Camire's objections to my Report and Recommendation.

IV. <u>**Reasonableness of Requested Attorneys' Fees and Costs**</u>

I turn finally to the issue of the reasonableness of the fees requested. An award of reasonable attorneys' fees is typically calculated using the lodestar methodology, which requires the court to determine counsel's reasonable hourly rate and multiply it by the reasonable number of hours expended by counsel; that figure may then be adjusted in the district court's discretion. *See*, *e.g.*, *Perdue v. Kenny A.*, 559 U.S. 542, 551 (2010) ("the lodestar figure has, as its name suggests, become the guiding light of our fee-shifting jurisprudence") (internal quotation omitted); *Grievson v. Rochester Psychiatric Ctr.*, 746 F. Supp. 2d 454, 460-61 (W.D.N.Y. 2010); *Jack v. Golden First Mortg. Corp.*, 2008 WL 2746314, *2 (E.D.N.Y. 2008); *Moreno v. Empire City Subway Co.*, 2008 WL 793605, *2 (S.D.N.Y. 2008); *see also Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 190 (2d Cir. 2008) (lodestar figure is the "presumptively reasonable fee").

According to plaintiffs' counsel, time entries reflecting work relating to the sanctionable conduct for which they seek reimbursement totaled approximately 214.1 hours. (Docket # 601 at 5, ¶ 18). Plaintiffs' counsel then multiplied the total hours expended by an hourly rate of $200, resulting in $42,820. (*Id.*). Plaintiffs also seek reimbursable costs in the amount of $ 1,239.60. (*Id.*). Of the hours identified by plaintiffs, for the reasons discussed above, I conclude that 60.2 of those hours (0.2 (6/1/2018 entry) and 60 (objections to the Report and Recommendation)) were not within the scope of litigation activities for which

13

reimbursement is authorized. Similarly, I conclude that $48 of the $1,239.60 claimed costs (copying costs in connection with the objections to the Report and Recommendation) are not properly reimbursable. Subtracting those fees and costs yields $30,780 in attorneys' fees ((214.1 – 60.2) x $200/hour) and $1,191.60 in costs ($1,239.60 – $48).

    Defendants do not contend that the $200 hourly rate requested by plaintiffs' counsel is unreasonably high, and, based upon my familiarity with prevailing hourly rates in this district, I find that the proposed $200 hourly rate is consistent with, if not in fact lower than, prevailing local rates and is reasonable and appropriate in this case. *See Johnson v. New Bern Transp. Corp.*, 2020 WL 6736861, *5 (W.D.N.Y. 2020) ("[t]he [c]ourt finds the requested [$300] hourly rate and hours reasonable given recent case law in this district, [the attorney's] experience in consumer litigation, his work drafting the pleadings and motions, and his efforts to resolve the case"); *Figueroa v. KK Sub II, LLC*, 2019 WL 1109864, *10 (W.D.N.Y. 2019) (setting hourly rates for experienced attorneys in this district between $250 and $300); *Taylor v. Delta-Sonic Car Wash Sys., Inc.*, 2017 WL 436045, *7 (W.D.N.Y. 2017) ("[a]n hourly rate of $250 for legal services . . . strikes this [c]ourt as both fair and reasonable given . . . the hourly rate employed by comparable attorneys here in the Western District"); *Costa v. Sears Home Improvement Prods., Inc.*, 212 F. Supp. 3d 412, 420 (W.D.N.Y. 2016) ("[t]he hourly rates generally allowed in this District . . . are in the range of $225-$250 for partner time or senior associate time, $150-$175 for junior associate time, and $75 for paralegal time").

    With respect to the number of hours expended, apart from the arguments addressed above, Gershengorn and Camire do not broadly challenge plaintiffs' hours on the grounds of excessiveness. Rather, they limit their reasonableness challenge to the time expended briefing and litigating plaintiffs' motion to strike Camire's declaration. (Docket # 606 at 11).

They maintain that the hours sought in connection with that particular motion are "unreasonable" and should be "reduced substantially to a more reasonable amount." *Id.*

Hours that are "excessive, redundant, or otherwise unnecessary" should be excluded from the award as unreasonably expended. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). "In calculating the number of reasonable hours, the court looks to its own familiarity with the case and its experience with the case and its experience generally as well as to the evidentiary submissions and arguments of the parties." *Clarke v. Frank*, 960 F.2d 1146, 1153 (2d. Cir. 1992) (internal quotation omitted). One way to accomplish this task is to evaluate the reasonableness of each individual time entry and to make reductions and exclusions as necessary. *See*, *e.g.*, *Pasternak v. Baines*, 2008 WL 2019812, *7 (W.D.N.Y. 2008); *Rich Prods. Corp. v. Impress Indus.*, 2008 WL 203020, *3 (W.D.N.Y. 2008).

Plaintiffs' counsel has submitted a declaration affirming that a total 31.1 hours were expended in connection with plaintiffs' motion to strike, 9.3 in connection with drafting and filing the original motion papers, 19.9 in connection with drafting and filing the reply submission, and 1.9 in connection with preparing for and attending oral argument on the motion. (Docket # 601 at 11-12, ¶ 31). The Court has carefully reviewed counsel's submission with respect to the 31.1 hours and finds that the time logged appears reasonable. For example, the original motion papers consisted of nine pages and an attached two-page affidavit with five exhibits. (Docket # 561). I find that 9.3 hours is a reasonable period to work drafting a submission of this length. Similarly, the 19.9 hours expended in connection with the reply submission are also reasonable. That submission consisted of ten pages and an accompanying affidavit attaching two exhibits. (Docket # 566). Although the submission does not include significant legal research or analysis, it does contain a detailed summary of the complex

litigation history, and I find that the time expended to compile and summarize this information is reasonable.

Despite the lack of specific objections from Gershengorn and Camire, the Court has reviewed the compensable time entries with respect to the remaining 122.8 hours for which plaintiffs seek reimbursement. I find that these hours appear reasonable and should be reimbursed. As stated above, plaintiffs have also sought reimbursement of $1,191.60 in associated costs. Gershengorn and Camire have lodged no specific objection to those requested costs, and I find that the amount is reasonable and should be reimbursed. Accordingly, I find that plaintiffs are entitled to be reimbursed in the amount of $31,971.60; $30,780 in attorneys' fees (153.9 hours x $200/hour) and $1,191.60 in costs.

## **CONCLUSION**

For the reasons discussed above, I find plaintiffs are entitled to sanctions in the amount of $31,971.60 in attorneys' fees and costs. The above-stated sums are to be paid by no later than thirty (30) days from the date of this Order.

**IT IS SO ORDERED.**

                    *s/Marian W. Payson*
                    MARIAN W. PAYSON
                    United States Magistrate Judge

Dated: Rochester, New York
       May 12, 2023